

United States District Court
Southern District of Texas
FILED

MAY 0 2 2003

Michael N. Milby
Clerk of Court

CAUSE NO 2003 CCL 23 B

| | | |
|---|---|---|
| PORT   ISABEL- SAN BENITO | * | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | * | |
| | * | AT LAW NO 2 |
| VS. | * | |
| OFFSHORE ENTERTAINMENT CORP. | * | CAMERON COUNTY TEXAS |

<u>NOTICE OF REMOVAL</u>     B  0 3 - 0 8 3 - 3

TO:   PORT ISABEL SAN BENITO NAVIGATION DISTRICT,
      Plaintiff, by and through his attorneys of record:
      Rene Gonzales
      Denton Navarro & Bernal
      Harlingen, Texas

        PLEASE TAKE NOTICE that OFFSHORE ENTERTAINMENT CORP. , Defendants, in

the above referenced action submitted for filing its Application and Notice of Removal of this

Cause to the United States Bankruptcy Court for the Southern District of Texas, Brownsville

Division on April 30, 2003.  A copy of said Application and  Notice of Removal is attached

hereto as Exhibit "1".

        You are advised that OFFSHORE ENTERTAINMENT CORP. , upon filing of said

Application and Notice of Removal with the United States Bankruptcy Court for the Southern

District of Texas, Brownsville Division, filed a copy of this Notice of Removal with the Clerk of

the above-referenced Court for filing among the papers in the cause, which has affected removal

in accordance with 28 U.S.C. §1452 and Rule 9027, Rules of Bankruptcy Procedure.

                        RESPECTFULLY SUBMITTED


                        _____
                        ALBERT VILLEGAS
                        1324 EAST SEVENTH
                        BROWNSVILLE TEXAS
                        956 544 3352
                        BAR NO 20585450

ATTORNEY FOR OFFSHORE ENTERTAINMENT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>29TH</u> day of April, 2003, 1 served a copy of the foregoing Notice of Removal by U.S. Mail, first class, postage prepaid to the following:

Rene Gonzales
Denton Navarro & Bernal
Harlingen, Texas

Albert Villegas

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:        CASE NUMBER

OFFSHORE ENTERTAINMENT CORP.

DEBTORS        CHAPTER 11

--------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT CORP. | | |
| PLAINTIFFS | § | ADVERSARY |
| | § | |
| vs. | § | PROCEEDING |
| | § | |
| PORT ISABEL SAN BENITO | § | |
| NAVIGATION DISTRICT | § | NO. |
| DEFENDANTS | § | |

## APPLICATION AND NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW OFFSHORE ENTERTAINMENT CORP., Plaintiffs in the above

referenced action (herein "Applicants'), and files this Application and Notice of Removal

pursuant to 28 U.S.C. §1451, Rule 9027, Rules of Bankruptcy Procedure, and Rule 9027,

Bankruptcy Local Rules for the United States Bankruptcy Courts for the Southern District of

Texas, and in support thereof would show the Court as follows:

1.        On MARCH 21, 2003, Offshore Entertainment Corp., Debtors, filed a voluntary

petition under chapter 11 of the United States Bankruptcy Code, I 1 U.S. C. §101

et. seq. with the Clerk of the United States Bankruptcy Court for the Southern

District of Texas, Brownsville Division.

2.      Prior to the bankruptcy filing, Offshore Entertainment Corp. obtained a judgment on or about December 20, 2002, against Port Isabel San Benito Navigation District in Justice of the Peace court, Cause no. 02 1768 styled Offshore Entertainment Corp. v. Port Isabel San Benito Navigation District. Port Isabel San Benito Navigation District filed sought a Temporary Restraining Order and after it being denied filed a writ of certiorari, after failing to timely file an appeal of a judgment rendered against it. Such application for Writ of Certiorari was filed in the County Court at Law No. 2 styled Port Isabel San Benito Navigation District v. Offshore Entertainment Corp. Cause no.**2003 CCL 23 B** .

3.      The action described in the preceding paragraph,     Port Isabel San Benito Navigation District v. Offshore Entertainment Corp. Cause no. 2003 CCL 23 B , is a cause of action arising out of a claim of wrongful eviction and writ of re entry. This Bankruptcy Court has original jurisdiction pursuant to 11 U.S.C. §1334, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)(B)(C) and (D).

4.      Pursuant to Bankruptcy Rule 9025 (a)(2), this Application and Notice of Removal is filed within ninety (90) days of the Order for Relief in this bankruptcy proceeding.

5.      Pursuant to Bankruptcy Local Rule 9027(a), Applicants would show the Court the following:

a.      <u>The Parties</u> The Plaintiff in the above referenced action is Port Isabel San Benito Navigation District .

b.      <u>Status of Service of Process:</u>

All parties have entered an appearance in this matter.

   c.  <u>Counsel:</u>   Counsel for each party is as follows:
Albert Villegas
1324 East Seventh Street
Brownsville, TX 78520
Attorney for Offshore Entertainment Corp.
Baldemar Cano Jr.
215 S. Cage
Pharr, Texas
Attorney for Offshore Entertainment Corp.

Rene Gonzales
Denton, Navarro & Bernal
222 E. Van Buren Suite 405
Harlingen, Texas
Attorney for Port Isabel San Benito Navigation District

6.    Pursuant to Bankruptcy Local Rule 9027(b) copies of all papers have been filed in this

cause of action are attached hereto, including the  County Court At Law NO. 2  docket

sheet

    Wherefore Premises Considered Applicants pray that the above action now pending in the

County Court at Law NO 2 of Cameron County, Port Isabel San Benito Navigation District v.

Offshore Entertainment Corp. Cause no. 2003CCL 23 B be removed to this Court pursuant to 28

USC § 1452, Rule 9027, Rules of Bankruptcy Procedure and Local Rules of the United States

Bankruptcy Courts for the Southern District of Texas, and that it have such other and further

relief, at law or in equity to which it may show itself justly entitled to receive.

RESPECTFULLY SUBMITTED

_____
ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
ATTORNEY FOR OFFSHORE ENTERTAINMENT
CORP.

### CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this
_____ day of _____, 2003 to all counsel of record including the following:

Baldemar Cano Jr.
Rene Gonzales

_____
ALBERT VILLEGAS

# CIVIL DOCKET

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| PORT ISABEL- SAN BENITO NAVIGATION DISTRICT<br><br>VS<br><br>OFFSHORE ENTERTAINMENT CORP., | (00002001) HON. BRIAN G. JANIS<br>*Ricardo Navarro* 2/10/03<br><br>*Ricardo Navarro* (AB)<br>*Albert Villegas* 2/10/03 | (06)<br>SUIT ON CONTRACT |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - |
|---|---|---|
| 1/16/03 | Signed and entered order setting hearing on *1/21/03* @ 9 A.M.    *Parties notified via fax* (AB) | |
| 1/17/03 | *Temporary Restraining Order* (AB)    *Reset to 1/23/03* @ 9 (AB) | |
| 1/23/03 | *Enjoined Recieved. Ruling due on 1/28/03.* (AB) (AB) | |
| 1/28/03 | *TRO denied. Case dismissed because the appeal is untimely. MJDismissed* *Denied.* (EM) | |
| 2/10/03 | *Order on TI's Motion to Substitute Counsel of Record - Sig* | |
| 2/10/03 | *Order on TI's Motion for New Trial - Signed & Entered* | |
| 2/10/03 | Signed and entered order setting hearing on *2/18/03* @ 4 A.M.    Parties notified in open court    Clerk to notify parties.    *Status Hearing* (AB) (AB) (AB) | |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - ( |
|---|---|---|
| 2/12/03 | Order Setting Hearing on 2/18/03 @ 9:00 TI to notify △ | |
| 2/18/03 | Application for Writ of Certiorari | |
| 2/21/03 | Objection to hearing granted due to 3 day notice. Hearing to be Reset to 2/21/03 (ELG) | |
| 2/21/03 | W/Show authority to act. denied. (ELG) Navarro to bring order. (ELG) | |
| 2/21/03 | Evidence heard by Court. Ruling to come on 2/24/03 @ 12 (AB) | |
| 2/24/03 | Order Denying Applicant's Application for Writ of Certiorari is denied & Denied. (ELG) | |
| 2/28/03 | Motion to Quash | |
| | Signed and entered order setting hearing on 3/5/03 @ 9 A.M. Parties notified in open court △ to notify TI (AB) Clerk to notify parties. | |
| 3/4/03 | Motion to Quash Hearing passed (AB) | |
| 3/12/03 | Fiat on Port Isabel-San Benito Navigation Districts Motion to Clarify Stay of Proceedings-Signed Hearing set for 3/14/03 @ 9. Parties notified this (AB) TI to notify △ (AB) | |
| 3/12/03 | Fiat on TI's Motion to Require △ to Re-Plead-Signed Hearing set for 4/2/03 @ 9. Clerk to notify parties (AB) | |
| 3/12/03 | Fiat on TI's Motion to Realign Parties. Hearing set for 4/2/03 @ 9. Clerk to not | |

**CIVIL DOCKET**

| DATE OF ORDERS | NAME OF PARTIES | COURT'S DOCKETS | ATTORNEYS | PAPERS FILED - ( | KIND OF ACTION |
|---|---|---|---|---|---|
| 3/19/03 | | Arguments presented. Case law received. Court to rule by Friday 3/21 or Mon. 3/24. | | | |
| 3/24/03 3/21/03 | | Bankruptcy filing received. | | | |
| 4/2/03 | | Case stayed due to bankruptcy. Atty's to inform Court when stay is lifted. CTB | | | |

## SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
### ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
### BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

January 15, 2003



RECEIVED
JOE G. RIVERA
JAN 15 2003
CAMERON COUNTY
By _____ Deputy
Time _____ Date _____

Hon. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

RE:   Cause No. (Unassigned)
      Port Isabel - San Benito
        Navigation District
      vs. Offshore Entertainment Corp.
      County Court At Law No. (Unassigned)
      Cameron County, Texas

Dear Mr. Rivera:

Enclosed for initiating the referenced cause is Plaintiff's Original Petition for relief based upon an unsatisfied debt, along with a check in the sum of $175.00 for filing and related fees.

Please proceed to issue one (1) citation for the Defendant in accordance with the information set forth at Paragraph III. of the said Petition. Please forward same (the citation and a copy of the Petition) to Ed Gerusa Investigation Services, LLC (548-9004) for personal service upon the Defendant, pursuant to TEX. R. CIV. P. 106.

Upon issuance of the citation (and the return of same), it would be appreciated if a copy of same is forwarded to me.

Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 30.015 (Vernon Supp. 2003), this letter constitutes notice that my client, the Plaintiff, is PORT ISABEL - SAN BENITO NAVIGATION DISTRICT and has a current business address of 250 Industrial Drive, Port Isabel, Cameron County, Texas 78578.

Hon. Joe G. Rivera
January 15, 2003
Page 2


Thank you for your assistance.

Sincerely,

Brian G. Janis

BGJ/ma
enc.

cc:  Mr. Robert C. Cornelison
     Port Director
     Port Isabel - San Benito
       Navigation District
     250 Industrial Drive
     Port Isabel, Texas 78578

SENT BY REGULAR MAIL
AND BY TELEFAX
     (943-8922)

CAUSE NO. 2003-CCl-23-B



| PORT ISABEL - SAN BENITO | § | IN THE |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | AT LAW NO. |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

FILED FOR RECORD
AT ___O'CLOCK___M
JAN 15 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____Deputy

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, as Plaintiff, PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, and for its cause of action against OFFSHORE ENTERTAINMENT CORP., would respectfully show the following:

I.

### Discovery Limitations

Pursuant to and as required by Rule 190.1 of the Texas Rules Of Civil Procedure, although no discovery is anticipated in this action for injunctive relief, discovery (if it is required) is intended to be conducted on Level 1 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules Of Civil Procedure.

II.

### The Plaintiff

Plaintiff is a political subdivision of the State Of Texas, in the nature of a "Self-Liquidating" Navigation District created under and existing pursuant to Chapter 63 of the Texas Water Code,

2003-CCL-0023B

having a principal office and place of business at 250 Industrial Drive, Port Isabel, Texas 78578.

III.

## The Defendant

Defendant OFFSHORE ENTERTAINMENT CORP. is a Texas business corporation having an office and place of business at P. O. Box 211, Port Isabel, Texas 78578, where it may be served with process by serving any of its officers or its Registered Agent (Judith Claire Emmart) at such address.

IV.

## Jurisdiction

This Court has jurisdiction over the subject matter of this suit for injunctive relief, pursuant to Sections 24.007 and 25.0332 of the Texas Government Code.

V.

## Venue

Venue of this suit is proper in Cameron County, Texas, because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and the county of the Defendant's principal office in Texas, in accordance with Section 15.002 of the Texas Civil Practice And Remedies Code.

VI.

Plaintiff's Interest

A.

At all times mentioned, Plaintiff was and is the owner in fee simple of a parcel of real property and of all improvements on that property, which adjoins a wharf over a channel and the dock area (which is the water "area" adjoining such wharf, in the channel), located in Cameron County, Texas, constituting public property and a portion of the Port Of Port Isabel - San Benito.

B.

The parcel is separate and apart from the wharf and the dock area, and was the subject of a Lease Agreement between the Plaintiff and Valley Gaming, Inc., an Illinois business corporation, which lease was transferred (by assignment) to the Defendant.

C.

A copy of the lease and the assignment are, respectively, annexed hereto as Exhibits "A" - "B" and incorporated by reference herein as if fully copied and set forth at length.

VII.

Defendant's Interest

A.

Although a predecessor to the Defendant and Valley Gaming, Inc., was the lessee under the original lease (which began in

1994), at the request of Valley Gaming, Inc., a new lease was drawn, the said Exhibit "A," which lease is the operative lease between Plaintiff and Defendant, which commenced in April 1998 (with Valley Gaming, Inc.).

### B.

In early 2002, the governing body of Plaintiff, the (elected) Navigation And Canal Commission of the PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, voted, because it had experienced (off and on) defaults in payments under the lease by Defendant, to have a demand issue to Defendant to cure such defaults, as reflected by the letters annexed hereto as Exhibit "C," which is incorporated by reference herein as if fully copied and set forth at length.

### C.

Having had no response in satisfying the deadline and demand for the discharge of the last default in lease payments, the Commission voted to terminate the lease in late January 2002, as reflected by a copy of the minutes of such meeting annexed hereto as Exhibit "D," which is incorporated by reference herein as if fully copied and set forth at length.

### D.

After the lease was terminated by action of the Commission, and the lease ended, to secure the leasehold premises, the site was locked (for security and other similar reasons).

VIII.

<u>The First Suit</u>

A.

Months later (i.e., in June of 2002), after various requests to reinstate the lease, which the Commission, exercising its discretion as a governmental body under Texas law, decided not in the best interest of the District (to do), a lawsuit was filed against Plaintiff, which case was docketed as Cause No. 2002-06-2362-G in the 404th Judicial District Court of Cameron County, Texas, styled "Offshore Entertainment Corporation, Plaintiff, vs. Bob Cornelison, etc., et al., Defendants."

B.

This suit was initially filed as a request for injunctive relief to prohibit the destruction of records and the like, but also to preclude the Plaintiff from exercising its statutory authority to lease and oversee lands within its boundaries, for economic development and funding (for support of the Plaintiff) purposes, as set forth in greater detail in Chapter 63 of the Texas Water Code. This action was also filed initially as a claim based in tort (for fraud, conversion and related intentional or quasi-intentional torts).

C.

This suit was filed, despite the existence of a mandatory arbitration provision in the Lease Agreement. Thereafter, an

allegation of breach of lease or breach of contract was added by the Defendant (as plaintiff).

### D.

In response thereto, the defendants, the DISTRICT as well as the members of the Navigation And Canal Commission and the Port Director, in their official and individual capacities, acting through counsel, filed responsive pleadings and addressed the lack of jurisdiction over and/or liability existing against said Defendants, under a number of governmental immunity and similar doctrines.

### E.

The current posture of the case is that there are pending motions for summary judgment and/or pleas to the jurisdiction as to the tort and related liability claims, and further, there is a motion to compel the arbitration of the case, the resolution of which is pending. Suffice it to say that the matters of whether or not there was a breach of lease and the termination of the lease are part and parcel of this District Court litigation.

### IX.

### The Injunction

### A.

As indicated above, Defendant obtained temporary injunctive relief as to the re-leasing of the leasehold property, which was objected to on a multitude of grounds, including the facts that (1)

PLAINTIFF'S ORIGINAL PETITION - PAGE 6

it is not the proper province of the court to oversee legitimate decisions of a duly constituted governmental body, (2) the injunctive relief had no factual or similar connection with the allegations of a tort claim or a breach of contract claim levied against the Plaintiff, and (3) injunctive relief was not appropriate as the elements of an injunction were not fulfilled because (a) there was no irreparable injury threatened mandating the issuance of an injunction and (b) there was an adequate remedy at law in the form of damages available for a tort or breach of contract claim.

B.

Defense counsel (mentioned above) filed an interlocutory appeal after the initial temporary restraining order was extended and made into a temporary injunction at a hearing in which no evidence was allowed to be presented, resulting in a decision of the Court Of Appeals, a copy of which is annexed hereto as Exhibit "E" and incorporated by reference herein as if fully copied and set forth at length. As part of this decision, the Court Of Appeals indicated that the injunction was improvidently granted, thus indicating that the right of possession or use of the premises (as to re-leasing and so forth) was no longer an issue in this proceeding and serves, under the doctrines of collateral estoppel and res judicata, to preclude any effort to interfere with the re-leasing or other use of the premises by Plaintiff (the Port).

PLAINTIFF'S ORIGINAL PETITION - PAGE 7

X.

## The Second Suit

A.

Although the referenced first suit is still pending on all issues, except for that of the injunction, and although the Court Of Appeals has weighed in on such injunction (dissolving same, and there being no timely request for a rehearing or the filing of a petition for review with the Texas Supreme Court, the matter is final), days after the issuance of the Court Of Appeals decision, Defendant, acting through counsel and its principals, filed a request for a Writ Of Re-Entry with the Justice Of The Peace for Precinct 1 in Port Isabel (as was the case with the initial injunction in the first case, without notice to Plaintiff).

B.

The case filings, a copy of which is annexed hereto as Exhibit "F" and incorporated by reference herein as if fully copied and set forth at length, reflect (in the said instruments) that this matter involved a residential tenancy under Chapter 92 of the Texas Property Code. Until very recently, there was no reference made whatsoever to Chapter 93 of the Texas Property Code, which does deal with commercial tenancies.

C.

The case is premised upon Defendant being unlawfully "locked out" of the premises, which is (simply stated) inaccurate, for the

reason that after the lease was terminated, the Defendant was precluded, as was everyone else, from entering the premises, because of the termination of the lease, and thus, Defendant was never "locked out" in the "constructive eviction" sense (during an ongoing lease) contemplated by the statutes.

D.

In response to same, the undersigned counsel, who is general counsel for Plaintiff, forwarded a letter to the Justice Of The Peace dated December 11, 2002, objecting to this proceeding on the obvious grounds that this did not involve a residential tenancy and the Court did not have jurisdiction over same, and more significantly, because of the first case mentioned above, the matters at issue in this second case were some of the many issues in the first case, which mandated, because the District Court litigation was a prior, pending suit, that the Justice Court case be abated. A copy of the said letter is annexed hereto as Exhibit "G" and incorporated by reference herein as if fully copied and set forth at length.

E.

Thereafter, a telephone call was received from the Court Clerk and such counsel was requested to prepare an Order Of Dismissal disposing of this case. A copy of such counsel's letter, dated December 17, 2002, confirming same and enclosing a proposed order, is annexed hereto as Exhibit "H" and incorporated by reference

herein as if fully copied and set forth at length.  Because of such disposition of the case, there was no need for a hearing (and thus, no hearing on the writ was requested, again because of this pre-trial disposition of dismissal).

XI.

<u>The Judgment</u>

A.

Just after the Christmas holidays, a Judgment was received by the said counsel in late December, a copy of which is annexed hereto as Exhibit "I" and incorporated by reference herein as if fully copied and set forth at length.  This was obviously inconsistent with the request to prepare an Order Of Dismissal; however, efforts to telephone the Court were unsuccessful because the office was closed until January 6, 2003.

B.

On January 6, 2003, another letter was forwarded by the said counsel, a copy of which is annexed hereto as Exhibit "J" and incorporated by reference herein as if fully copied and set forth at length, enclosing the two (2) previous letters referred to above and referring to the Judgment, with the inquiry as to which of the two is the operative document.

C.

Having heard nothing further, in a telephone call to the Court Clerk a few days later, the Judge himself indicated that he was

PLAINTIFF'S ORIGINAL PETITION - PAGE 10

going to proceed with the Judgment, at which time, it was indicated by such counsel that there was an inconsistency between the two directives of the Court and it was requested that the Court determine whether the Judgment or the Order would be the operative ruling in disposition of this matter, to which the Judge indicated "let me think about it."

### D.

It was noted, at that time, that there was no request for a hearing for the reason set forth above and that there was a timely response to a request for the writ; it was also noted that regardless of the outcome, the Judgment should be stayed pending appeal, or in the alternative, a hearing should be conducted on either entering the Order or the Judgment, or in the further alternative, on the merits of the writ itself (for the foregoing reasons, to-wit, the prior pending lawsuit, the question of which statute was the basis of the case, there was no basis [factually] for a "lock out" claim, and the Court Of Appeals Opinion having made moot the issue of possession of the premises).

### E.

Having heard nothing further, on January 14, 2003, the Judge indicated, in a telephone conference -- only after he was contacted by such counsel -- that he was going to use the Judgment, and it was requested that, because it was anticipated that opposing counsel was going to claim that the Judgment had been final back on

December 26, 2002, despite the foregoing facts, this matter be appealed, to which the Judge indicated "let me think about it and I will call you back today [about allowing an appeal]."

### XII.

### The Judgment Is Defective

#### A.

It is obvious that because the defense (the Plaintiff) in the re-entry case (the second suit) did timely respond and raised valid procedural objections, which were ruled upon preliminarily in favor of the defense, for which an Order Of Dismissal was forwarded to be signed, prior to the Christmas holidays, during which a Judgment was apparently prepared, signed and mailed, but not received for at least ten (10) days or so later, for which no action could be undertaken in the Court because it was not open until January 6, 2003, on which date this matter was brought to the Court's attention, it cannot be said that procedural requirements were fulfilled and that due process was given to the Plaintiff, especially when it is considered that an appeal was not allowed to be taken from this ruling of the Court granting judgment.

#### B.

Accordingly, part of this proceeding is to reopen the case to enable the defense in the case (i.e., the Plaintiff) to be heard on its procedural objections in disposition of this case, to-wit, the reasons why a motion of dismissal was in fact appropriate to

dispose of such case and a plea in abatement should have been granted, and further, to raise the additional issues of res judicata and collateral estoppel in light of the Court Of Appeals Opinion, not to mention the lack of an opportunity to be heard on the merits of the "lock out" not actually occurring in fact, or to challenge the overruling of the procedural objections and the erroneous entry of judgment.

### C.

Because due process was denied, equity demands that the judgment be set aside or at least stayed pending a resolution on the merits by this Court as to both the applicable law and a review of the proceedings below. It is specifically requested that such judgment be stayed and the enforcement of same precluded until this matter (the second case) can be reviewed for procedural and substantive regularity by this Court.

### XIII.

### Injunctive Relief

### A.

Unless restrained by this Court, Defendant will continue to interfere with the control, authority and oversight that exists by law as well as under the referenced lease agreement in Plaintiff, as a political subdivision of the State Of Texas duly constituted and operating under Texas law, which acts by and through its governing body, the Navigation And Canal Commission.

B.

Defendant is inappropriately attempting to reinstate a lease terminated a year ago in a damage suit and now in a writ suit, all of which was an issue in the first case, but the Court Of Appeals has overruled any contention of injunctive authority existing in these cases over Plaintiff regarding contacting other potential tenants or the exercise of control or dominion (including the right of possession) over the property, which it owns, in terms of re-leasing same and otherwise.  There being no legal basis to challenge possession and re-leasing, all that remains are issues about damage claims to be resolved in the prior, pending District Court litigation, and thus, the writ case is to be dismissed and/or abated, with the writ case judgment suspended and set aside.

C.

What is also of concern is the strong possibility of other and further actions of Defendant to interfere with Plaintiff's rights over the property at issue -- such as the writ of re-entry case, whether enforcing the invalid judgment, or any other type of action to interfere with such rights, involving the use of the dock and wharf of the harbor (which is what the Port does, in addition to leasing certain property), such as interfering with ships coming to call and using the wharf and dock at issue, which is part and parcel of the public harbor, even if it involves -- under direction and arrangements of the Plaintiff -- crossing the leasehold

property -- noting again that the lease has been terminated just about one year ago, and any other attempts to interfere with such usage, re-leasing and so forth under the auspices of the Plaintiff.

### D.

To allow the Defendant, acting through its agents, representatives, employees, counsel and otherwise to do so, would have the effect of interfering with the value and usefulness of such property that is owned by Plaintiff. To the extent that the property would be interfered with in the manner attempted by Defendant, Plaintiff would also be entitled to various forms of compensation, but again, these issues in regard to damages are matters that will need to be resolved in the aforesaid District Court litigation.

### XIV.

### Basis For Injunctive Relief

### A.

For the harm and damage done to Plaintiff, and for the harm and damage that will continue but for the intervention of this Court, as mentioned above, Plaintiff has no adequate remedy at law (beyond the damage issue, which is not at issue in this case). Such damages are continuing as Plaintiff continues to be interfered with in regard to the use of that part of its land which is the subject of efforts to re-enter and repossess same, and it is anticipated that further interference with efforts to re-lease or

otherwise use the property at issue (the so-called leasehold) will continue as time passes.

B.

Moreover, and in any event, it is unlikely that Defendant will be able to respond to any such damage claims.  However, all that is being requested at this time is to maintain the status quo, which is to allow for the Plaintiff, pursuant to the said Court Of Appeals decision, to do whatever it wishes to do with its land, without interference by and through efforts to have a writ of re-entry provide a vehicle for repossession of same, which is contrary to law, as mentioned above, which interferes and encroaches upon a prior, pending lawsuit dealing with such issue in any event.  Plus, Defendant must not be allowed to interfere with the personal and property rights of Plaintiff (to do what it is authorized to do by statute, as set forth in the Texas Water Code).

C.

In essence, this Court is simply being requested to allow Plaintiff to do what the Court Of Appeals has already ruled upon, without regard to the writ proceeding, to use its land as it sees fit, under the law, without any type of interference from Defendant, or its agents, representatives, employees or counsel.

*                    *                    *

WHEREFORE, the Plaintiff requests that:

PLAINTIFF'S ORIGINAL PETITION - PAGE 16

1 - A Temporary Restraining Order issue, without notice to the Defendant, restraining Defendant and Defendant's agents, servants, employees and counsel from directly or indirectly encroaching on or attempting to repossess Plaintiff's property, or interfering with the use, occupancy or leasing of such property by any party under the auspices of Plaintiff.

2 - Defendant be cited to appear and show cause and that upon such hearing, that a Temporary Injunction issue enjoining Defendant and Defendant's agents, servants, employees and counsel from directly or indirectly encroaching on or attempting to repossess Plaintiff's property, or interfering with the use, occupancy or leasing of such property by any party under the auspices of Plaintiff.

3 - A permanent injunction issue on final trial of this cause, enjoining Defendant and Defendant's agents, servants, employees and counsel from directly or indirectly encroaching on or attempting to repossess Plaintiff's property, or interfering with the use, occupancy or leasing of such property by any party under the auspices of Plaintiff.

4 - On final trial, Plaintiff have judgment against Defendant for all costs of court and for reasonable and necessary attorney fees incurred by Plaintiff in having to prosecute this action to vindicate valuable personal and property rights, together with interest after judgment as allowed by law.

5 - Otherwise, Plaintiff have such other and further relief to which Plaintiff may be justly and equitably entitled.

DATED this 5th day of January, 2003.

                              Respectfully submitted,

                              SANCHEZ, WHITTINGTON, JANIS
                                & ZABARTE, L.L.P.
                              100 North Expressway 83
                              Brownsville, Texas 78521-2284
                              Telephone: 956/546-3731
                              Telefax: 956/546-3766

BY: _____

Brian G. Janis
Texas State Bar No. 10570300
Cameron County ID. No. 2201

ATTORNEY-IN-CHARGE FOR PLAINTIFF

\*          \*          \*

| THE STATE OF TEXAS | § | |
|---|---|---|
| | § | **VERIFICATION** |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned Notary Public, on this day personally appeared ROBERT C. CORNELISON, who being by me duly sworn on his oath, deposed and said that: he is the Port Director (Chief Executive Officer) of the Plaintiff in the above-entitled and numbered cause; he has read the above and foregoing Plaintiff's Original Petition; and every statement contained therein is within his personal knowledge and true and correct.

_____

ROBERT C. CORNELISON, Port Director
PORT ISABEL - SAN BENITO NAVIGATION
    DISTRICT

SUBSCRIBED AND SWORN TO BEFORE ME on the 15th day of January, 2003, to certify which witness my hand and official seal.

MARGARITA ALVAREZ
Notary Public, State of Texas
My Commission Expires 08-17-05

_____
Notary Public in and for
The State Of Texas

PLAINTIFF'S ORIGINAL PETITION - PAGE 18

THE STATE OF TEXAS       §
      §
COUNTY OF CAMERON       §

## LEASE AGREEMENT

THIS Lease Agreement is made this ____ day of March, 1998, outside of the City Of Port Isabel, State Of Texas, by and between PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, a political subdivision of the State Of Texas, of 250 Industrial Drive, Port Isabel, Cameron County, Texas 78578, and VALLEY GAMING CORPORATION, an Illinois business corporation, of (c/o Dorothy Hernandez) The Boardwalk Condominium Yacht Club #A-10, 427 Padre Boulevard, South Padre Island, Cameron County, Texas 78597.

WHEREAS, PORT ISABEL - SAN BENITO NAVIGATION DISTRICT is the owner of a parcel of property located at the Port Of Port Isabel - San Benito, which has been used as a ship docking facility, and PORT ISABEL - SAN BENITO NAVIGATION DISTRICT has leased said property to prior tenants, whose interests in the property (with the approval of the PORT) over a period of years have been terminated, such that there was a vacancy for a new tenant.

WHEREAS, VALLEY GAMING CORPORATION is involved in a business requiring the use of such facility and wishes to lease such property in connection with its respective business needs, noting that a predecessor entered into an earlier lease for these premises and that such lease was assigned to it in 1996.

WHEREAS, the parties are willing and able to enter into this Lease Agreement and the offer to reduce the various lease terms and provisions to a written lease agreement (incorporating new terms, the terms of an amendment to the said earlier lease and the terms of that lease) has been accepted by the appropriate party.

NOW, THEREFORE, for and in consideration of the premises and mutual promises of the parties and the mutual benefits they will gain by the performance thereof, all in accordance with the provisions hereinafter set forth, PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, hereinafter referred to as "LESSOR," and VALLEY GAMING CORPORATION, hereinafter referred to as "LESSEE," agree as follows:

EXHIBIT A
PAGE __1__ OF __13__ PAGES

## I.

### Term Of Agreement

This Lease Agreement shall be for a term of nine (9) years, beginning on the 1st day of April, 1998, and terminating on the 31st day of March, 2007.  At the end of such term, or any renewal or extension thereof, LESSOR shall have the right to re-take the leased property, or alternatively, to re-lease same.

## II.

### Property Being Leased

The property being leased by LESSOR to LESSEE is a parcel of land described in the document annexed hereto as Exhibit "A" and incorporated by reference herein as if fully copied and set forth at length, including all improvements thereon (known also as the Port Isabel Cruise Dock area/tract, and understood to be located in Patent 468, Cameron County, Texas).

## III.

### Use Of Premises

The property being leased by LESSEE may be used only for the operation of an offshore excursion ship docking and support facility and any related purposes, as determined by the LESSOR, it being understood that the property being leased by LESSEE is the only property (and dock) that can be utilized for such purposes. In this connection, LESSEE shall have the right to determine the hours during which all or any part of the said facility (and related facilities) will be open for patronage, provided that such determination is based on reason, considering public demand, public safety and the need to maintain a profitable business.  In no event will the leasehold premises or any part thereof be used or occupied as a residence or overnight facility, or for any (dockside) gaming activities, nor shall any "riverboat" be docked at said facility.

## IV.

### Leasehold Facilities And Operation

LESSEE shall maintain and operate the said leased area, facilities and/or processes in a lawful and proper manner, in accordance with the following:

LEASE AGREEMENT - PAGE 2

EXHIBIT A
PAGE 2 OF 13 PAGES

A - LESSEE shall at all times maintain such area, facilities and processes in a safe, sound and clean condition, and shall provide the personnel, equipment, services and commodities necessary to effect same.

B - LESSEE shall be responsible for repairs in any manner related to the operation of said business, and for any improvements on the premises (whether existing or subsequently constructed, removed or dismantled), and for any and all damages to any facility or equipment used by LESSEE under this Agreement, including general maintenance and repairs of the leasehold facilities.

C - A site and facility inspection will be done prior to the actual lease period to determine the condition of the facilities.  To this extent, LESSEE agrees to accept the premises in its current condition.

D - Plans and specifications for any buildings, whether temporary or permanent, or any other improvements, equipment or facilities which may be utilized under this Lease Agreement or construction on any property herein leased shall be approved by LESSOR prior to the use or construction of any such structures, facilities or equipment, such approval not to be unreasonably withheld; LESSEE agrees to submit photographs, drawings or any other type of document required by LESSOR to assist it in considering and approving said plans and specifications.

E - No additions or improvements shall be made on or to the premises, on the land, or along the channel, without the consent of LESSOR in writing, based on building, fire, setback, electric and health codes or standards adopted by the LESSOR, which shall be no more stringent than the codes or standards enforced in the City Of Port Isabel, Texas, and all additions and improvements made by LESSEE without such consent (which shall not be unreasonably withheld) shall, unless LESSOR elects otherwise, belong to LESSOR, at LESSEE's expense.

F - Any mechanic's or materialman's lien or other encumbrance filed against the demised premises or any improvements thereon shall be promptly discharged by LESSEE.

G - LESSEE agrees not to erect, affix, display, post or place any sign, notice, advertisement or bill in or about any part of the demised premises or on any equipment or facilities used by LESSEE, without first securing the

LEASE AGREEMENT - PAGE 3

consent and approval of LESSOR, such approval not to be unreasonably withheld.

H - LESSOR hereby reserves the right to enter upon the premises, facilities or equipment of LESSEE, with reasonable notice, for the purpose of confirming compliance with the terms of this Paragraph, as well as the terms of the entire Lease Agreement.

I - LESSEE agrees not to do or suffer any waste or nuisance upon said premises or deface the same or any part thereof or permit the same, during or at the termination of this Lease Agreement.

J - LESSEE also agrees that upon termination of this Lease Agreement that LESSEE shall leave the leased premises in the condition that said premises were in at the time of entry by LESSEE, reasonable wear and tear excepted, and to this extent, LESSEE may remove all trade fixtures, provided that LESSEE is not otherwise in default under this Lease Agreement and that same can be accomplished without damaging the leasehold premises (if such fixtures are abandoned, LESSOR is authorized to appropriate same).

K - LESSEE shall be responsible for providing electric, water, gas, sewage, garbage, cable and telephone utilities (as appropriate) for the demised premises, and LESSOR shall not be responsible for any utilities.

L - All ad valorem or property taxes accruing on said leasehold during the term of this Lease Agreement, or any extension or renewal thereof, and the personalty in or on such leasehold, shall be the responsibility of LESSEE, there being no ad valorem or property taxes accruing on the realty upon which the leasehold is located (separate from the leasehold itself) because same is exempt from taxation in that the LESSOR is a political subdivision of the State Of Texas.

M - In the event LESSEE is adjudicated as a bankrupt or files for bankruptcy protection, this Lease Agreement shall be unaffected and continue to be in force.

N - In the event the demised premises is subject to condemnation proceedings, the Lease Agreement shall remain in effect to the extent possible and the lease will be prorated accordingly, in light of any such taking

LEASE AGREEMENT - PAGE 4

EXHIBIT A
PAGE 4 OF 13 PAGES

of the premises; in any event, any award of condemnation proceeds shall be retained by LESSOR only.

O - The LESSOR reserves the right to maintain rights-of-way and easements on, over and across the demised premises for utility lines and pipelines necessary to develop tracts adjacent to the demised premises, although the LESSOR will avoid interference with existing facilities of the LESSEE, which shall not reduce the utility or the use of the facilities.

P - NO HAZARDOUS SUBSTANCES OR WASTE MATERIALS WILL BE PLACED ONTO OR STORED ON THE DEMISED PREMISES, IN VIOLATION OF LAW OR THE PUBLIC HEALTH, SAFETY AND WELFARE.

Q - This Lease Agreement is subject to any deeds of trust, security interests or mortgages that do or will constitute a lien against the property where the demised premises is located, as authorized by the LESSOR (for financing and the like); to this extent, the parties hereto will execute any instruments, releases, conditional assignments or other documents required thereunder.

V.

Rental Fees

In consideration for the use of the property being leased, LESSEE will pay LESSOR the following sums during the term of this Lease Agreement, such sums (as calculated in the currency of the United States Of America) to be paid as follows: the sum of SEVEN-THOUSAND, FIVE-HUNDRED AND NO/100THS ($7,500.00) DOLLARS per month, for the property referred to above, payable on the 1st day of each month during the term of this Lease Agreement (and any extension thereof).

To the extent that part of the leasehold premises consists of water frontage, and cruise ship use is anticipated, LESSEE, in consideration for such frontage, will also pay the sum, as additional charges, of TWO AND 25/100THS ($2.25) DOLLARS per passenger per cruise, for each passenger boarding the cruise ship, which "dockage" ("a charge against vessels for the privilege of mooring to the wharves or in the slips") fee of the PORT (LESSOR) shall be paid on the first of each month following the month such fees were collected as part of the ship charges to the passengers, during the term of this Lease Agreement, and any extensions or renewals thereof.

LEASE AGREEMENT - PAGE 5

EXHIBIT A
PAGE 5 OF 13 PAGES

In the event of a renewal or extension of this lease, the rental fees shall be subject to adjustment, but at no time shall the monthly rentals or charges be less than the foregoing amounts, and same will be calculated by taking the foregoing amounts and adjusting same in accordance with the Producer's Price Index ("for all goods").

Any late payment (i.e., 10 days after the due date) will require the payment of a charge of TEN (10%) PER CENT of the amount due to avoid a default.  Any holding over beyond the expiration of the lease term will require the payment of prorata rentals, in accordance with the rates above.

To secure the payment of the said rental fees and related charges, LESSOR is vested with a landlord's lien under this Lease Agreement, by contract, and by virtue of Subchapter B of Chapter 54 of the Texas Property Code, by law.  LESSOR may, at its option, require the execution of documents reflecting its security interest in the said fees and charges and the performance of this lease (and the said leasehold).

## VI.

### Ingress And Egress

During the term of this Lease Agreement, LESSOR shall allow reasonable ingress and egress to and from the property being leased to the LESSEE.

## VII.

### Insurance

During the term of this Lease Agreement, LESSEE shall procure and keep in force the following insurance:  (A) Liability And Property Damage Insurance with limits as to personal injury and death, and as to property damage, in amounts to be determined by LESSOR (with policy limits not less than $500,000.00 per person, $5,000,000.00 per occurrence and $5,000,000.00 for property damage); and (B) Fire And Hazard Insurance (including Extended Coverage) for the leasehold premises, in amounts to be determined by LESSOR (in an amount adequate to reconstruct the leasehold premises).  LESSEE agrees to name LESSOR as an additional insured in said policies (as appropriate), and shall give LESSOR at least thirty (30) days notice of any material change in or cancellation or non-renewal of such policies; furthermore, LESSEE shall provide LESSOR with either copies of these policies, or alternatively, Certificates Of Insurance, to confirm such coverage (prior to the

LEASE AGREEMENT - PAGE 6

EXHIBIT A
PAGE 6 OF 13 PAGES

lease term and/or occupancy of the premises, and thereafter, throughout the term of this Lease Agreement, and any renewals of or extensions to such Agreement).

VIII.

Indemnity

LESSEE shall indemnify, protect and hold harmless LESSOR, and its respective commissioners, officers, agents, employees, representatives, successors, assigns and insurers, from all liabilities, claims, demands, actions, losses, damages and costs, including all costs of defense thereof, of any nature whatsoever, for injury to or death of persons or loss or damage to property, or for any other reason, occurring on the leased premises or in any manner arising out of or connected with the LESSEE's use and occupation of any of the said premises during the term of this Lease Agreement or any time of occupancy of the said premises by LESSEE, including any claims, liabilities and actions based upon nuisance or inverse condemnation or environmental penalties or assessments, and including claims and actions based upon the acts or omissions of LESSEE, or its agents and employees.

Upon demand, LESSEE shall, at its own expense, defend LESSOR against any and all such liabilities, claims, demands, actions, losses, damages and costs. Moreover, LESSEE shall give LESSOR prompt notice of any claim within its knowledge that in any way (directly or indirectly) affects either LESSOR or LESSEE. Both parties shall have the right to participate in the defense of such claim to the extent of their interests.

IX.

Termination

This Lease Agreement may be terminated prior to the end of the aforesaid leasehold term: (A) by the mutual agreement of the parties, set forth in writing and signed by the parties; or (B) should either party default in conforming with or adhering to any requirement, condition or term of this Lease Agreement, and after such default is brought to the attention of the defaulting party, such default is not corrected within fifteen (15) days. Either party may, at its option, extend the period for performance to correct any such default; if either party attempts to terminate this Lease Agreement on the basis of default, the defaulting party has to be given an opportunity to be heard before the termination is finalized.

LEASE AGREEMENT - PAGE 7

X.

## Assignment

This Lease Agreement shall not be assigned by LESSEE and the said premises shall not be sublet at all or in part by LESSEE without the consent and approval of LESSOR, which shall not be unreasonably withheld, as set forth in writing and signed by both parties. Any assignee or sublessee will be bound by the terms of this Lease Agreement, noting that it is anticipated that LESSEE will enter into a joint venture to operate an offshore gaming vessel and that LESSEE may assign this lease to a corporate (or similar) affiliate, parent, subsidiary or related holding company, to-wit, the joint venture.

XI.

## Compliance With All Laws

Both parties will act, at all times, in compliance with all pertinent Port and County ordinances, orders, rules and regulations, as well as all applicable State and Federal laws.

XII.

## Non-Waiver

Any waiver by either party of any default under or breach of this Lease Agreement shall not constitute a continuing waiver of such default or breach, nor as a waiver of or permission for (express or implied) any other or subsequent default or breach.

XIII.

## Parties Bound

This Lease Agreement shall be binding upon and inure to the benefit of the parties to this Lease Agreement and their respective legal representatives, successors and assigns, as appropriate.

XIV.

## "Act Of God" Excuses Performance

In the event that either party shall be prevented from completing performance of their respective obligations hereunder by an "act of God" or any other occurrence whatsoever which is beyond the control of the parties hereto, then they shall be excused from

any further performance of their obligations and undertakings hereunder, provided however, that in the event that any such performance is only interrupted or delayed, the affected party shall only be excused from such performance for such period of time as is reasonably necessary after such occurrence to remedy the effects thereof.

XV.

Entire Agreement

This instrument contains the entire agreement between the parties relating to the rights herein granted and obligations herein assumed, and supersedes any prior understandings, representations, memorandums or agreements regarding the property that is the subject of this Lease Agreement. Any oral representations or modifications concerning this instrument shall be of no force or effect. This Lease Agreement may be amended, provided that no amendment, modification or alteration of the terms of this Lease Agreement shall be binding unless the same is in writing and duly executed by the parties hereto.

XVI.

Breach Of Obligation

This Lease Agreement is entire as to all of the performances to be rendered under it. Breach of any obligation to be performed by either party shall constitute a breach of the entire Lease Agreement and shall give the other party the right to terminate this Lease Agreement, in accordance with the Paragraph regarding termination above.

XVII.

No Warranties Or Representations

LESSOR EXPRESSLY DISCLAIMS ALL WARRANTIES AND MAKES NO WARRANTIES OR REPRESENTATIONS ABOUT THIS AGREEMENT, IN CONNECTION WITH THE EXECUTION OR PERFORMANCE OF THIS AGREEMENT, OR THE SAID PREMISES, INCLUDING BUT NOT LIMITED TO ITS CONDITION, SIZE OR DIMENSIONS, OR ITS SUITABILITY FOR SUCH PURPOSES OR USES AS SET FORTH ABOVE OR AS OTHERWISE CONTEMPLATED, OR THE RENEWAL OR EXTENSION OF THIS AGREEMENT, SAID PREMISES BEING PROVIDED "AS IS, WHERE IS," unless same is otherwise set forth in this instrument.

LEASE AGREEMENT – PAGE 9

EXHIBIT A<br>PAGE 9 OF 13 PAGES

XVIII.

Law Governing; Venue

This Lease Agreement shall be governed by and construed in accordance with the laws of the State Of Texas (and where applicable, the laws of the United States Of America).  The obligations and undertakings of each of the parties to this Lease Agreement shall be performable in Cameron County, Texas.

XIX.

Notice

All notices to either party shall be sent by certified or registered mail addressed to the parties as set forth above, at their respective addresses set forth above or at such other address as may be otherwise designated.

XX.

Invalidity

If any term, provision, covenant or condition of this Lease Agreement is held by a tribunal of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions of this Lease Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.  Moreover, it is the intention of the parties to this Lease Agreement that in lieu of each clause or provision of this Agreement that is held to be invalid, void or unenforceable, there be added as a part of this Lease Agreement a clause or provision as similar in terms to such invalid, void or unenforceable clause or provision as may be possible which shall nevertheless be valid, legal and enforceable.

XXI.

Interpretation

Both of the parties hereto have been represented by or have had the opportunity to be represented by counsel in the negotiation and drafting of this Lease Agreement, and accordingly, this Lease Agreement shall not be construed in favor of either party.

LEASE AGREEMENT - PAGE 10

EXHIBIT A
PAGE ___ OF ___ PAGES

XXII.

## Arbitration

LESSOR reserves the right to enforce the correction of defaults arising under this Lease Agreement by and through summary proceedings filed in a tribunal of competent jurisdiction. However, as to any other matters arising under this Lease Agreement, ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS LEASE AGREEMENT, OR THE BREACH, TERMINATION OR INVALIDITY THEREOF, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT AND THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, USING ONE ARBITRATOR -- SUCH ARBITRATION TO BE CONDUCTED IN BROWNSVILLE, CAMERON COUNTY, TEXAS, IN THE ENGLISH LANGUAGE -- AND A JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

If any such summary or arbitral proceeding is initiated to resolve a dispute arising under or relating to this Lease Agreement by either of the parties hereto, it is expressly agreed that the prevailing party shall be entitled to recover from the other party reasonable attorney fees and related expenses in addition to any other relief that may be awarded.

XXIII.

## Authority

The parties to this Lease Agreement specifically warrant and represent that the signatories below are authorized to act on behalf of the respective party to this instrument, the signatories have been specifically authorized to execute this Lease Agreement by said parties in accordance with the requisite corporate formalities of each such party, the execution of this instrument by said signatories constitutes the binding act of each such party to this instrument and the execution of this instrument and the adoption of same by each party is authorized by law.

XXIV.

## Time Of Essence

Time is of the essence of this Lease Agreement.

\*          \*          \*

LEASE AGREEMENT - PAGE 11

EXHIBIT A
PAGE __ll__ OF __l3__ PAGES

EXECUTED in duplicate on this _____ day of March, 1998 outside of Port Isabel, Cameron County, Texas.

PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, a political subdivision of the State Of Texas, Lessor


BY: _____
    Lionel C. Betancourt, Chairman Of
    The Board Of Navigation &
    Canal Commissioners

ATTEST:


_____
William M. Zimmerman, Secretary
  Of The Board Of Navigation
  & Canal Commissioners


VALLEY GAMING CORPORATION, Lessee


BY: _____
    Dorothy Hernandez, President

ATTEST:


_____
_____, Secretary


LEASE AGREEMENT - PAGE 12

EXHIBIT A
PAGE 12 OF 13 PAGES

## ACKNOWLEDGEMENTS

THE STATE OF TEXAS      §
                             §

COUNTY OF CAMERON      §

    This instrument was acknowledged before me on March _____,
1998 by LIONEL C. BETANCOURT, Chairman Of The Board Of Navigation
And Canal Commissioners of the PORT ISABEL - SAN BENITO NAVIGATION
DISTRICT, a political subdivision of the State Of Texas, on behalf
of said District.

                                  _____

                                  Notary Public in and for
                                  The State Of Texas

THE STATE OF TEXAS      §
                             §

COUNTY OF CAMERON      §

    This instrument was acknowledged before me on March ____, 1998
by DOROTHY HERNANDEZ, President of VALLEY GAMING CORPORATION, an
Illinois business corporation, on behalf of said corporation.

                                  _____

                                  Notary Public in and for
                                  The State Of Texas

ASSIGNMENT OF LEASE

THE STATE OF TEXAS          )

COUNTY OF CAMERON      )

THIS AGREEMENT made this _____ day of _____, 2000 by and between

VALLEY GAMING CORPORATION, an Illinois corporation (hereafter referred to as

"Assignor,") and OFFSHORE ENTERTAINMENT, INC., a Texas corporation (hereafter

referred to as "Assignee.")

WITNESSETH:

WHEREAS,  a Lease was executed in March 1998, between PORT ISABEL-SAN

BENITO NAVIGATION DISTRICT, as Lessor, and the Assignor herein , as Lessee, in which

Lease the property described in the attached Exhibit "A ", including all improvements thereon

(known also as the Port Isabel Cruise Dock area/tract, and understood to be located in Patent 468,

Cameron County, Texas) were leased to VALLEY GAMING CORPORATION for a term of

nine (9) years, beginning on the 1st day of April, 1998, and terminating on the 31st day of

March, 2007;  and

WHEREAS, the Assignor now desires to assign the Lease to Assignee, and the Assignee

desires to accept the assignment thereof.

NOW, THEREFORE,  for and in consideration of the sum of TEN DOLLARS ($10.00)

AND OTHER GOOD AND VALUABLE CONSIDERATION,  the receipt of which is hereby

acknowledged, and the agreement of the Assignee, hereinafter set forth, the Assignor hereby

assigns and transfers to the Assignee, its successors and assigns, all of its right, title and interest

in and to the Lease hereinbefore described, a copy of which is attached hereto as Exhibit "B" and

made a part hereof for all purposes, and the Assignee hereby agrees to and does accept the assignment and, in addition, expressly assumes and agrees to perform and fulfill all the terms, covenants, conditions and obligations required of the Assignor as the Lessee under the attached Lease, including the making of all payments due to or payable on behalf of the Lessor when due and payable.

THIS AGREEMENT shall be binding on and inure to the benefit of the Parties hereto, their successors in interest and assigns.

EXECUTED the day and year first written above.

VALLEY GAMING CORPORATION

By:_____
    Dorothy Hernandez, President

ATTEST:

_____

Its Secretary

OFFSHORE ENTERTAINMENT, INC.

By:_____

ATTEST:

_____

Its Secretary

## CONSENT OF LESSOR

THE UNDERSIGNED is the Lessor in the Lease described in the attached Exhibit "B" and hereby consents to the assignment of the Lease to OFFSHORE ENTERTAINMENT, INC., waiving none of its rights thereunder as to the Lease and expressly stipulates that consent to this Assignment in no manner releases VALLEY GAMING CORPORATION  from its obligations under the terms and conditions of the subject Lease.

PORT ISABEL-SAN BENITO NAVIGATION
DISTRICT, a political subdivision of the
State of Texas, Lessor

By:_____
     William M. Zimmerman, Chairman of The
     Board of Navigation & Canal Commissioners

ATTEST:

_____
Casimiro Martinez, Secretary of The
Board of Navigation & Canal Commissioners

## ACKNOWLEDGMENTS

THE STATE OF TEXAS      )
COUNTY OF CAMERON       )

     This instrument was acknowledged before me on the _____day of _____, 2000 by WILLIAM M. ZIMMERMAN, Chairman of The Board of Navigation And Canal Commissioners of the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT, a political subdivision of the State of Texas, on behalf of said District.

                              _____
                              Notary Public, State of Texas
My Commission Expires:



EXHIBIT B
PAGE 3 OF 4 PAGES

THE STATE OF TEXAS   )

COUNTY OF CAMERON   )

    This instrument was acknowledged before me on the _____ day of _____, 2000 by DOROTHY HERNANDEZ, President of VALLEY GAMING CORPORATION, an Illinois corporation, on behalf of said corporation.

                                       _____
                                       Notary Public, State of Texas

My Commission Expires:


THE STATE OF TEXAS   )

COUNTY OF CAMERON   )

    This instrument was acknowledged before me on the _____ day of _____, 2000 by Judith Emmart, President of OFFSHORE ENTERTAINMENT, INC., a Texas corporation, on behalf of said corporation.

                                       _____
                                       Notary Public, State of Texas

My Commission Expires:

EXHIBIT B
PAGE 4 OF 4 PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.

ATTORNEYS AT LAW

100 NORTH EXPRESSWAY 83

BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)
———
DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

January 21, 2002


Ms. Dorothy Scaglione, President          SENT BY REGULAR MAIL
Valley Gaming Corporation                 AND BY CERTIFIED MAIL,
7523 Hamilton Avenue                      RETURN RECEIPT REQUESTED
Burr Ridge, Illinois 60521

                          RE:   Lease Agreement By And Between
                                Port Isabel - San Benito
                                Navigation District And Valley
                                Gaming Corporation

Dear Ms. Scaglione:

      Supplementing my letter to you of January 15, 2002 regarding
the referenced matter, this is to clarify that although a
reference, pursuant to statute, was made to a ten (10) day period
to satisfy the outstanding debt obligation, the Lease Agreement
(dated March 26, 1998) indicates that a default is to be cured
within fifteen (15) days.

      Since the latest default arose on January 1, 2002, the fifteen
(15) day period passed in advance of the date the ten (10) day
period set forth in the letter ends.

      Therefore, your firm is required to discharge its payment
obligations, as set forth in my previous letter, no later than
January 26, 2002, which falls on a Saturday, and thus, such
deadline extends to Monday, January 28, 2002 at 2:00 P.M.

      In the event the default in payment is not cured by that date,
the Navigation And Canal Commission of the District will convene
and proceed with the termination of the lease, as well as any other
related action (if necessary).

EXHIBIT C

PAGE 1 OF 10 PAGES

Ms. Dorothy Scaglione, President
January 21, 2002
Page 2


     Should you have any questions or further information, please
advise.  Thank you for your courtesies.

                         Sincerely,


                         Brian G. Janis


BGJ/ma

cc:  Mr. Robert C. Cornelison          SENT BY REGULAR MAIL
     Port Director                     AND BY TELEFAX
     Port Isabel - San Benito             (943-8922)
       Navigation District
     250 Industrial Drive
     Port Isabel, Texas  78578

     Ms. Dorothy Scaglione             SENT BY REGULAR MAIL
     c/o Offshore Entertainment Corp.  AND BY CERTIFIED MAIL,
     1250 Port Road                    RETURN RECEIPT REQUESTED
     Port Isabel, Texas 78578

     Ms. Dorothy Scaglione             SENT BY REGULAR MAIL
     c/o Yummies                       AND BY CERTIFIED MAIL,
     708 Padre Boulevard               RETURN RECEIPT REQUESTED
     South Padre Island, Texas 78597

     Ms. Dorothy Scaglione             SENT BY REGULAR MAIL
     c/o The Pantry                    AND BY CERTIFIED MAIL,
     Franke Center                     RETURN RECEIPT REQUESTED
     South Padre Island, Texas 78597


                    EXHIBIT C
         PAGE  2   OF  10   PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.

ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

January 15, 2002

Ms. Dorothy Scaglione, President          SENT BY REGULAR MAIL
Valley Gaming Corporation                 AND BY CERTIFIED MAIL,
7523 Hamilton Avenue                      RETURN RECEIPT REQUESTED
Burr Ridge, Illinois 60521

                    RE:   Lease Agreement By And Between
                          Port Isabel – San Benito
                          Navigation District And Valley
                          Gaming Corporation

Dear Ms. Scaglione:

    As you know, I represent the Port Isabel – San Benito
Navigation District, located at 250 Industrial Drive, Port Isabel,
Texas  78578.

    In such capacity, I have been retained to advise your firm,
the Lessee, about outstanding defaults under the referenced Lease
Agreement, dated March 26, 1998, and to collect the debt owed by
your firm to the District.

    Under the Lease Agreement, your firm (as Lessee) is required
to pay, for the use of the leasehold premises, "the sum of SEVEN-
THOUSAND, FIVE-HUNDRED AND NO/100THS ($7,500.00) DOLLARS per month,
for the property referred to above, payable on the 1st day of each
month during the term of this Lease Agreement ... ," as set forth
in Paragraph V. (in the first sub-paragraph).

    However, despite the fact that rental payments are due
monthly, your firm has not made the monthly payments for July,
August, part of September and December of 2001 and January of 2002
(noting the next payment is due February 1, 2002), taking into
account that because of the September (2001) causeway collapse, the
rent was abated from September 15, 2001 to November 30, 2001.  This
is, of course, a default in and a violation of the terms of the
Lease Agreement.

    Pursuant to the Lease Agreement, and in light of the said
defaults in payment, your firm is required to make certain payments

EXHIBIT 𝒸
PAGE  3  OF  10  PAGES

Ms. Dorothy Scaglione, President
January 15, 2002
Page 2

to satisfy the said obligations. Nevertheless, it appears that your firm has defaulted in making the necessary payments under the lease.

It is, therefore, necessary, as of January 15, 2002, that your firm pay the sum of $33,750.00, which reflects four and a half months unpaid rent (at $7,500.00 per month), taking into account the said rent abatement. Demand is thus made for payment of the said installments (for rent), in addition to satisfying all attorney fees accrued by the Lessor in collecting this debt.

Moreover, Paragraph V. of the Lease Agreement (at the fourth sub-paragraph) indicates that any late payment requires the payment of a 10% late fee to avoid a default. Therefore, your firm owes an additional $3,375.00 to discharge the said debt (10% of $33,750.00).

Accordingly, in light of the said defaults, my client hereby demands immediate payment in full of the said debt, to-wit, the installments due and owing, as well as all and any late fees and attorney fees accrued, and, that your firm make timely payments for the balance of the rental obligations remaining under the Lease Agreement. Partial payments of all such obligations will not be accepted.

Therefore, it is suggested that you contact me as soon as possible (but no longer than ten [10] days from the date of this letter) and have your firm pay the said debt. Otherwise, I will then be directed to take all necessary steps to collect all debts due and owing and to enforce the referenced Lease Agreement, including but not limited to a suit under same (and for any available remedies at law, in equity [including declaratory relief] or under the contract, including the termination of the lease).

The Port hereby reserves any and all rights and remedies to which it may be entitled. It is hoped that this demand letter will be honored and that further collection efforts will be unnecessary.

Sincerely,

Brian G. Janis

BGJ/ma

EXHIBIT C
PAGE 4 OF 10 PAGES

Ms. Dorothy Scaglione, President
January 15, 2002
Page 3


cc:  Mr. Robert C. Cornelison              SENT BY REGULAR MAIL
     Port Director                         AND BY TELEFAX
     Port Isabel - San Benito                 (943-8922)
        Navigation District
     250 Industrial Drive
     Port Isabel, Texas  78578

     Ms. Dorothy Scaglione                 SENT BY REGULAR MAIL
     c/o Offshore Entertainment Corp.      AND BY CERTIFIED MAIL,
     1250 Port Road                        RETURN RECEIPT REQUESTED
     Port Isabel, Texas 78578

     Ms. Dorothy Scaglione                 SENT BY REGULAR MAIL
     c/o Yummies                           AND BY CERTIFIED MAIL,
     708 Padre Boulevard                   RETURN RECEIPT REQUESTED
     South Padre Island, Texas 78597

     Ms. Dorothy Scaglione                 SENT BY REGULAR MAIL
     c/o The Pantry                        AND BY CERTIFIED MAIL,
     Franke Center                         RETURN RECEIPT REQUESTED
     South Padre Island, Texas 78597

EXHIBIT C
PAGE 5 OF 10 PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK O. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

May 11, 2001

Ms. Dorothy Scaglione, President
Valley Gaming Corporation
7523 Hamilton Avenue
Burr Ridge, Illinois 60521

SENT BY REGULAR MAIL
AND BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

RE:   Lease Agreement By And Between
      Port Isabel - San Benito
      Navigation District And Valley
      Gaming Corporation

Dear Ms. Scaglione:

As you know, I represent the Port Isabel - San Benito Navigation District, located at 250 Industrial Drive, Port Isabel, Texas 78578.

In such capacity, I have been retained to advise your firm, the Lessee, about outstanding defaults under the referenced Lease Agreement, dated March 26, 1998, and to collect the debt owed by your firm to the District.

Under the Lease Agreement, your firm (as Lessee) is required to pay, for the use of the leasehold premises, "the sum of SEVEN-THOUSAND, FIVE-HUNDRED AND NO/100THS ($7,500.00) DOLLARS per month, for the property referred to above, payable on the 1st day of each month during the term of this Lease Agreement ... ," as set forth in Paragraph V. (in the first sub-paragraph).

However, despite the fact that rental payments are due monthly, your firm has not made the monthly payments for March, April and May of 2001 (noting the next payment is due June 1, 2001). This is, of course, a default in and a violation of the terms of the Lease Agreement.

Pursuant to the Lease Agreement, and in light of the said defaults in payment, your firm is required to make certain payments to satisfy the said obligations. Nevertheless, it appears that your firm has defaulted in making the necessary payments under the lease.

It is, therefore, necessary, as of May 11, 2001, that your firm pay the sum of $22,500.00, which reflects the three months

EXHIBIT C
PAGE 6 OF 10 PAGES

Ms. Dorothy Scaglione, President
May 11, 2001
Page 2

unpaid rent (at $7,500.00 per month). Demand is thus made for payment of the said installments (for rent), in addition to satisfying all attorney fees accrued by the Lessor in collecting this debt.

Moreover, Paragraph V. of the Lease Agreement (at the fourth sub-paragraph) indicates that any late payment requires the payment of a 10% late fee to avoid a default. Therefore, your firm owes an additional $2,250.00 to discharge the said debt (10% of $22,500.00).

Accordingly, in light of the said defaults, my client hereby demands immediate payment in full of the said debt, to-wit, the installments due and owing, as well as all and any late fees and attorney fees accrued, and, that your firm make timely payments for the balance of the rental obligations remaining under the Lease Agreement. Partial payments of all such obligations will not be accepted.

Therefore, it is suggested that you contact me as soon as possible (but no longer than ten [10] days from the date of this letter) and have your firm pay the said debt. Otherwise, I will then be directed to take all necessary steps to collect all debts due and owing and to enforce the referenced Lease Agreement, including but not limited to a suit under same (and for any available remedies at law, in equity [including declaratory relief] or under the contract, including the termination of the lease).

The Port hereby reserves any and all rights and remedies to which it may be entitled. It is hoped that this demand letter will be honored and that further collection efforts will be unnecessary.

Sincerely,

Brian G. Janis

BGJ/ma

cc:  Mr. Robert C. Cornelison                SENT BY REGULAR MAIL
     Port Director                          AND BY TELEFAX
     Port Isabel – San Benito                  (943-8922)
       Navigation District
     250 Industrial Drive
     Port Isabel, Texas  78578

EXHIBIT C
PAGE  7  OF  10  PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
EDUARDO V. RODRIGUEZ, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

June 30, 2000

Ms. Dorothy Scaglione, President
Valley Gaming Corporation
c/o Offshore Entertainment Corp.
1250 Port Road
Port Isabel, Texas 78578

SENT BY REGULAR MAIL
AND BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

RE:   Lease Agreement By And Between
      Port Isabel - San Benito
      Navigation District And Valley
      Gaming Corporation

Dear Ms. Scaglione:

As you know, I represent the Port Isabel - San Benito Navigation District, located at 250 Industrial Drive, Port Isabel, Texas  78578.

In such capacity, I have been retained to advise your firm, the Lessee, about outstanding defaults under the referenced Lease Agreement, dated March 26, 1998, and to collect the debt owed by your firm to the District.

Under the Lease Agreement, your firm (as Lessee) is required to pay, for the use of the leasehold premises, "the sum of SEVEN-THOUSAND, FIVE-HUNDRED AND NO/100THS ($7,500.00) DOLLARS per month, for the property referred to above, payable on the 1st day of each month during the term of this Lease Agreement ... ," as set forth in Paragraph V. (in the first sub-paragraph).

However, despite the fact that rental payments are due monthly, your firm has not made the monthly payments for April, May and June of 2000 (noting the next payment is due July 1, 2000). This is, of course, a default in and a violation of the terms of the Lease Agreement.

Pursuant to the Lease Agreement, and in light of the said defaults in payment, your firm is required to make certain payments to satisfy the said obligations.  Nevertheless, it appears that your firm has defaulted in making the necessary payments under the lease.

EXHIBIT C
PAGE 8 OF 10 PAGES

Ms. Dorothy Scaglione, President
June 30, 2000
Page 2

It is, therefore, necessary, as of June 30, 2000, that your firm pay the sum of $22,500.00, which reflects the three months unpaid rent (at $7,500.00 per month). Demand is thus made for payment of the said installments (for rent), in addition to satisfying all attorney fees accrued by the Lessor in collecting this debt.

Accordingly, in light of the said defaults, my client hereby demands immediate payment in full of the said debt, to-wit, the installments due and owing, as well as all and any attorney fees accrued, and, that your firm make timely payments for the balance of the rental obligations remaining under the Lease Agreement.

Therefore, it is suggested that you contact me as soon as possible (but no longer than ten [10] days from the date of this letter) and have your firm pay the said debt. Otherwise, I will then be directed to take all necessary steps to collect all debts due and owing and to enforce the referenced Lease Agreement, including but not limited to a suit under same (and for any available remedies at law, in equity [including declaratory relief] or under the contract, including the termination of the lease).

As required by federal law, 15 U.S.C.A. § 1692g (1982), you are advised that: (1) unless you dispute, within thirty (30) days after receipt of this letter, the validity of such debt or any portion thereof, the debt will be assumed to be valid; (2) if you notify me in writing within such thirty (30) day period that the debt or any portion thereof is disputed, verification of the debt will be obtained and you will be sent a copy of such verification; (3) upon receipt of your written request within such thirty (30) day period, you will be provided with a name and address of the original creditor on this account if different from the current creditor; and (4) any information obtained from you will be used for the purpose of the collection of this debt.

The Port hereby reserves any and all rights and remedies to which it may be entitled. It is hoped that this demand letter will be honored and that further collection efforts will be unnecessary.

Sincerely,

Brian G. Janis

BGJ/ma

EXHIBIT C
PAGE 9 OF 10 PAGES

Ms. Dorothy Scaglione, President
June 30, 2000
Page 3


cc:  Mr. Robert C. Cornelison              SENT BY REGULAR MAIL
     Port Director                         AND BY TELEFAX
     Port Isabel - San Benito                 (943-8922)
       Navigation District
     250 Industrial Drive
     Port Isabel, Texas  78578

EXHIBIT C
PAGE _10_ OF _10_ PAGES

A regular meeting of the Port Isabel - San Benito Navigation District's Navigation And Canal Commission was held January 31, 2002 at the Port Isabel - San Benito Navigation District office, at 250 Industrial Drive, in Port Isabel, Texas. Commissioners present were:

        William M. Zimmerman, Chairman
        Victor Barrera, Secretary
        Bill Weekley, Commissioner

Guests present were:

        Tony Scaglione, Offshore Entertainment
        Jon Hale, Gaim-Ko, Inc.
        Michael Bukowski, Gaim-Ko, Inc.
        Kevin Knoch - P. I. Press

The meeting was called to order by William M. Zimmerman, Chairman of the Board.

Minutes of the meeting of January 17, 2002 were presented to the Board. A motion was made by Bill Weekley and seconded by Victor Barrera to approve the minutes as presented. Motion carried.

Juan E. Rivera, C.P.A., presented the 2001 Audit Report of the District's books and accounts to the Board and Mr. Cornelison; a discussion and various explanations followed on different accounts. A motion was made by Victor Barrera and seconded by Bill Weekley to acknowledge the 2001 Audit Report as presented. Motion carried.

Tony Scaglione with "Offshore Entertainment" approached the Board and Mr. Cornelison. Introduced were Jon Hale and Michael Bukowski with Gaim-Ko, Inc., which is seeking an assignment of the lease from "Offshore Entertainment." Tony Scaglione asked the Board for an extended period of time to cure the default; Tony Scaglione read a clause from Paragraph IX of the lease. John Hale stated that funds have been committed to this project and they are expecting approval of a loan in five to ten days. Mr. Cornelison told the Board that he received a letter from Mr. Gallegos wanting a promissory note; payment of the lease obligations was due January 28, 2002 at 2:00 P.M. A motion was made by Victor Barrera and seconded by Bill Weekley to go into executive session at 7:40 A.M. to further discuss the matter. A motion was made by Victor Barrera and seconded by Bill Weekley to reconvene the regular meeting at 8:00 A.M.; Chairman of the Board William M. Zimmerman announced that it was the consensus of the Board to terminate the lease in light of the said lease defaults, which were not cured by the deadline set forth above. He also noted that no action was taken

in Executive Session.  A motion was made by Victor Barrera and seconded by Bill Weekley to terminate the lease, as set forth above.  Motion carried.

Mr. Cornelison presented the 2002 budget to the Board.  A motion was made by Victor Barrera and seconded by Bill Weekley to approve the budget as presented.  Motion carried.

A motion was made by Bill Weekley and seconded by Victor Barrera to go into executive session to discuss Port personnel's compensation for 2002 and to discuss the Port Director's annual compensation and annual employment contract.  The Board went into executive session at 8:20 A.M. and reconvened the meeting (in open session) at 9:30 A.M.  A motion was made by Bill Weekley and seconded by Victor Barrera, based on the past year's performance, not to increase salaries (to freeze salaries on all the employees as they are as of 2001) and not to extend for another year Mr. Cornelison's annual employment contract (2004).  The Board noted that it took no action in executive session, and that this discussion was not a reflection on the employees.  Motion carried.

There was no Director's report at this meeting.

A motion was made by Bill Weekley and seconded by Victor Barrera to pay the bills presented.  Motion carried.

A motion was made by Bill Weekley and seconded by Victor Barrera to adjourn.  Motion carried. The meeting adjourned at 9:40 A.M.


_____
William M. Zimmerman, Chairman



_____
Victor Barrera, Secretary



_____
Bill Weekley, Commissioner


- 2 -

EXHIBIT D
PAGE 2 OF 2 PAGES

Case 1:03-cv-00083   Document 1   Filed in TXSD on 05/02/2003   Page 59 of 242



**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
J. BONNER DORSEY
FEDERICO HINOJOSA
LINDA REYNA YAÑEZ
NELDA V. RODRIGUEZ
ERRLINDA CASTILLO

**CLERK**
CATHY WILBORN

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL.)
956-318-2403 (FAX)

*www.13thcoa.courts.state.tx.us*

# Court of Appeals
## Thirteenth District of Texas

December 5, 2002

TO ALL ATTORNEYS OF RECORD:

> Re:  Cause No. 13-02-00452-CV
> Tr.Ct.No. 2002-06-2362-G
> BOB CORNELISON, ET AL.
> v.
> OFFSHORE ENTERTAINMENT
> CORPORATION

Dear Attorneys:

The judgment of the trial court in the above cause was this day declared VOID and ordered DISSOLVED by this Court. Accordingly, the appellants' motion for expedited ruling is DISMISSED AS MOOT.

Copies of the opinion and judgment are enclosed.

Very truly yours,

*Cathy Wilborn*

Cathy Wilborn, Clerk

CW:mvl
Enclosures
cc:    Hon. Ricardo J. Navarro
Hon. Robert L. Drinkard
Hon. Albert Villegas
404th District Court
Hon. Aurora De La Garza, District Clerk



EXHIBIT *E*
PAGE __I__ OF __8__ PAGES

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

### CORPUS CHRISTI

---

**BOB CORNELISON, INDIVIDUALLY
AND OFFICIALLY AS PORT DIRECTOR
OF THE PORT ISABEL-SAN BENITO
NAVIGATION DISTRICT, WILLIAM
ZIMMERMAN, ET. AL.,**                                    **Appellants,**

**v.**

**OFFSHORE ENTERTAINMENT CORPORATION,**                  **Appellee.**

---

On appeal from the 404th District Court
of Cameron County, Texas.

---

# O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Castillo

Appellants[1] bring an interlocutory appeal[2] from the grant of a temporary injunction enjoining them from: (1) destroying or deleting certain materials; (2) entering into certain contracts; (3) removing or destroying certain property; (4) contacting certain persons or entities; (5) contacting certain parties; (6) paying certain sums to third parties; (7) destroying certain improvements; and (8) failing to account for certain monies.

In three issues, appellants contend the trial court abused its discretion in granting the temporary injunction because: (1) appellees presented no evidence of a probable right of recovery, imminent harm, or irreparable injury; (2) there is an adequate remedy at law for the causes of action alleged; and (3) the order is void for failing to satisfy the requirements of the Texas Rules of Civil Procedure. Appellee, Offshore Entertainment Corporation, did not file a brief in this appeal.

A temporary injunction is an extraordinary remedy, the purpose of which is to preserve the status quo of a litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction does not issue as a matter of right; an applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief

---

[1] Appellants are Bob Cornelison, Individually and Officially as Director of the Port Isabel-San Benito Navigation District, William Zimmerman, Victor Barrera, and William Wickley, Individually and Officially as Commissioners of the Port Isabel-San Benito Navigation District, and the Port Isabel-San Benito Navigation District.

[2] We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(4) of the civil practice and remedies code, which provides that an appeal may be taken from an interlocutory order that grants or refuses a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2003).

2

sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* On appeal, we review a trial court's decision to grant injunctive relief under an abuse of discretion standard. *Id.* A trial court abuses its discretion when it misapplies the law to the established facts or when the evidence does not reasonably support the trial court's conclusions. *Matagorda County Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 99 (Tex. App.–Corpus Christi 2001, no pet.).

Considering first appellants' third issue, we note initially that the order granting the temporary injunction does not set a bond. The supreme court has held that a temporary injunction order is void where there is no bond set as required by rule 684 of the rules of civil procedure. *See* TEX. R. CIV. P. 684 ("In the order granting any . . . temporary injunction, the court shall fix the security to be given by the applicant."); *see also Qwest Communications v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000)(per curiam)(citing *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956)); *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983)(noting that "an order of injunction issued without a bond is void on its face."); *Matagorda County Hosp. Dist.*, 47 S.W.3d at 104 (observing that an order issuing a temporary injunction lacking the requisite bond is void). The requirements of rule 684 have been strictly construed. *Ebony Lake Healthcare Ctr. v. Tex. Dep't of Human Servs.*, 62 S.W.3d 867, 870 (Tex. App.–Austin 2001, no pet.). Where, on its face, an order granting a temporary injunction does not require a bond, the order is void *ab initio. Smith v. Ticor Title Ins. Co.*, 692 S.W.2d 531, 532 (Tex. App.–El Paso 1985, no writ).

Furthermore, the order granting the temporary injunction in the present case

3

does not state the reasons why the trial court deemed it proper to issue the injunction

as is required by rule of civil procedure 683. *See* TEX. R. CIV. P. 683. In pertinent part

the order reads:

> The Court, having examined the pleadings and affidavit of Plaintiff and
> hearing the arguments of Counsel, is of the opinion that the request for
> a Temporary Injunction should be and is hereby granted. The Court finds
> that immediate and irreparable injury, loss or damage as alleged will result
> to plaintiff unless Defendant is forthwith restrained as requested.
> Plaintiff has no adequate remedy at law.

The above recitation does not comply with the requirements of rule 683 as it

wholly fails to identify the probable interim injury that appellees would suffer without

issuance of the temporary injunction or why the probable injury is an irreparable one

for which there is no adequate legal remedy. *Fasken v. Darby*, 901 S.W.2d 591, 593

(Tex. App.–El Paso 1995, no writ). A trial court is not required to give its reasons for

believing that the applicant has a probable right to final relief, but the order must "give

the reasons why injury will be suffered if the interlocutory relief is not ordered." *State

v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971)(citing rule 683); *Moreno v.

Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex. App.–Houston [1st Dist.] 1991, no

writ)(noting rule of *Cook United* and confirming that if a trial court's order does not

state reasons why injury will be suffered in the absence of interlocutory relief, "we will

declare it void and dissolve it."). Since the "requirements of Rule 683 are mandatory

and must be strictly followed," a temporary injunction order that does not adhere to

those requirements is subject to being declared void and dissolved. *Interfirst Bank San

Felipe, N.A., v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986)(per curiam). An

order that fails to conform to the requirements of rule 683 is fatally flawed, and a trial

4

EXHIBIT *E*
PAGE *5* OF *8* PAGES

court abuses its discretion in rendering and signing the order. *Wyatt v. Cowley*, 74 S.W.3d 576, 577-78 (Tex. App.–Corpus Christi 2002, pet. dism'd w.o.j.). Accordingly, we sustain appellants' third issue.

We also sustain appellants' first issue. No temporary injunction may issue unless the applicant offers competent evidence in support of his application to the trial court at the hearing on the temporary injunction, according to the standard rules of evidence. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686-87 (Tex. 1968)(citing rule 680); *see also Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961)("The applicant has, and in equity and good conscience ought to have, the burden of offering *some* evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680 . . . requiring a hearing before a temporary injunction can issue. . . . Writs of injunction should not issue on mere surmise."). Remarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying. *Collier Servs. Corp. v. Salinas*, 812 S.W.2d 372, 377 (Tex. App.–Corpus Christi 1991, orig. proceeding). Nor does a sworn petition requesting the issuance of the injunction constitute evidence that can support a trial court's issuance of a temporary injunction. *Millwrights Local Union No. 2484*, 433 S.W.2d at 686; *see also In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002)(noting that temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on sworn pleadings).

Review of the record of the temporary injunction hearing in the instant case

reveals that appellee offered no evidence to the trial court and called no witnesses. The order itself recites that the matter was decided on the "pleadings and affidavit of Plaintiff, and . . . the arguments of counsel."[3] As no evidence was offered to the trial court in support of the temporary injunction, we cannot say that the trial court's ruling is supported by evidence. *Millwrights Local Union No. 2484*, 433 S.W.3d at 687. Accordingly, we hold that the trial court abused its discretion in issuing the temporary injunction in the absence of evidence.

In light of our disposition, it is not necessary to consider appellants' second issue. TEX. R. APP. P. 47.1. Having sustained appellants' first and third issues, we declare the trial court's temporary injunction to be void and order that it be dissolved.

ERRLINDA CASTILLO
Justice

Do not publish.
TEX. R. APP. P. 47.3(B).

Opinion delivered and filed
this 5th day of December, 2002.

---

[3] Aside from the recitations in the order and the record of the hearing itself, which affirmatively demonstrate the appellee's failure to put on witnesses or offer other evidence, in a brief exchange at the conclusion of the hearing the trial judge made it clear that he was not relying on any evidence to support his ruling:

TRIAL JUDGE: Well, I'll entertain the other matters that you brought up . . . but for the meanwhile I am going to go ahead and issue an injunction.

DEFENSE COUNSEL: Without an evidentiary record, Your Honor?

TRIAL JUDGE: Yes, sir.

6


EXHIBIT E
PAGE 7 OF 8 PAGES

COURT OF APPEALS

Thirteenth District

Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, as of the 5th day of December, 2002. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-02-00452-CV          (Tr.Ct.No. 2002-06-2362-G)

BOB CORNELISON, INDIVIDUALLY AND
OFFICIALLY AS PORT DIRECTOR OF THE
PORT ISABEL-SAN BENITO NAVIGATION DISTRICT,
WILLIAM ZIMMERMAN, ET AL.,                        Appellants,

v.

OFFSHORE ENTERTAINMENT CORPORATION,              Appellee.

On appeal to this Court from Cameron County, Texas.

* * * * * * *

# JUDGMENT

On appeal from the 404th District Court of Cameron County, Texas, from an order signed August 5, 2002. Opinion by Justice Errlinda Castillo. Do not publish. TEX. R. APP. P. 47.3.

THIS CAUSE was submitted to the Court on November 26, 2002, on the record and briefs. These having been examined and fully considered, it is the opinion of the Court that there was some error in the judgment of the court below, and said judgment is hereby declared VOID and ordered DISSOLVED.

Costs of the appeal are adjudged against appellee, OFFSHORE ENTERTAINMENT CORPORATION. It is further ordered that this decision be certified below for observance.

* * * * * *

RECEIVED

DEC - 9 2002

CATHY WILBORN, CLERK

EXHIBIT E
PAGE 8 OF 8 PAGES

Cause No: 02-1768   Re-Entry

| | |
|---|---|
| Off Shore Entertainment Corp. | IN THE JUSTICE COURT |
| Plaintiff-Tenant | |
| V.S. | PRECINCT 1, PLACE 1 |
| Port Isabel, San Benito Navigation District. | |
| Defendant-Landlord | CAMERON COUNTY, TEXAS |

### WRIT OF RE-ENTRY

## TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS-GREETING:

ON THE 10th day of  December 2002,  in the above case, an ex-parte hearing was held pursuant to Section 92.009, Texas Property Code, granting the tenant temporary and immediate possession of the premises describe below:

| Port Road | | Port Isabel, Texas 78578 |
|---|---|---|
| Street Address | Unit No.(if any) | City/State |

### THEREFORE COMMANDED TO:

1.  Enter such premises and deliver possession thereof to the tenant:
2.  Instruct the Landlord, his agents and all persons claiming under the Landlord to release possession onto the tenant immediately.
3.  Deliver a copy of this Writ to the Landlord or any person claiming to be an agent of the Landlord

**YOU ARE HEREBY NOTIFIED THAT,** Pursuant to article 7.003, Civil Practices and Remedies Code, you are not liable for damages resulting from the execution of this writ if you execute this Writ in good faith and with reasonable diligence; and you may,  if necessary, use reasonable force in executing this Writ.

**HEREIN FAIL NOT**  to make due return of this writ, and certify how you have executed same, within thirty (30) days from the issuance date.

GIVEN UNDER MY HAND on         10th         day of   December         2001.

Bennie Ochoa 111, Justice of the Peace
Pct1 1 Cameron County, Texas

### NOTICE TO THE DEFENDANT AND ALL AGENTS

You have been sued.  You may employ an attorney.  If you or your attorney do not appear or filed an answer with the Justice of the Peace before the eighth(8) day after receiving this Writ, a Judgment for Court Costs may be entered against you.  You have a right to a hearing within seven(7) days from the time that you answer this suit and request a hearing.  A party may appeal from this Court's Judgment in the amount and manner as a Judgment in a Forcible Detainer suit.  If the Landlord or his agent fails to comply with this Writ, it may be grounds for contempt of Court. This Writ does not jeopardize a Landlord's rights in a Forcible Detainer action and a Writ of Possession superse a Writ of Re-entry.
**************************************************************************************************************

### OFFICER'S RETURN

CAME TO HAND on the     10     day of   Dec         2002, at 10:05 o'clock   A  .M. and
EXECUTED on the         10     day of   Dec         2002, at 1:20  o'clock   P  M.
By  SERVING ROBERT C. CORNELISON  PORT DIRECTOR

Mike M. Barberena
Constable of Cameron County, Texas
By Deputy: _____

Constable Mike M. Barberena
Cameron County Constable Pct #1
313-9 Queen Isabella Blvd.
Port Isabel, Texas 78579
Off (956) 943-6757 • Fax (956)

EXHIBIT F
PAGE   1   OF  3  PAGES

CAUSE NO

| PLAINTIFF'S CLAIM FORM | IN THE JUSTICE COURT |
| TO FILE FOR | PCT. __ PLACE __ |
| WRIT OF REENTRY | CAMERON COUNTY TEXAS |

STATE OF TEXAS
COUNTY OF CAMERON

PLAINTIFF-TENANT     OFF SHORE ENTERTAINMENT CORP.
                             C/O 1324 EAST SEVENTH, BROWNSVILLE, TEXAS

BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS THAT:

DEFENDANT-LANDLORD: PORT ISABEL SAN BENITO NAVIGATION DISTRICT
                                    PORT ROAD, TEXAS

HAS ILLEGALLY LOCKED OUT THE PLAINTIFF FROM PLAINTIFF'S PREMISES
LOCATED AT 1250 PORT ROAD, PORT ISABEL, TEXAS AND REFUSES TO GIVE
PLAINTIFF A KEY TO THE PROPERTY AT ANY HOUR, WHETHER OR NOT PLAINTIFF
PAYS ANY PAST DUE RENT.

PLAINTIFF-TENANT
OFFSHORE ENTERTAINMENT

SUBSCRIBED AND SWORN TO BEFORE ME THIS _10_ DAY OF _Dec_, 2002.

_____
BENNIE OCHOA
JUSTICE OF THE PEACE

_____
BY: CLERK OF THE COURT

## SWORN COMPLAINT FOR REENTRY

Before me, the undersigned on this day personally appeared, Anthony Scaglione, President of Offshore Entertainment Corp., who after being sworn, upon oath deposes and says that one Bob Cornelison, agent for Landlord, on or about the 30th, of January, 2002, and before the making and filing of this complaint, in Justice of the Peace, Pct. NO ___, Place ___, Cameron County, State of Texas did then and there lock out the tenants by changing the locks of the gate surrounding the leased premises and preventing the tenants from entering the premises or providing a key. Efforts were made to pay the rent but such was refused and to date no key to the premises has been provided even though the promise to pay the rent upon return of the premises was made.

ANTHONY SCAGLIONE
PRESIDENT OF OFFSHORE ENTERTAINMENT
CORP.   TENANT

SWORN to and subscribed before me, this __10th__ day of December, 2002.

SUBSCRIBED AND SWORN BEFORE ME, by the said _____ on this the __10th__ day of December 2002.

Justice of the Peace, Pct. _1_ Place
Notary Public In and For
State of Texas, Cameron County, Texas

EXHIBIT F
PAGE __3__ OF __3__ PAGES

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.

ATTORNEYS AT LAW

100 NORTH EXPRESSWAY 83

BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

December 11, 2002

Hon. Benito "Benny" Ochoa
Justice Of The Peace, Precinct 1,
    Place 1 (Cameron County, Texas)
313 Queen Isabella Boulevard
Port Isabel, Texas 78578

SENT BY REGULAR MAIL
AND BY TELEFAX
        (943-0184)

RE:   Cause No. 02-1768
      Offshore Entertainment Corp.
      vs. Port Isabel - San Benito
        Navigation District
      Justice Court, Precinct 1, Place 1
      Cameron County, Texas

Dear Judge Ochoa:

Please be advised that I serve as general counsel for the Port Isabel - San Benito Navigation District, which, along with the elected Commissioners of the District and the Port Director, are defendants in a lawsuit docketed as Cause No. 2002-06-2362-G in the 404th Judicial District Court of Cameron County, Texas, styled "Offshore Entertainment Corporation, Plaintiff, vs. Bob Cornelison, etc., et al., Defendants."

This is to acknowledge receipt, from my client (the Port Isabel - San Benito Navigation District), of a Writ Of Re-Entry entered in your Court on December 10, 2002.

Initially, it was understood that this proceeding was filed by representatives of the corporation pro se, but in speaking with your office, I learned that it was filed by counsel for the plaintiff in the District Court litigation, Albert Villegas.

This letter is also a response to the request for the writ.

First, Defendant objects to the proceeding as a whole, as being beyond the jurisdiction of your Court, which can only hear cases that are assigned to it by statute under various parts of the Texas Government Code and related laws. See TEX. GOV'T CODE ANN. § 27.031 (Vernon Supp. 2003) (Jurisdiction) (a copy of which is enclosed).

EXHIBIT G

PAGE ___1___ OF __8__ PAGES

Hon. Benito "Benny" Ochoa
December 11, 2002
Page 2


        I refer you to TEX. PROP. CODE ANN. § 92.009 (Vernon Supp.
2003) (Residential Tenant's Right Of Reentry After Unlawful
Lockout) (a copy of which is enclosed), which is the authority set
forth in and for the writ, which -- by its terms -- refers to
residential tenancies (only). However, the property in question is
part of the Navigation District facilities at the Port Of Port
Isabel - San Benito.

        Thus, that statute (Section 92.009) does not authorize this
proceeding against the Defendant, because it does not apply to
commercial leases, by its very terms. As such, this Court lacks
jurisdiction to entertain such a proceeding against a landlord in
conjunction with a non-residential (commercial) tenancy.

        Furthermore, in that the matter of the lease and the
interactions and/or relationships between the parties in the
instant (writ) case (that is, the Port and Offshore) are being
litigated in a prior, pending case in district court, the instant
case must be abated (if not dismissed) as being inconsistent with
or duplicative of the District Court litigation. See, e.g., TEX.
R. CIV. P. 93(3) (a copy of which is enclosed) (a verification for
such "plea" is also enclosed).

        Accordingly, I suggest that the Writ be withdrawn, that this
case be dismissed for want of jurisdiction and that this case be
dismissed and/or abated because of the prior, pending District
Court case involving the same parties and claims.

        Should you have any questions, instructions or require further
information, please advise. Thank you for your consideration.

                            Respectfully submitted,


                            Brian G. Janis
                            Texas State Bar No. 10570300

BGJ/ma
enc.

EXHIBIT 4
PAGE 2 OF 8 PAGES

Hon. Benito "Benny" Ochoa
December 11, 2002
Page 3


cc:   Mr. Robert C. Cornelison          SENT BY REGULAR MAIL
      Port Director                      AND BY TELEFAX
      Port Isabel - San Benito              (943-8922)
        Navigation District
      250 Industrial Drive
      Port Isabel, Texas 78578

      Mr. Rick Navarro, Attorney         SENT BY REGULAR MAIL
      Denton, Navarro & Bernal, P.C.     AND BY TELEFAX
      222 East Van Buren Avenue          (1-956/421-3621)
      Harlingen, Texas 78550

      Mr. Albert Villegas, Attorney      SENT BY REGULAR MAIL
      Villegas Law Firm, Attorneys       AND BY TELEFAX
      1324 East Seventh Street              (544-7828)
      Brownsville, Texas 78520

EXHIBIT G
PAGE 3 OF 8 PAGES

CAUSE NO. 02-1768

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT CORP., | § | IN THE JUSTICE COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | PRECINCT 1, PLACE 1 |
| | § | |
| PORT ISABEL - SAN BENITO | § | |
| NAVIGATION DISTRICT, | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared BRIAN G. JANIS, counsel for the Defendant in this proceeding, who being by me duly sworn on his oath, said that he is the authorized agent of the said Defendant in this cause, he has read the above and foregoing letter (i.e., response/objection/ plea/motion), and the allegations contained therein are within his personal knowledge and true and correct.


_____
BRIAN G. JANIS, Attorney for
Defendant


SUBSCRIBED AND SWORN TO BEFORE ME on this _11th_ day of December, 2002, to certify which witness my hand and seal of office.


_____
Notary Public in and for
The State Of Texas

MARGARITA ALVAREZ
Notary Public, State of Texas
My Commission Expires 08-17-05

PAGE _4_ OF _5_ PAGES    EXHIBIT _G_

governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose."

## § 27.006. Collecting Debt for Another; Offense

(a) A justice commits an offense if the justice:

(1) accepts for collection or undertakes the collection of a claim for a debt for another, unless the justice acts under a law that prescribes the duties of the justice; or

(2) accepts compensation not prescribed by law for accepting for collection or undertaking the collection of a claim for debt for another.

(b) An offense under Subsection (a) is a misdemeanor punishable by a fine of not less than $200 or more than $500.

(c) In addition to the fine, the justice may be removed from office.

(d) This section does not prohibit a justice who is authorized by law to act for others in the collection of debts from undertaking to collect a debt for another if the amount of the debt is beyond the jurisdiction of the justice court.

Added by Acts 1993, 73rd Leg., ch. 268, § 9, eff. Sept. 1, 1993.

### Historical and Statutory Notes

**Prior Laws:**

Acts 1929, 41st Leg., p. 483, ch. 227, § 1.
Vernon's Ann.P.C. art. 380a.

Acts 1973, 63rd Leg., p. 995, ch. 399, § 5.
Vernon's Ann.Civ.St. art. 6252–24.

### Library References

Collection of private debts, see Brooks, 36 Texas
Practice § 23.18.

### Notes of Decisions

Restitution of dishonored check    1

**1. Restitution of dishonored check**
In accordance with § 32.41(e), a justice of the peace may consent to receive restitution on behalf

of the holder of a dishonored check in a case filed in the justices's court. Op.Atty.Gen. 1996, No. DM–396.

## SUBCHAPTER B.  JURISDICTION AND POWERS

## § 27.031.  Jurisdiction

(a) In addition to the jurisdiction and powers provided by the constitution and other law, the justice court has original jurisdiction of:

(1) civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $5,000, exclusive of interest;

(2) cases of forcible entry and detainer; and

(3) foreclosure of mortgages and enforcement of liens on personal property in cases in which the amount in controversy is otherwise within the justice court's jurisdiction.

(b) A justice court does not have jurisdiction of:

(1) a suit in behalf of the state to recover a penalty, forfeiture, or escheat;

(2) a suit for divorce;

(3) a suit to recover damages for slander or defamation of character;

(4) a suit for trial of title to land; or

(5) a suit for the enforcement of a lien on land.

Amended by Acts 1991, 72nd Leg., ch. 776, § 2, eff. Sept. 1, 1991.

20

1991 Legislation
The 1991 amend
the maximum juris-
$2,500.

Section 6 of the 1
"This Act takes
changes in the law

Jurisdiction, see
§ 23.19.

Collateral estoppel

1.

2.  Real property—
American Spiritual
1958) 313 S.W.2d 13
Tenant was not en
against landlord to
allowing tenant to cu
knew of its alleged vi
filed declaratory jud
injunction, tenant
amendment to the l
bargained originally,
court, in which it co
was in violation of lea
tenant was loss of ti
Landry's Seafood Inn
Wiggins (App. 14 I
rehearing overruled.

3. —— Title, real p
Federal district cou
title to property, ev
court in which forcib
commenced would n
resolve title issue, w
ance Corporation (FD
ible entry and detai
removal; prospective
intervened to claim ti
district court would h
tion of justice of peac
court of jurisdiction th
removal. Federal De
Bend, Inc., S.D.Tex.19
Where title to real
only district court ha
tice court does not l
Alloju (App. 14 Dist.
corpus granted 907 S.
Where issue of title
tally or collaterally in
does not have origin
inferior court having j
troversy would be pr

§ 92.0081 (Vernon Supp 2002)(Prop. Code)    LANDLORD AND TENANT
Note 2    Title 8

property, including loft apartment, and that agents for landlords had been on leased property after tenant moved in and helped tenant obtain residential utility rates, provided sufficient evidence to support findings that tenant resided in leased property and that landlords knew that he resided in leased property. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit for writ of reentry, styling of lease as "Office Lease" did not affect sufficiency of evidence supporting finding that leased property constituted tenant's residence. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit for writ of reentry, designation of lease space as commercial property in records of appraisal district did not affect sufficiency of evidence to support finding that leased property constituted tenant's residence. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit for writ of reentry, presence of employee of tenant's sole proprietorship on daily basis to perform job-related activities did not affect sufficiency of evidence to support finding that leased property constituted tenant's residence; leased property contained offices of tenant's sole proprietorship as well as tenant's residence. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit for writ of reentry, tenant's ownership of condominium and use of office out of state did not affect sufficiency of evidence supporting finding that leased property constituted tenant's residence; tenant's out of state office was related to his job, and the only mail tenant received at his out of state condominium was utility bills. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit to obtain writ of reentry, tenant's designation of another house as his home-

stead did not render insufficient the evidence showing that tenant used leased property as his permanent residence. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

**3. Subletting**

In tenant's suit for writ of reentry, tenant's attempt to sublet leased property did not affect sufficiency of evidence to support finding that leased property constituted his permanent residence; tenant had placed advertisements for subleasing to gauge the market, but never quoted any prices or sent information to anyone answering his advertisement. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

**4. Review**

On appeal of trial court's grant of writ of reentry to tenant, landlords waived claim that trial court erred in finding that their actions of changing locks damaged tenant, by failing to argue or present authorities in support of their point of error. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

On appeal of trial court's grant of writ of reentry to tenant, landlords waived their argument that trial court erred in admitting notice of lockout that had been posted, by failing to cite authority in support of their argument on that point of error. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

**5. Notice of lockout**

In tenant's suit to obtain writ of reentry, notice of lockout posted on door of leased property that complied with statutory requirements constituted sufficient evidence to support trial court's finding that landlords had posted statutory notice of lockout. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

## § 92.009. Residential Tenant's Right of Reentry After Unlawful Lockout

(a) If a landlord has locked a tenant out of leased premises in violation of Section 92.008, the tenant may recover possession of the premises as provided by this section.

(b) The tenant must file with the justice court in the precinct in which the rental premises are located a sworn complaint for reentry, specifying the facts of the alleged unlawful lockout by the landlord or the landlord's agent. The tenant must also state orally under oath to the justice the facts of the alleged unlawful lockout.

(c) If the tenant has complied with Subsection (b) and if the justice reasonably believes an unlawful lockout has likely occurred, the justice may issue, ex parte, a writ of reentry that entitles the tenant to immediate and temporary possession of the premises, pending a final hearing on the tenant's sworn complaint for reentry.

(d) The writ of reentry must be served on either the landlord or the landlord's management company, on-premises manager, or rent collector in the same manner as a writ of possession in a forcible detainer action. A sheriff or constable may use reasonable force in executing a writ of reentry under this section.

(e) The landlord is entitled to a hearing on the tenant's sworn complaint for reentry. The writ of reentry must notify the landlord of the right to a hearing. The hearing shall be held not earlier than the first day and not later than the seventh day after the date the landlord requests a hearing.

18

EXHIBIT G
PAGE 6 OF 8 PAGES

---

### Right column (partial, cut off)

LANDLORD AND
Title 8

(f) If the landlord before the eighth d Subsection (d), a ju

(g) A party may for reentry in the sa

(h) If a writ of po

(i) If the landlord comply with the wri against the landlord Government Code. the court in which t who has disobeyed ence. On receipt o person to appear o contempt of court. person has directly without bail until th justice may direct. but has complied w contempt and asses

(j) This section c Section 92.008.

(k) If a tenant in being served on th action recover from whichever is greate the landlord is liabl

(l) The fee for action in justice co of a writ of posses service of a civil c service costs for th waived only if the t

(m) This section forcible entry and

Amended by Acts 199

**1997 Legislation**

Acts 1997, 75th I added the last senten

**In general 1**

**1. In general**
In tenant's suit t court's statement in for actual damages served for determin constitute grant of

Case 1:03-cv-00083    Document 1    Filed in TXSD on 05/02/2003    Page 76 of 242

DLORD AND TENANT
Title 8

LANDLORD AND TENANT
Title 8

§ 92.009
Note 1

r insufficient the evidence
ised leased property as his
Warehouse Partners v.
. 1995) 910 S.W.2d 19, writ

. . . . .

r writ of reentry, tenant's
ised property did not affect
ce to support finding that
tituted his permanent resi-
iced advertisements for sub-
iarket, but never quoted any
tion to anyone answering his
ihouse Partners v. Gardner
il0 S.W.2d 19, writ denied.

iurt's grant of writ of reentry
vaived claim that trial court
t their actions of changing
, by failing to argue or pres-
iport of their point of error.
:. Gardner (App. 5 Dist. 1995)
:nied.

iurt's grant of writ of reentry
waived their argument that
mitting notice of lockout that
failing to cite authority in
ment on that point of error.
/. Gardner (App. 5 Dist. 1995)
:nied.

t

obtain writ of reentry, notice
door of leased property that
iry requirements constituted
support trial court's finding
sted statutory notice of lock-
.ners v. Gardner (App. 5 Dist.
writ denied.

ilawful Lockout

iolation of Section 92.008,
us section.

which the rental premises
e alleged unlawful lockout
e orally under oath to the

ice reasonably believes an
te, a writ of reentry that
premises, pending a final

ir the landlord's manage-
me manner as a writ of
.y use reasonable force in

mplaint for reentry. The
The hearing shall be held
fter the date the landlord

(f) If the landlord fails to request a hearing on the tenant's sworn complaint for reentry before the eighth day after the date of service of the writ of reentry on the landlord under Subsection (d), a judgment for court costs may be rendered against the landlord.

(g) A party may appeal from the court's judgment at the hearing on the sworn complaint for reentry in the same manner as a party may appeal a judgment in a forcible detainer suit.

(h) If a writ of possession is issued, it supersedes a writ of reentry.

(i) If the landlord or the person on whom a writ of reentry is served fails to immediately comply with the writ or later disobeys the writ, the failure is grounds for contempt of court against the landlord or the person on whom the writ was served, under Section 21.002, Government Code. If the writ is disobeyed, the tenant or the tenant's attorney may file in the court in which the reentry action is pending an affidavit stating the name of the person who has disobeyed the writ and describing the acts or omissions constituting the disobedi- ence. On receipt of an affidavit, the justice shall issue a show cause order, directing the person to appear on a designated date and show cause why he should not be adjudged in contempt of court. If the justice finds, after considering the evidence at the hearing, that the person has directly or indirectly disobeyed the writ, the justice may commit the person to jail without bail until the person purges himself of the contempt in a manner and form as the justice may direct. If the person disobeyed the writ before receiving the show cause order but has complied with the writ after receiving the order, the justice may find the person in contempt and assess punishment under Section 21.002(c), Government Code.

(j) This section does not affect a tenant's right to pursue a separate cause of action under Section 92.008.

(k) If a tenant in bad faith files a sworn complaint for reentry resulting in a writ of reentry being served on the landlord or landlord's agent, the landlord may in a separate cause of action recover from the tenant an amount equal to actual damages, one month's rent or $500, whichever is greater, reasonable attorney's fees, and costs of court, less any sums for which the landlord is liable to the tenant.

(l) The fee for filing a sworn complaint for reentry is the same as that for filing a civil action in justice court. The fee for service of a writ of reentry is the same as that for service of a writ of possession. The fee for service of a show cause order is the same as that for service of a civil citation. The justice may defer payment of the tenant's filing fees and service costs for the sworn complaint for reentry and writ of reentry. Court costs may be waived only if the tenant executes a pauper's affidavit.

(m) This section does not affect the rights of a landlord or tenant in a forcible detainer or forcible entry and detainer action.

Amended by Acts 1997, 75th Leg., ch. 1205, § 9, eff. Sept. 1, 1997.

Historical and Statutory Notes

1997 Legislation
Acts 1997, 75th Leg., ch. 1205, in subsec. (d), added the last sentence.

Notes of Decisions

In general   1

1.  In general
In tenant's suit to obtain writ of reentry, trial court's statement in judgment that tenant's claims for actual damages and attorney fees were re- served for determination in separate case, did not constitute grant of relief on claim not included in

pleadings. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

In tenant's suit to obtain writ of reentry, trial court's inclusion in judgment of order granting motion to quash subpoena did not render judgment void for granting relief not requested in pleadings. Warehouse Partners v. Gardner (App. 5 Dist. 1995) 910 S.W.2d 19, writ denied.

19

EXHIBIT G
PACE   7   OF   8   PAGES

provided that this rule shall not apply as to any party against whom default judgment is rendered.
Amended by order of June 10, 1980, eff. Jan. 1, 1981.

**Notes and Comments**

Source: New rule.

Change by amendment effective January 1, 1981: The words "motion or" before "exception" are deleted, and "rendition of judgment" is changed to "judgment is signed."

## RULE 91.  SPECIAL EXCEPTIONS

A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to.
Amended by order of March 31, 1941, eff. Sept. 1, 1941.

**Notes and Comments**

Source:  Texas Rule 18 (for the District and County Courts).

## RULE 92.  GENERAL DENIAL

A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue. When the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff.

When a counterclaim or cross-claim is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim or cross-claim, but the party shall not be deemed to have waived any special appearance or motion to transfer venue.  In all other respects the rules prescribed for pleadings of defensive matter are applicable to answers to counterclaims and cross-claims.
Amended by orders of Dec. 5, 1983, eff. April 1, 1984; Dec. 19, 1984, eff. April 1, 1985.

**Notes and Comments**

Source:  Arts. 2006 (part) and 2012 combined without change.

Change by amendment effective April 1, 1985: The second paragraph is new.  It clarifies some ambiguity in the law and undertakes to codify the law.

The phrase "plea of privilege" has been corrected to "motion to transfer venue."

## RULE 93.  CERTAIN PLEAS TO BE VERIFIED

A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

1.  That the plaintiff has not legal capacity to sue or that the defendant has not legal capacity to be sued.

2.  That the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued.

3.  That there is another suit pending in this State between the same parties involving the same claim.

4.  That there is a defect of parties, plaintiff or defendant.

5.  A denial of partnership as alleged in any pleading as to any party to the suit.

6.  That any party alleged in any pleading to be a corporation is not incorporated as alleged.

7.  Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it states that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority.  In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

8.  A denial of the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved.  The denial required by this subdivision of the rule may be made upon information and belief.

9.  That a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part.

10.  A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.

11.  That a contract sued upon is usurious.  Unless such plea is filed, no evidence of usurious interest as a defense shall be received.

12.  That notice and proof of loss or claim for damage has not been given as alleged.  Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted.  A denial of such notice or such proof shall be made specifically and with particularity.

33

## Sanchez, Whittington, Janis & Zabarte, L.L.P.

Attorneys At Law
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: 956/546-3731
Telefax: 956/546-3766

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:  504-3678

To:            Carlos A. Buentello, Court Administrator
Of:            County Court At Law No. 2
From:          Brian G. Janis, Attorney
Client/Matter: J-96-16633-B/Offshore-Writ Case
Date:          January 16, 2003

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
|           | 3                |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT 956/546-3731.

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.

ATTORNEYS AT LAW

100 NORTH EXPRESSWAY 83

BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P.C.

TEL (956) 546-3731
FAX (956) 546-3765

January 16, 2003

Mr. Carlos A. Buentello
Court Administrator
County Court At Law No. 2
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

SENT BY REGULAR MAIL
AND BY TELEFAX
(504-3678)

RE:  Cause No. 2003-CCL-23-B
     Port Isabel - San Benito
        Navigation District
     vs. Offshore Entertainment Corp.
     County Court At Law No. 2
     Cameron County, Texas

Dear Mr. Buentello:

Enclosed for presentation to the Presiding Judge is a proposed Order Setting Hearing Date.

Also enclosed is a copy of said order to be date-stamped and returned to me in the enclosed (self-addressed and metered) envelope.

A copy of said order (and this letter) has been forwarded to counsel for Defendant.

Thank you for your assistance.

Sincerely,

Brian G. Janis

BGJ/ma
enc.

Mr. Carlos A. Buentello
January 16, 2003
Page 2


cc:  Mr. Robert C. Cornelison            SENT BY REGULAR MAIL
     Port Director                       AND BY TELEFAX
     Port Isabel - San Benito                 (943-8922)
       Navigation District
     250 Industrial Drive
     Port Isabel, Texas 78578

     Mr. Rick Navarro, Attorney          SENT BY REGULAR MAIL
     Denton, Navarro, Rocha              AND BY TELEFAX
       & Bernal, P.C.                        (1-956/421-3621)
     222 East Van Buren Avenue
     Harlingen, Texas 78550

     Mr. Albert Villegas, Attorney       SENT BY REGULAR MAIL
     Villegas Law Firm                   AND BY TELEFAX
     1324 East Seventh Street                (544-7828)
     Brownsville, Texas 78520

Facsimile sent to:

Mr. Robert C. Cornelison    (956) 943-8922
Mr. Rick Navarro            (956) 421-3621
Mr. Albert Villegas         (956) 544-7828



Re:    Cause No. 2003-CCL-23-B
Date:  January 17, 2003

Pages:  2_____  (Including this cover sheet)

Attached is an Order setting the hearing on January 21, 2003. Please call if you have any questions or concerns.

Thank you!

From the desk of ...

Carlos A. Buentello
Court Administrator
Cameron County Court at Law No. Two
974 E. Harrison Street
Brownsville, Texas 78520
Email: cbuentello@co.cameron.tx.us
Telephone No.: (956) 544-0856
Fax No.: (956) 504-3678

CAUSE NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL - SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | AT LAW NO. 2 OF |
| VS. | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

ORDER SETTING HEARING DATE

On this __16th__ day of January, 2003, came on to be heard Plaintiff's Motion For Temporary Restraining Order in the above entitled and numbered cause, and the Court, having considered same, is of the opinion that said Motion should be set for hearing.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion For Temporary Restraining Order is hereby set for hearing on the __21st__ day of __January__, 2003, at __9:00__ __A__.M.

SIGNED this __16th__ day of January, 2003 at Brownsville, Texas.

_____
JUDGE PRESIDING

ORDER SETTING HEARING DATE - PAGE 1

TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 15:17

| | |
|---|---|
| DATE,TIME | 01/06 15:16 |
| FAX NO./NAME | 9438922 |
| DURATION | 00:00:43 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 15:14

| | |
|---|---|
| DATE,TIME | 01/06 15:13 |
| FAX NO./NAME | 5447828 |
| DURATION | 00:00:43 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 15:12

| | |
|---|---|
| DATE,TIME | 01/06 15:10 |
| FAX NO./NAME | 19564213362142189 |
| DURATION | 00:00:58 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

<u>CAUSE NO. 2003-CCL-23-B</u>

| | | |
|---|---|---|
| PORT ISABEL - SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | § | |
| | § | |
| VS. | § | AT LAW NO. TWO |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY, TEXAS |

<u>ORDER RESETTING HEARING</u>
*Temporary Restraining Order*

On the 17th day of January, 2003, the Court, reset the ***Temporary Restraining Order*** to the 23rd day of January, 2003, at 9:00 a.m.

Signed on this 17th day of January, 2003.

_____
JUDGE ELIA C. LOPEZ

Facsimile sent to:

| | |
|---|---|
| Mr. Robert C. Cornelison | (956) 943-8922 |
| Mr. Rick Navarro | (956) 421-3621 |
| Mr. Albert Villegas | (956) 544-7828 |



Re:    Cause No. 2003-CCL-23-B
Date:   January 17, 2003

Pages:  2_____ (Including this cover sheet)

Attached is an Order resetting the hearing from January 21, 2003 to January 23, 2003. This change in date is due to Mr. Villegas having a pending matter in Keblerg County on the original date. Please call if you have any questions or concerns.

Thank you!

From the desk of ...

Carlos A. Buentello
Court Administrator
Cameron County Court at Law No. Two
974 E. Harrison Street
Brownsville, Texas 78520
Email: cbuentello@co.cameron.tx.us
Telephone No.: (956) 544-0856
Fax No.: (956) 504-3678



TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 16:46

| | |
|---|---|
| DATE,TIME | 01/05 16:45 |
| FAX NO./NAME | 5447828 |
| DURATION | 00:00:41 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 16:43

| | |
|---|---|
| DATE,TIME | 01/06 16:42 |
| FAX NO./NAME | 19564213621421B9 |
| DURATION | 00:00:42 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 01/06/2003 16:41

| | |
|---|---|
| DATE,TIME | 01/06 16:40 |
| FAX NO./NAME | 9438922 |
| DURATION | 00:00:41 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# VILLEGAS LAW FIRM

### ATTORNEYS AT LAW

1324 EAST SEVENTH STREET • BROWNSVILLE, TEXAS 78520 • TELEPHONE 956/544-3352 • FAX 956/544-7828

January 22, 2003

Court Coordinator
County Court at Law NO. 2
Cameron County Clerk
Cameron County Courthouse
Brownsville, Texas 78540

**RECEIVED**
JOE G. RIVERA
JAN 2 2 2003
CAMERON COUNTY
Time 3:38
By _____ Deputy

RE: Cause NO 2003 CCL 23 B
    Port Isabel San Benito Navigation District v. Offshore Entertainment Inc

Dear Clerk:

    I enclose the Defendants Motion to Dismiss. By copy of same, opposing counsel is advised of this filing.

Very truly yours,

Albert Villegas

B Janis
Sanchez Whittington and Janis
100 Expressway 83
Brownsville Texas

FILED FOR RECORD

AT \_\_\_\_ O'CLOCK \_\_\_\_ M

JAN 2 2 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

## CAUSE NO 2003 CCL 23 B

| | | |
|---|---|---|
| PORT DIRECTOR OF PORT | § | IN THE COUNTY COURT |
| ISABEL- SAN BENITO NAVIGATION | § | |
| DISTRICT | § | AT LAW NO. |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

## MOTION TO DISMISS

Comes Now, Offshore Entertainment Corp. who files this their Motion to Dismiss for Lack of Jurisdiction and would respectfully show the Court as follows:

I

Defendant would show the Court that there has been no service of process of the Citation nor Original Petition. Defendant objects to any hearing prior to any service on the the defendant and without reasonable notice. Only through the diligence and direction of the Court did the Defendant receive notice, although Plaintiff and their counsel are aware of the attorneys for Defendant.

II

## DISMISSAL FOR LACK OF JURISDICTION

Without waiving the foregoing, Defendant would further respectfully show the Court that this Original Petition and Temporary Restraining Order should be dismissed for lack of jurisdiction or in the alternative this case should be dismissed as the 404th District Court already is hearing the same claims of the Plaintiff herein. Plaintiff is forum shopping hoping that this Court will not rely on law and precedent. Plaintiff makes numerous misrepresentations of the facts, Orders of the Court and the Order of the Appeals Court as set out below.

III

The Defendant moves this Court to Dismiss this lawsuit for lack of jurisdiction. The only relief sought by the Plaintiff is for possession of the leased premises and thus is actually an appeal from the Judgment rendered in Cause NO. 02 1768, by the Honorable Justice of the Peace Bennie Ochoa III.

### IV

The Defendant would show the Court that their rights are governed by <u>Texas Property Code Section 93.003</u> entitled *Commercial Tenant's Right of Reentry after Unlawful Lockout.* Sole jurisdiction is given to the Justice Court, [subsection (b)] " *where the tenant must file with the Justice Court in the precinct in which the rental premises are located......*"

The procedural history will show Hon. Judge Ochoa granted the right of reentry and entered judgment after the District {Plaintiff herein} failed to ask for a hearing as required under <u>Texas Property Code Section 93.003(f)</u> which states:

" *If the landlord fails to request a hearing on the Tenant's sworn complaint for reentry before the eighth day after the date of service of the writ of reentry on the landlord under Subsection (d), a judgment for court costs may be rendered against the landlord.* "

### V

Defendant would show the Court that the allegations of the Plaintiff in Paragraph XII are baseless and false regarding the defective judgment. The Plaintiff failed to request a hearing before the Justice of the Peace. Plaintiff District counsel's exparte communications, which in and of itself are sanctionable and highly improper, do not excuse the failure to timely request a hearing. Nowhere does the Plaintiff urge that the Hon. Judge Ochoa refused to set the case for a hearing or that it had no notice as such would be without merit and outright false. The Plaintiff failed to request a hearing to urge its motions and in failing to do so waived any objections to the judgment entered.

### IV

In order to appeal from the Judgment entered in the Justice of the Peace Court, the Plaintiff's appeal was governed by <u>Rule 749 of the Texas Rules of Civil Procedure</u>. Rule 749 specifically sets out the time tables and procedure for appealing a Judgment from the Justice of the Peace Court. <u>Texas Property Code Section 93.003</u> governs Commercial Tenant's Right of Reentry after Unlawful Lockout and sets out the procedure for the tenant to seek the writ of reentry and the appellate process. Subsection <u>(g)</u> of <u>Section 93.003</u>, states

"*A party may appeal from the Court's judgment at the hearing on the sworn complaint for reentry in the same manner as a party may appeal a judgment in a forcible detainer suit.* "

V

Defendant would show the Court that Rule 749 of the Texas Rules of Civil Procedure governs appeals in Forcible Entry and Detainer cases.  Rule 749 requires that the

"..*Party wishing to appeal from a final judgment must file within five days of the judgment, a bond to be approved by said justice.... and within five days following the filing of such bond, the party appealing shall give notice as provided in Rule 21a of the filing of such bond to the adverse party.*"

Failure to comply specifically with  this procedural deadlines is fatal to the noncomplying party.  Applying Texas Property Code Section 93.003 (g), and  the case law applicable to forcible entry and detainer cases, this Court lacks jurisdiction to consider the Injunction of Possession as requested by Plaintiff. The issue of possession was determined by the Hon. Judge Ochoa when he granted the Writ of Reentry and entered Judgment. The following cases have held that failure to follow Rule 749 deprives this Court of jurisdiction.   Winrock Houston Associates Ltd. Partnership v. Bergstrom, 8790 SW2d, 144 (Court of Appeals, 14th Dist, 1994), Wetsel v. Fort Worth Brake, Clutch & Equipment, 780 SW2d 952 (2d Court of Appeals, 1989), Stegall v. Cameron, 601 SW2d 771 (Court of Appeals, 1980), RCJ Liquidating Co. v. Village, Ltd. ,670 SW2d 643 (Tex. 1984).

VI

The Plaintiff District's lawsuit constitutes an appeal and being untimely filed should be dismissed.

VII

DISMISSAL FOR FORUM SHOPPING

The Defendant would show the Court that claims are pending in the 404th District Court where the Defendant Offshore Entertainment Corp. [Plaintiff in the 404th District Court] sued the District, its director and elected officers for fraud, breach of contract, tortuous interference, negligence and sought and obtained a Temporary Restraining Order enjoining the Defendant District from the following relevant provisions:

1. Destroying or deleting any records, documents, correspondence, billings, electronic mail transmissions, facsimiles, invoices or files of any kind or nature regarding the parties in this case and the leased property and any communications between the defendants and any third parties

including themselves with regard to the plaintiff or the "leased premises";

2. from entering into any oral or written contracts, leases, agreements, subleases, with any third parties for the "leased premises" **without prior notice to this Court or by Court Order** ;

3. from removing or destroying any property of the Plaintiffs which remained on the "leased premises" at the time of the eviction;

4. from contacting any of the entities or persons who have paid the defendant for the "leased premises" with the intent to interfere with the Plaintiff's investigation;

5. from contacting any of the parties who became known to the defendants by way of the Plaintiff's introduction of these third parties with the intent to interfere with Plaintiff's contractual relationships;

6. from paying any third parties any sums collected by defendants from the parties who subleased the Plaintiff's "leased premises";

7. from destroying any of the improvements made by the Plaintiffs to the "leased premises";

8. from failing to account for all moneys received from any third party for the lease of the "leased premises"

Nowhere did the Temporary Injunction prevent the District from leasing the premises, only from doing so without Court approval. Never did the District seek Court approval.

VIII

The claims in the District Court are based on a landlord tenant relationship. Offshore had a lease for the premises since 1994. The lease was for the land and dock to be used for the operation of a gambling casino vessel. Unknown to Offshore, its directors and or assignees, since 1994, the District was subleasing the same premises to third parties and collected over $750,000.00, while the same property was under lease to Offshore. The District had fraudulently failed to disclose that it had subleased the property and collected Three Quarters of a Million Dollars. Meanwhile Offshore and its assignees were paying over $90,000.00 a year in rental payments for the same land to the District. Prior to Offshore filing the lawsuit, demand was made to account for this double recovery and offset this amount collected of over $750,000.00, to any alleged rentals due and District refused.

## IX

The 404th District Court granted the Temporary Injunction without hearing evidence and without setting a bond. The Court of Appeals rendered an opinion that the Temporary Injunction was void since there was no evidence heard and no bond was set. The Court of Appeals did not consider the merits of the claims, only the defects in the rendition of the Injunction. Since that initial Injunction was granted, the 404th District Court heard three full days of testimony from witnesses on the District's request for a reconsideration of the granting of the Temporary Injunction and the Districts Motion to Compel Arbitration. It is expected that the Court will again grant the Temporary Injunction as sought.

## X

Defendant Offshore would show the Court that it was locked out on or about September, 2001 when the District Director "commandeered for the public good" the leased premises. At this time in September, 2001, the causeway was closed due to the barge hitting and causing the bridge to partially collapse. The District Director fraudulently misrepresented to the Offshore representatives that the leased premises were being gratuitously offered to Williams Brothers, the residents of the area and other persons. In fact the District was leasing the leased premises to the City of South Padre Island and to William Brothers and collected over $65,000.00 in rentals for the three month period between September, 2001 and December 2001. Again none of this amount was credited to Offshore as the tenants in legal and actual custody of the premises. Only later did Offshore learn that the District had profited handsomely from the catastrophe. When the Offshore representative questioned this double recovery, the District retaliated and responded by directing its attorney to find a way to terminate the lease. Plaintiff gave less than thirty days to cure the defaults, although the rentals paid were due on a monthly basis. Defendant offered to pay the rentals but the District refused to accept the offers.

## XI

Defendant would draw the Court's attention to Exhibit A and B. Defendant Objects to the Court considering such unsigned documents. Defendant would also show the Court that the Plaintiff failed to disclose the dispute as to the existence of two leases with different terms which were drafted by the Plaintiff's counsel. Plaintiff only showed the Court one and omitted the other. The 404th District Court has both before it and has heard the testimony regarding both

of these leases.  It would be a waste of this Court's time to reconsider all the evidence which makes up over three boxes of pleadings and records which are already before the 404th District Court.

Wherefore Defendant prays that the Court dismiss this Cause for lack of Jurisdiction and assess the costs of Court against the Plaintiff or in the alternative dismiss the case for forum shopping and require the Plaintiffs to seek relief in the Court where this matter is pending.

RESPECTFULLY SUBMITTED

ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this _____ day of _____, 2003 by regular mail.

_____
ALBERT VILLEGAS

CAUSE NO 2003 CCL 23 B

| PORT DIRECTOR OF PORT | § | IN THE COUNTY COURT |
| ISABEL- SAN BENITO NAVIGATION | § | |
| DISTRICT | § | AT LAW NO 2 |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

## ORDER

Came on to be heard Defendant's Motion to Dismiss and finding that the Motion is well founded the Court is of the opinion said motion should be granted.

IT IS ORDERED that the Defendant's Motion to Dismiss is Granted.

Signed this ___28___ day of January, 2003.

_Elia Lopez_

JUDGE PRESIDING

01/29/03
BRIAN JANIS
ALBERT VILLEGAS
JGR/LC

M. M. Barberena
*Constable Precinct 1*



Cameron County
313-9 Queen Isabella Blvd.
P. O. Box 787
Port Isabel, Texas 78578
(956) 943-6757

# FAX COVER SHEET

**TO:** ATTY Brian Janis — 546-3766

**FROM:** Constable Barberena.  943-0199

**DATE:** 01/28/03

**REF:** 2003-38.23 misc. Report

**3** **NUMBER OF PAGES, INCLUDING THIS COVER PAGE**

## THIS IS A CONFIDENTIAL FAX AND IS INTENDED FOR THE PARTY LISTED ABOVE. IF RECEIVED IN ERROR, P/S NUMBER RIGHT HAND CORNER ABOVE, AND LET US KNOW.

Constable Mike M. Barberena
Cameron County Constable Pct #1
313-9 Queen Isabella Blvd.
Port Isabel, Texas 78578
Off (956) 943-6757 • Fax (956)

EXHIBIT J
PAGE ___1___ OF ___3___ PAGES

**M. M. Barberena**
*Constable Precinct 1*



**Cameron County**
313 9 Queen Isabella Blvd.

Port Isabel, Texas 78578
(956) 943-6757

CASE # 2003- 3823
MISCELLANEOUS   REPORT

NAME OF PERSON COMPLAINING _Etheridge, Luis_ LOCATION OF INCIDENT _Port Nav. Dist._

TYPE OF INCIDENT _Civil matter_ ADDRESS OF PERSON REPORTING _c/o JP's OFC_

PH# _943-2520_

DETAILS OF WHAT THE REPORT IS ABOUT OR TYPE OF COMPLAINT. _CCSO Dispatched this officer to_
_the JP's OFC in reference to a civil matter. Cause # 02-1768 a writ of_
_Re-Entry from JP Court. Ms Luis Etheridge requested that I go with_
_Ms Dorothy from OFF Shore Entertainment Corp., I advised_
_them that we could not go, representing the JP Court.  Atty Albert_
_Villegas for Off Shore Entertainment requested if I could go on_
_Security and Safety Concern and I advised him that on_
_that I could only go as a police ofca,  I went  and escorted_ ★

TIME CALL RECEIVED _445_ a.m.(p.m.) Date: _01-23-03_ time completed _505_ am (pm) Below

Officer _MM Barberena_ Unit # _911_ approved by _MM Barberena_

TYPE OF CALL. IF INVOLVING A VEHICLE : ( ) STALLED CAUSEWAY : ( ) EAST BOUND. ( )WEST BOUND

( ) STALLED OTHER: ( ) SUSPICIOUS VEHICLE : ( ) ABANDONED : ( ) OTHER

| VEHICLE INVOLVED | ( ) VICTIM'S | | ( ) COMPLAINT'S | | ( ) BUSINESS | | ( ) SUSPECT'S | ( ) UNKNOWN |
|---|---|---|---|---|---|---|---|---|
| VEH #1 | COLOR | YEAR | MAKE | BODY STYLE | LIC NO. | YEAR | VIN NO | INS |

★ _them to the Port and for the security and  their Safety Only._

_after that I resume patrol_

_Attached - Re-Entry writ_

_02-1768 Re-Entry_

Cause No: 02-1768   Re-Entry

Off Shore Entertainment Corp.
Plaintiff-Tenant

V.S.

Port Isabel, San Benito Navigation District.
Defendant-Landlord

IN THE JUSTICE COURT

PRECINCT 1, PLACE 1

CAMERON COUNTY, TEXAS

## WRIT OF RE-ENTRY

### TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS-GREETING:

ON THE 10th day of December 2002, in the above case, an ex-parte hearing was held pursuant to Section 92.009, Texas Property Code, granting the tenant temporary and immediate possession of the premises describe below:

Port Road
Street Address                    Unit No (if any)                    Port Isabel, Texas 78578
                                                                      City/State

### THEREFORE COMMANDED TO:

1.  Enter such premises and deliver possession thereof to the tenant.
2.  Instruct the Landlord, his agents and all persons claiming under the Landlord to release possession onto the tenant immediately
3.  Deliver a copy of this Writ to the Landlord or any person claiming to be an agent of the Landlord

YOU ARE HEREBY NOTIFIED THAT, Pursuant to article 7.003, Civil Practices and Remedies Code, you are not liable for damages resulting from the execution of this writ if you execute this Writ in good faith and with reasonable diligence, and you may, if necessary, use reasonable force in executing this Writ.

HEREIN FAIL NOT to make due return of this writ, and certify how you have executed same, within thirty (30) days from the issuance date

GIVEN UNDER MY HAND on          10th          day of   December          2001.

Bennie Ochoa 111, Justice of the Peace
Pct 1 Cameron County, Texas

### NOTICE TO THE DEFENDANT AND ALL AGENTS
You have been sued   You may employ an attorney   If you or your attorney do not appear or filed an answer with the Justice of the Peace before the eighth(8) day after receiving this Writ, a Judgment for Court Costs may be entered against you.  You have a right to a hearing within seven(7) days from the time that you answer this suit and request a hearing   A party may appeal from this Court's Judgment in the amount and manner as a Judgment in a Forcible Detainer suit.  If the Landlord or his agent fails to comply with this Writ, it may be grounds for contempt of Court This Writ does not jeopardize a Landlord's rights in a Forcible Detainer action and a Writ of Possession superse a Writ of Re-entry
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### OFFICER'S RETURN

CAME TO HAND on the    10    day of   DEC    2002, at  10:07  o'clock  A  M and
EXECUTED on the    10    day of   Dec    2002, at  1:20  o'clock  P  M.
By  SERVING  ROBERT C. CORNELISON  PORT DIRECTOR

MIKE M. Barberena
Constable of Cameron County, Texas
By Deputy _____

Constable Mike M. B—
Cameron County Const—
313-9 Queen Isabella—
Port Isabel, Texas 78—
Tel (956) 943-6757 • Fax (956)

COPY

### EXHIBIT J
PAGE   3   OF   3   PAGES

Inc. (App. 12 Dist.1996) 930 S.W.2d 124, rehearing overruled, error denied, rehearing of writ of error overruled.

[Sections 65.002 to 65.010   reserved for expansion]

## SUBCHAPTER B.   AVAILABILITY OF REMEDY

### § 65.011.   Grounds Generally

A writ of injunction may be granted if:

(1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant;

(2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual;

(3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions;

(4) a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the real property subject to execution at the time of sale, irrespective of any remedy at law; or

(5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., ch. 167, § 3.17, eff. Sept. 1, 1987.

#### Historical and Statutory Notes

The 1987 amendment, in subd. (3), directed that "statutes" be substituted for "statute".

**Prior Laws:**
Rev.Civ.St.1895, art. 2989.

Acts 1907, 30th Leg., p. 206.
Acts 1909, 31st Leg., p. 354.
Rev.Civ.St.1911, art. 4643.
Vernon's Ann.Civ.St. art. 4642.

#### Cross References

District court, jurisdiction to issue injunction, see Vernon's Ann.Const. Art. 5, § 8.
Infringement of labels, trademarks, etc., injunction against, see V.T.C.A., Bus. & C. § 16.26.
Pleadings, see Vernon's Ann.Rules Civ.Proc., Rule 683.
Sworn petition, see Vernon's Ann.Rules Civ.Proc., Rule 682.
Tax assessments, protest by taxpayers, see V.T.C.A., Tax Code § 41.41 et seq.

#### Law Review and Journal Commentaries

Contempt power of equity court over outside agitators.  John F. Dobbyn, 8 St.Mary's L.J. 1 (1976).

Enforcing divorce judgments and property settlement agreements.  Morton A. Rudberg, 5 Tex.Tech L.Rev. 645 (1974).

Ingenious use of injunctive remedies in Texas.  Robert M. Moore, 18 S.Tex.L.J. 87 (1977).

Injunction bonds: Equal protection for the indigent.  Charles L. Blood, 11 S.Tex.L.J. 16 (1969).

§ 65.012
Note 5

EXTRAORDINARY REMEDIES
Title 3

INJUNC
Ch. 65

manner as to prevent injury to adjoining property. Delhi-Taylor Oil Corp. v. Gregg (Civ.App. 1960) 337 S.W.2d 216, error granted, affirmed 162 Tex. 26, 344 S.W.2d 411.

**6. Pleadings**

Petitioner, failing to allege that one drilling oil well was unable to respond in damages, or that petitioner would suffer irreparable injury, or whether he could have adequate relief other than injunction, was not entitled to injunction against completion of well. Magnolia Petroleum Co. v. McClendon (Sup. 1933) 123 Tex. 10, 65 S.W.2d 484.

**7. Relief**

Where trial court granted temporary injunction enjoining defendants from making tests for production of oil from oil-bearing sands in subsurface of plaintiffs' lease by means of bore hole which trial court found had been opened on surface of defendants' adjoining lease, and slanted so as to penetrate oil-bearing sands of plaintiffs' lease, trial court's action in ordering a directional survey as an integral part of the temporary injunction was not abuse of discretion. Hastings Oil Co. v. Texas Co., 1950, 227 S.W.2d 317, affirmed 149 Tex. 416, 234 S.W.2d 389.

**Set-off an**
**Sureties**
**Tender of**
**Third par**
**Title 24**
**Trial pro**
**Void judg**
**Voidable**

**1. In ge**
The co
made to
rendered
man (Civ

Plaintif
validity
enforcem
injunctio
by injunc
action to
lary. Pir
(Civ.App.

**2. Dire**
An atta
tion is d
Wallace
S.W. 307

Even i
ing the
powers t
an allege
either t
record
shows a
equity a
cause of
exists.
S.W. 40

A cros
entering
of a dec
Clevenge
1062.

A suit
judgmen
same on
attack.
Civ.App.

A suit
executio
plaintiff
ing bid
executio
not a co
action a
App. 19
error re

## § 65.013. Stay of Judgment or Proceeding

An injunction may not be granted to stay a judgment or proceeding at law except to stay as much of the recovery or cause of action as the complainant in his petition shows himself equitably entitled to be relieved against and as much as will cover the costs.

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985.

### Historical and Statutory Notes

**Prior Laws:**
Acts 1848, 2nd Leg., p. 363.
P.D. 3930.

Rev.Civ.St.1895, art. 2990.
Rev.Civ.St.1911, art. 4647.
Vernon's Ann.Civ.St. art. 4645.

### Library References

Tex.Prac., Remedies, Ch. 1.
West's Tex. Forms, Civil Trial and Appellate Practice, Ch. 33.

### WESTLAW Electronic Research

See WESTLAW Electronic Research Guide following the Preface.

### Notes of Decisions

In general   1
Accident or mistake   7
Agreements   30
Appeal as legal remedy   4
Burden of proof   35
Community property   27
Death of parties   31
Default judgments   16
Diligence   8
Direct or collateral attack   2
Dormant judgments   18
Entitlement to equity, generally   5
Execution   19
Exempt property   26
Fraud   6
Judgments   12–18
  In general   12
  Default judgments   16
  Dormant judgments   18

Judgments—Cont'd
  Notice of Judgment   15
  Satisfied judgments   17
  Void judgments   13
  Voidable judgments   14
Jurisdictional defects   10
Mistake   7
Negotiable instruments   28
Nonresidents   21
Notice, generally   11
Notice of Judgment   15
Pleadings   34
Possession of property   25
Procedure generally   33
Remedy at law   4
Satisfied judgment   17
Scope of injunction   32
Secured transactions   29
Service of process   11

450

to consider. The record showed among other things, the following: ownership, of considerable separate property by each; lack of children born of this marriage; a marriage of brief duration (less than three years); considerable disparity in the ages of the parties (at the time of trial the Doctor was 52 years old, Suzanne 33); considerable financial obligation of the Doctor to his wife and children of his former marriage.

With all of these factors in mind we hold that the division of the property (including the matter of $17,000.00) was not manifestly unjust and unfair and that the trial court did not abuse its discretion. Suzanne's points 6 and 7 are overruled.

The judgment of the trial court is affirmed.



Harvey R. HOUCK, Jr., et al.,
Appellants,

v.

The KROGER CO. et al., Appellees.

No. 1657.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1977.

Rehearing Denied Sept. 21, 1977.

Lessees brought action for declaratory judgment and injunctive relief against lessors, asserting alleged right of lessees to execute sublease of store space which it rented from lessors. The District Court, Harris County, Shearn Smith, J., issued temporary injunction against lessors, and lessors appealed. The Court of Civil Appeals, 14th Supreme Judicial District, J. Curtiss Brown, C. J., held that lessees, which had executed sublease of store space rented from lessors, which had instituted action for declaratory judgment and injunctive relief against lessors following lessors' refusal to permit sublessee to take possession of store space, and whose employees were forced off of store space premises at gunpoint by agents of lessors, were entitled to temporary injunction restraining lessors from interference with lessees' possession by force or violence, upon ground that lessees were in last peaceable possession of real estate.

Affirmed.

1. Appeal and Error ⟣954(1)
   Injunction ⟣135
   Trial court has broad discretion in its determination of whether to issue writ of temporary injunction; its order should be reversed only when abuse of discretion is shown.

2. Injunction ⟣136(3), 137(4)
   Applicant for writ of temporary injunction generally must show "probable right" and "probable injury."

3. Injunction ⟣137(4)
   In action brought by lessee seeking temporary injunction placing lessee in control of store space rented from lessor, construction of provisions of lease with respect to subletting was sufficient to establish probable right of recovery in lessee necessary to issuance of temporary injunction.

4. Injunction ⟣136(3)
   Substantial loss to lessee in difference in rent between amounts payable under lease and amounts being paid to lessee by sublessee would not constitute irreparable injury necessary to issuance of temporary injunction, particularly where adequate remedy at law for damages existed, and there was no suggestion that lessors could not respond in damages if they wrongfully deprived lessee of right to sublease as provided in lease agreement.

5. Landlord and Tenant ⟣86(1), 92(2)
   Where there is no privity of contract between sublessee and original lessor, sublessee may not enforce, merely by virtue of

sublease, covenants agreements of lessor contained in original lease, such as option to renew or purchase.

**6. Declaratory Judgment** ⭐258

Lessees, which had executed sublease of store space rented from lessors, which had instituted actions for declaratory judgment and injunctive relief against lessors following lessors' refusal to permit sublessee to take possession of store space, and whose employees were forced off of store space premises at gunpoint by agents of lessors, were entitled to temporary injunction restraining lessors from interference with lessees' possession by force or violence, on ground that lessees were in last peaceable possession of real estate.

**7. Injunction** ⭐132

Purpose of temporary injunction is to maintain status quo pending final litigation of controversy.

**8. Injunction** ⭐36(1)

Reliance on self-help to settle disputes as to right to possess and occupy store space evidences disrespect for legal processes and affords trial court adequate basis for issuance of writ of injunction.

Thomas J. Holmes, Jr., Charles Crady, III, Childress, Port & Crady, Houston, for appellants.

Robert L. Rouner, Bracewell & Patterson, Houston, for appellees.

**J. CURTISS BROWN, Chief Justice.**

This is an appeal from an order granting a temporary injunction.

In March 1968, appellee, The Kroger Company (Kroger) entered into a sale-leaseback agreement with Houck-Lister. Appellants (the Houcks) are the successors in interest to the Houck-Lister partnership. Under this agreement Houck-Lister purchased a shopping center development, containing at that time a Kroger and Super X store, a subsidiary of Kroger, at the corner of Westheimer and Voss Road in Houston, Houck-Lister, in turn, leased the Kroger and Super X space back to Kroger at a monthly rent of $2,650.00.

The lease agreement contained, among other provisions, the following paragraph:

25. If at any time Tenant shall desire to sublet or assign the demised premises, it shall notify Landlord of the name of the proposed subtenant or assignee and of the general nature of the business which such subtenant or assignee proposes to conduct. If the business which such subtenant or assignee proposes to conduct would conflict with exclusive rights granted in leases to other tenants, Landlord may, within ten (10) days of receipt of such notice, refuse to approve such sublease or assignment. If Landlord fails to approve such subtenant or assignee within ten (10) days after receipt of such notice, or if Landlord refuses to approve such subtenant or assignee for any other reason than that permitted above, Tenant may terminate the Lease. Landlord shall, at any time Tenant may request, supply to Tenant copies from leases to other tenants of all clauses granting exclusive rights to conduct various businesses in the Shopping Center.

The lease also provided:

28. The provisions of this Lease shall bind and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors and assigns.

After giving notice to appellants as provided, Kroger executed a sublease of the Kroger store space in January 1977, to Bromo Distributors, Inc. (Bromo), a record and tape retailer/wholesaler, at a monthly rent of $7,950.00. This lease was executed despite appellants' refusal to consent to the sublease as required by the lease contract. Appellants gave notice to Kroger on February 3, 1977 that they considered Kroger in default and of their intention to reenter the premises after the expiration of 30 days unless the default was cured as provided in the contract. On March 1, 1977, Bromo took possession and began remodeling the premises for its retail tape and record outlet to be known as "Sound Warehouse." On March 6, appellants filed for a tempo-

HOUCK v. KROGER CO.                    Tex. **805**
Cite as 555 S.W.2d 803

rary injunction against Bromo. A hearing on this suit was delayed until March 10, to allow appellants to bring in Kroger as a defendant. Subsequently, appellants dismissed this first suit. On March 6, pursuant to their claimed right to reenter, the appellants drilled out and changed the locks on the premises, and took possession. Bromo was unable to enter the building to continue its remodeling. On March 9, Kroger instituted this action for declaratory judgment and injunctive relief against appellants, and a hearing on this motion was set for March 17. At the same time, Kroger removed a dry-wall partition which sealed off a roll-up door between the Super X and Kroger store premises, and along with armed security guards, appellees entered and resumed remodeling. This door had been closed-off by Kroger upon its vacating and subletting the premises.

Within a few minutes after appellees' entry, appellants called the Houston police and proceeded to have all the Kroger and Bromo employees, including their attorney, arrested pending criminal trespass charges. Shortly thereafter, these charges were dropped and the employees and attorney released. The following day, Kroger and Bromo reentered the premises with their security guards through the roll-up door. Appellants' security guards again entered and forced the Kroger and Bromo employees off the premises at gunpoint. On March 17, the hearing on appellees' temporary injunction commenced. The trial court issued a temporary restraining order putting Kroger in possession until 1:30 the following day when the hearing on the temporary injunction was to resume. At the hearing on the following day, the appellants took the position that the temporary restraining order, as written, was a temporary injunction, gave notice of appeal and requested the court to fix a supersedeas bond. Appellants refused to participate further in the hearing and walked out of the courtroom while the court continued the trial. At the end of the hearing, the court granted a temporary injunction. From this order, appellants have perfected their appeal.

Appellants assign several points of error attacking the trial court's order. They argue that they were not afforded the benefit of a full hearing on the second day of trial; that Bromo had no standing to seek the injunction; that the petition was not properly verified; that appellees had an adequate remedy at law; that neither appellee had shown irreparable injury or a probable right of recovery; that under the lease contract, Kroger could not sublease to Bromo restricted only by an interference with the exclusive rights of other tenants; and finally, that appellees were not in the last continued, uninterrupted possession of the premises as found by the court.

[1, 2] In reviewing the order of the trial court, we are guided by the well-settled rule that the court has broad discretion in its determination of whether to issue a writ of temporary injunction. Its order should be reversed only when an abuse of discretion is shown. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). An applicant for such relief generally must show a "probable right" and "probable injury." *Id.*, 261 S.W.2d at 552. It has sometimes been said that there must be a finding of irreparable injury or an inadequate remedy at law. *Inman v. Padrezas*, 540 S.W.2d 789, 797 (Tex.Civ.App.-Corpus Christi 1976, no writ).

[3] In the instant case the question of probable right of recovery involves construction of the provisions in the lease. We construe paragraph 25 of the lease agreement set forth above to grant to the tenant the right to sublet or assign the premises provided that the business which the subtenant or assignee proposes to conduct would not conflict with the exclusive rights granted in the leases to other tenants. It is undisputed in this record that the sublease in question does not involve a business conflicting with exclusive rights granted to any other tenant in the shopping center. The provision of the lease that in the event the landlord fails to approve the subtenant for any reason other than the single reason expressly permitted "[t]enant may termi-

nate the lease", affords the basis for argument that it constitutes the landlord's exclusive remedy. On the other hand, the permission to sublet having been granted, the right of the tenant to do so could well continue in effect along with the right of termination given as an additional contractual remedy. Such conflicting construction should be determined in a trial on the merits rather than on temporary injunction. It is enough if the evidence at the hearing "tends to sustain it." *Transport Co. of Texas v. Robertson Transports, Inc.*, 261 S.W.2d at 552. Furthermore, the language in paragraph 28 of the lease "[t]he provisions of this lease shall bind and inure to the benefit of the parties hereto, their heirs, executors, administrators, *successors and assigns*" imports a right on the part of the lessee to sublease. [Emphasis added.] *Penick v. Eddleman*, 291 S.W. 194, 195 (Tex.Com.App. 1927); *Dillingham v. Williams*, 165 S.W.2d 524, 526 (Tex.Civ.App.-El Paso 1942, writ ref'd w.o.m.). We conclude, therefore, that the finding of the trial court as to the appellees establishing a "probable right" was not an abuse of discretion.

[4] With respect to "probable injury", Kroger has clearly established a substantial loss in the difference in rent between the amount payable under the lease and the amount being paid by the sublessee. Such monetary harm, however, would not constitute irreparable injury, and an adequate remedy at law for damages does exist. There is no suggestion that appellants could not respond in damages if they wrongfully deprived Kroger of the right to sublease as provided in paragraphs 25 and 28 of the lease agreement.

[5] As to Bromo, evidence was introduced which fully justified the trial court's finding that it would sustain irreparable injury for which it does not have an adequate remedy at law. Appellants correctly point out, however, that there is no privity of contract between a sublessee and the original lessor. Therefore, a sublessee, like Bromo, may not enforce, merely by virtue of the sublease, the covenants and agreements of the lessor contained in the original

lease, such as an option to renew or purchase. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555, 558 (1961); *Lehrer v. Wegenhoft*, 203 S.W.2d 245, 249 (Tex.Civ.App.-Galveston 1947, writ ref'd n.r.e.).

[6] Aside from these questions of "probable right" and "probable injury", we affirm the order of the court below on the ground that it was justified by the finding that appellees were in the last peaceable possession of real estate so as to entitle appellees to a temporary injunction restraining appellants from interference with appellees' possession by force or violence. See *Gulf Oil Corp. v. Smithey*, 426 S.W.2d 262 (Tex.Civ.App.-Dallas 1968, writ dism'd); *Owens v. Texaco, Inc.*, 368 S.W.2d 780 (Tex. Civ.App.-Beaumont 1963, no writ); *Hartley v. Brady*, 114 S.W.2d 406 (Tex.Civ.App.-Amarillo 1938, no writ).

[7, 8] We hold no brief for the conduct of either party to this dispute. Both have resorted to self-help and ignored the relief available through the courts. Both initiated actions calculated to endanger the parties, their employees and others innocently in the vicinity. Surely the courts are not powerless to prevent the use of violent means to settle such disputes. Although we find sufficient guilt to extend to both parties, and we cannot condone the conduct of either, it is clear that appellants elected to abandon the suit they had filed to resolve the issues and to undertake to reenter the premises by forcefully drilling out and changing the locks, and, thus initiated the events which resulted in the escalation of violence. The purpose of a temporary injunction is to maintain the status quo pending final litigation of the controversy. *Story v. Story*, 142 Tex. 212, 176 S.W.2d 925, 927 (1944). Reliance on self-help to settle such dispute evidences a disrespect for legal processes and affords the trial court an adequate basis for the issuance of its writ of injunction. All assignments made by the appellants have been considered and are overruled.

Affirmed.

JUSTICE OF THE PEACE

# Bennie Ochoa III

P. O. Box 1563
313 Queen Isablla Blvd.
Cameron County Building
Port Isabel, Texas 78578
(956) 943-2520

CAUSE NO 02-1768 RE-ENTRY

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT INC. | § | IN THE JUSTICE COURT |
| | § | |
| VS | § | PCT. 1        PLACE 1 |
| | § | |
| PORT ISABEL SAN BENITO | § | CAMERON COUNTY TEXAS |

## JUDGMENT

Came on to be considered the 20th day of December 2002 the above referenced cause. No hearing having been requested in the time allowed by law by defendant, the Court determined that is has jurisdiction over the subject matter and the parties to this proceeding, enters judgment as follows:

The court finds the allegations contained in Plaintiff's Sworn Complaint for Reentry are true; that Plaintiff is entitled is entitled to Judgment for costs of Court, and that execution issue for this judgment.

The Court denies all relief not expressly granted.

Signed this 20th day of December, 2002.

Bennie Ochoa III, Justice of the Peace

**THE FOREGOING IS A TRUE AND CORRECT COPY FILED IN MY OFFICE. THIS** 22nd **DAY OF** January 03

BENNIE OCHOA, JUSTICE OF THE PEACE
RON COUNTY, TEXAS

By _____    Records Clerk

Cause No: <u>02-1768   Re-Entry</u>

<u>Off Shore Entertainment Corp.</u>                                    IN THE JUSTICE COURT
Plaintiff-Tenant
V.S.                                                                PRECINCT <u>1</u>, PLACE <u>1</u>
<u>Port Isabel, San Benito Navigation District.</u>
Defendant-Landlord                                                  CAMERON COUNTY, TEXAS

## WRIT OF RE-ENTRY

## TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS-GREETING:

ON THE <u>10th</u> day of   December <u>2002,</u> in the above case, an ex-parte hearing was held pursuant to Section 92.009, Texas Property Code, granting the tenant temporary and immediate possession of the premises describe below:

<u>Port Road</u>                                                          <u>Port Isabel, Texas 78578</u>
Street Address                          Unit No.(if any)                          City/State

**THEREFORE COMMANDED TO:**
1.  Enter such premises and deliver possession thereof to the tenant:
2.  Instruct the Landlord, his agents and all persons claiming under the Landlord to release possession onto the tenant immediately.
3.  Deliver a copy of this Writ to the Landlord or any person claiming to be an agent of the Landlord

**YOU ARE HEREBY NOTIFIED THAT,** Pursuant to article 7.003, Civil Practices and Remedies Code, you are not liable for damages resulting from the execution of this writ if you execute this Writ in good faith and with reasonable diligence; and you may, if necessary, use reasonable force in executing this Writ.

**HEREIN FAIL NOT**  to make due return of this writ, and certify how you have executed same, within thirty (30) days from the issuance date.

GIVEN UNDER MY HAND on        <u>10th</u>        day of  <u>December</u>        <u>2001.</u>

<u>Bennie Ochoa 111,</u> Justice of the Peace
Pct 11 Cameron County, Texas

### NOTICE TO THE DEFENDANT AND ALL AGENTS
You have been sued.  You may employ an attorney.  If you or your attorney do not appear or filed an answer with the Justice of the Peace before the eighth(8) day after receiving this Writ, a Judgment for Court Costs may be entered against you.  You have a right to a hearing within seven(7) days from the time that you answer this suit and request a hearing.   A party may appeal from this Court's Judgment in the amount and manner as a Judgment in a Forcible Detainer suit.  If the Landlord or his agent fails to comply with this Writ, it may be grounds for contempt of Court. This Writ does not jeopardize a Landlord's rights in a Forcible Detainer action and a Writ of Possession superse a Writ of Re-entry. ••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

### OFFICER'S RETURN

CAME TO HAND on the    <u>10</u>  day of   <u>Dec</u>    2002, at <u>10:07</u> o'clock <u>A</u>.M. and
EXECUTED on the    <u>10</u>    day of <u>Dec</u>        2002, at <u>1:20</u> o'clock <u>P</u> M.
By <u>Serving  Robert C. Cornelison  Port Director</u>

<u>Mike M. Barberena</u>                              Constable Mike M. Barberena
Constable of Cameron County, Texas               Cameron County Constable Pct #1
By Deputy: _____                313-9 Queen Isabella Blvd.
                                                 Port Isabel, Texas 78578
COPY                                             Off (956) 943-6757 • Fax (956)

Copr. © West Group 2002. All rights reserved.

§ 93.003. Commercial Tenant's Right of Reentry After Unlawful Lockout

(a) If a landlord has locked a tenant out of leased premises in violation of Section 93.002, the tenant may recover possession of the premises as provided by this section.

(b) The tenant must file with the justice court in the precinct in which the rental premises are located a sworn complaint for reentry, specifying the facts of the alleged unlawful lockout by the landlord or the landlord's agent. The tenant must also state orally under oath to the justice the facts of the alleged unlawful lockout.

(c) If the tenant has complied with Subsection (b) and if the justice reasonably believes an unlawful lockout has likely occurred, the justice may issue, ex parte, a writ of reentry that entitles the tenant to immediate and temporary possession of the premises, pending a final hearing on the tenant's sworn complaint for reentry.

(d) The writ of reentry must be served on either the landlord or the landlord's management company, on-premises manager, or rent collector in the same manner as a writ of possession in a forcible detainer action. A sheriff or constable may use reasonable force in executing a writ of reentry under this section.

(e) The landlord is entitled to a hearing on the tenant's sworn complaint for reentry. The writ of reentry must notify the landlord of the right to a hearing. The hearing shall be held not earlier than the first day and not later than the seventh day after the date the landlord requests a hearing.

(f) If the landlord fails to request a hearing on the tenant's sworn complaint for reentry before the eighth day after the date of service of the writ of reentry on the landlord under Subsection (d), a judgment for court costs may be rendered against the landlord.

(g) A party may appeal from the court's judgment at the hearing on the sworn complaint for reentry in the same manner as a party may appeal a judgment in a forcible detainer suit.

(h) If a writ of possession is issued, it supersedes a writ of reentry.

(i) If the landlord or the person on whom a writ of reentry is served fails to immediately comply with the writ or later disobeys the writ, the failure is

TX PROPERTY s 93.003

grounds for contempt of court against the landlord or the person on whom the writ was served, under Section 21.002, Government Code. If the writ is disobeyed, the tenant or the tenant's attorney may file in the court in which the reentry action is pending an affidavit stating the name of the person who has disobeyed the writ and describing the acts or omissions constituting the disobedience. On receipt of an affidavit, the justice shall issue a show cause order, directing the person to appear on a designated date and show cause why he should not be adjudged in contempt of court. If the justice finds, after considering the evidence at the hearing, that the person has directly or indirectly disobeyed the writ, the justice may commit the person to jail without bail until the person purges himself of the contempt in a manner and form as the justice may direct. If the person disobeyed the writ before receiving the show cause order but has complied with the writ after receiving the order, the justice may find the person in contempt and assess punishment under Section 21.002(c), Government Code.

(j) This section does not affect a tenant's right to pursue a separate cause of action under Section 93.002.

(k) If a tenant in bad faith files a sworn complaint for reentry resulting in a writ of reentry being served on the landlord or landlord's agent, the landlord may in a separate cause of action recover from the tenant an amount equal to actual damages, one month's rent or $500, whichever is greater, reasonable attorney's fees, and costs of court, less any sums for which the landlord is liable to the tenant.

(l) The fee for filing a sworn complaint for reentry is the same as that for filing a civil action in justice court. The fee for service of a writ of reentry is the same as that for service of a writ of possession. The fee for service of a show cause order is the same as that for service of a civil citation. The justice may defer payment of the tenant's filing fees and service costs for the sworn complaint for reentry and writ of reentry. Court costs may be waived only if the tenant executes a pauper's affidavit.

(m) This section does not affect the rights of a landlord or tenant in a forcible detainer or forcible entry and detainer action.

CREDIT(S)

1995 Main Volume

Added by Acts 1989, 71st Leg., ch. 687, § 2, eff. Sept. 1, 1989.

## 2003 Electronic Pocket Part Update

Amended by Acts 2001, 77th Leg., ch. 595, § 1, eff. June 11, 2001.

<General Materials (GM) - References, Annotations, or Tables>

## HISTORICAL AND STATUTORY NOTES

### 2003 Electronic Pocket Part Update

2001 Legislation

Acts 2001, 77th Leg., ch. 595, in subsec. (d), added the second sentence.

## LIBRARY REFERENCES

### 1995 Main Volume

Texts and Treatises
49 Texas Jur 3d, L & T § 293.

## NOTES OF DECISIONS

In general 1

1. In general

Legislature used permissive language, "may appeal," in appeal paragraph in section of Property Code pertaining to commercial tenant's right of reentry after unlawful lockout; consequently, commercial tenant in suit for reentry may appeal either in the same manner as a party may appeal a judgment in a forcible detainer suit or file writ of certiorari. Big State Pawn and Bargain

Center No. 1 v. Garton (App. 11 Dist. 1992) 833 S.W.2d 669, rehearing denied, writ denied.

Section of Civil Practice and Remedies Code pertaining to certiorari from justice court to county court did not exclude suit for reentry under section of Property Code pertaining to commercial tenant's right of reentry after unlawful lockout. Big State Pawn and Bargain Center No. 1 v. Garton (App. 11 Dist. 1992) 833 S.W.2d 669, rehearing denied, writ denied.

END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works

Copr. © West Group 2003. All rights reserved.

Rule 749. May Appeal    *F C & D appeal*

In appeals in forcible entry and detainer cases, no motion for new trial shall be filed.

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

The justice shall set the amount of the bond to include the items enumerated in Rule 752.

Within five days following the filing of such bond, the party appealing shall give notice as provided in Rule 21a of the filing of such bond to the adverse party. No judgment shall be taken by default against the adverse party in the court to which the cause has been appealed without first showing substantial compliance with this rule.


CREDIT(S)

1967 Main Volume

Amended by order of Aug. 18, 1947, effective Dec. 31, 1947.

2003 Electronic Pocket Part Update

Amended by orders of July 22, 1975, eff. Jan. 1, 1976; June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988.

<General Materials (GM) - References, Annotations, or Tables>

## COMMENT--1988

### 2002 Main Volume

The purpose of this amendment is to give notice to the appellee that an appeal of the case from the justice court has been perfected in the county court.

## OPINIONS OF SUBCOMMITTEE ON INTERPRETATION OF RULES

### 1967 Main Volume

**Bond**

The plaintiff or landlord in a forcible entry and detainer suit must give an appeal bond in order to appeal to the County Court. 6 Texas B.J. 49 (1943); 8 Texas B.J. 31 (1945).

## HISTORICAL NOTES

### 2002 Main Volume

1976 Amendment

Inserted first paragraph, the subject matter of which was previously located at the end of present second paragraph; added third paragraph relating to the amount of the bond.

1981 Amendment

In the second paragraph substituted "judgment is signed," for "rendition of said judgment".

1988 Amendment

Rewrote the first paragraph which previously related to a motion for a new trial not being necessary to authorize an appeal and added the last paragraph.

### 1967 Main Volume

Source

Vernon's Ann.Civ.St. art. 3987.

1947 amendment
Deleted requirement that notice of appeal be given.


## CROSS REFERENCES

Computation of time period, Saturdays, Sundays and legal holidays, see
Vernon's Ann.Rules Civ.Proc., Rule 4.
Bond, amendment of, Rule 14a.
Date of judgments, Rule 306a.

## LAW REVIEW COMMENTARIES

Comments on 1975 amendments to the Rules. Quentin Keith, 39 Texas Bar
J. 229 (1976).


## LIBRARY REFERENCES

### 1967 Main Volume

C.J.S. Forcible Entry and Detainer § 76 et seq.; Landlord and Tenant § 784
et seq. West's Key No. Digests, Forcible Entry and Detainer ⇐42 et seq.;
Landlord and Tenant ⇐291(18).


## NOTES OF DECISIONS

```
Bond 1
Construction and application 3/4
Jurisdiction 3
Notice of appeal 2
Validity 1/2
```

1/2. Validity

Since the application of Rules 750, 751 and this rule relating to appeal from
justice court decisions in forcible entry and detainer actions was being

attacked and the result of the application was directly attributable to reasonable interpretation given to the rules, challenge to the constitutionality of rules was properly before federal three-judge court for consideration. Compton v. Naylor, N.D.Tex.1975, 392 F.Supp. 575.

Rules 750, 751 and this rule regulating appeal from justice court decisions in forcible entry and detainer actions which have combined effect of automatic assessment of unlimited attorneys fees on appeal against losing party and possibility of unlimited damages and costs being levied at appeal level making bond virtually unobtainable for the vast majority of applicants are unconstitutional for failure to reasonably tailor procedures to achieve uniform nondiscriminatory end of providing security on appeal. Compton v. Naylor, N.D.Tex.1975, 392 F.Supp. 575.

3/4. Construction and application

Forcible detainer actions are properly brought in Justice Court, and either party may then seek a de novo appeal of the Justice Court's judgment in the County Court or other court having jurisdiction of the appeal. Cattin v. Highpoint Village Apartments (App. 2 Dist. 2000) 26 S.W.3d 737.

In forcible entry and detainer cases, only method of obtaining relief in county court is by appeal. Winrock Houston Associates Ltd. Partnership v. Bergstrom (App. 14 Dist. 1994) 879 S.W.2d 144.

In forcible detainer suits, even one concerning claim for rent as well as possession, this rule applies. Stegall v. Cameron (Civ.App. 1980) 601 S.W.2d 771, dismissed.

This rule does not provide for a party to give notice of appeal in justice court on appeal from judgment of that court. Meyer v. Young (Civ.App. 1976) 545 S.W.2d 37.

Where judgment was rendered in justice court on January 20, and appeal bond was approved on January 23 by justice of the peace, requirements of this rule were met and county court did not lack jurisdiction of appeal on ground that no court cost deposit was made within five days of granting of judgment in the justice court. Meyer v. Young (Civ.App. 1976) 545 S.W.2d

<u>37.</u>

1. Bond

On request, three-judge court should have been convened to decide whether enforcement of rule 750 and this rule, requiring appeal bond in forcible entry and detainer cases and prescribing form to be used in filing such bond, violate equal protection clause of Fourteenth Amendment. <u>Razos v. Drusina, C.A.5 (Tex.)1971, 440 F.2d 795.</u>

Appeal bond in forcible entry and detainer action must be approved by the justice of the peace. <u>Wetsel v. Fort Worth Brake, Clutch & Equipment, Inc. (App. 2 Dist. 1989) 780 S.W.2d 952.</u>

County court at law is without jurisdiction to review justice court's action in forcible entry and detainer case if appeal bond is not filed within five days from date of judgment. <u>Wetsel v. Fort Worth Brake, Clutch & Equipment, Inc. (App. 2 Dist. 1989) 780 S.W.2d 952.</u>

County court at law properly dismissed, for want of jurisdiction, appeal from justice court's action in forcible entry and detainer case, due to untimely appeal bond, though such issue was not raised by appellee. <u>Wetsel v. Fort Worth Brake, Clutch & Equipment, Inc. (App. 2 Dist. 1989) 780 S.W.2d 952.</u>

In forcible entry and unlawful detainer action by landlord against tenant, tenant's appeal bond was filed within five days after the judgment was signed, even though the appeal bond was marked filed on a later date, since the record indicated the actual filing date was different. <u>Pharis v. Culver (App. 1 Dist. 1984) 677 S.W.2d 168.</u>

Visiting presiding judge of Justice Court had power to approve tenant's appeal bond pertaining to a judgment against him by his landlord in a forcible entry and detainer suit, since the judge set the amount of bond after hearing the evidence and after being notified orally by tenant's counsel that he intended to perfect an appeal, and since the record reflected that the judge fully understood all the facts about the bond. <u>Pharis v. Culver (App. 1 Dist. 1984) 677 S.W.2d 168.</u>

Where tenant's appeal bond did not substantially comply with the form of a forcible entry and detainer bond, the county court sitting as the appellate court had the authority to order the bond amended. Pharis v. Culver (App. 1 Dist. 1984) 677 S.W.2d 168.

County court properly dismissed appeal from judgment of justice of the peace for lack of jurisdiction, where, even accepting recited date of entry as date from which time began to run, record failed to show that appeal bond was filed within five days as required in forcible detainer suit. Stegall v. Cameron (Civ.App. 1980) 601 S.W.2d 771, dismissed.

Appeal from judgment of justice of the peace in forcible detainer suit in favor of landlord for rent and for possession of property was subject to dismissal for failure of tenant to file appeal bond within five days prescribed by this rule. Stegall v. Cameron (Civ.App. 1980) 601 S.W.2d 771, dismissed.

Where forcible detainer judgment was entered by the justice court on a Monday, appeal to the county court was timely where appeal bond was not filed until the following Monday; since the fifth and last day for filing bond fell on a Saturday, time was extended until the following Monday. Zamaro's Estate v. Rodriguez (Civ.App. 1975) 517 S.W.2d 838.

$200 limitation set in appeal bond in forcible entry and detainer suit was not proper provision, but liability of sureties was limited by penal sum provided in bond to which plaintiff had not objected. Lucas v. Hayter (Civ.App. 1964) 376 S.W.2d 790, writ dismissed.

Where justice of the peace pursuant to telegraphic instructions from attorney for defendant in forcible detainer suit did not file appeal bond received by mail and approved by justice or file transcript and papers with appellate court and defendant made no effort to have appeal brought before appellate court, appeal was not perfected and judgment awarding possession to plaintiff became final though defendant's attorney tried to see justice to countermand telegraphic instructions but being unable to find him and seeing appeal bond with justice's approval thereon in justice court record made no further effort to instruct justice to disregard telegram and file the

bond. <u>Dyches v. Ellis (Civ.App. 1947) 199 S.W.2d 694.</u>

Recital in appeal bond following language of form prescribed by Rules that landlord had appealed to Harris county court meant appeal was taken to court having appellate jurisdiction so that bond was sufficient to perfect appeal from justice court judgment in forcible detainer action, though jurisdiction over appeals from justice courts in that county had been removed from county court and vested in two county courts at law. <u>Logue v. Gibraltar Sav. & Bldg. Ass'n, 1943, 175 S.W.2d 117.</u>

To perfect an appeal to county court from final judgment of justice court in forcible detainer action, appellant must file a bond to be approved by the justice, payable to adverse party, conditioned that appellant will prosecute appeal with effect. <u>Logue v. Gibraltar Sav. & Bldg. Ass'n, 1943, 175 S.W.2d 117.</u>

Plaintiff appealing to county court from justice court judgment for rent and declaring that defendants were not guilty of forcible entry and detainer was not relieved of necessity of giving an appeal bond on ground that bonds were not required on appeals from judgments denying rent only, since the appeal would take up the entire case. <u>Ragsdale v. Ward (Civ.App.) 1943) 173 S.W.2d 765.</u>

Under Rule 738 authorizing claims for rent to be joined with suits for forcible entry and detainer, suit for rent is optional with plaintiff in such cases, and does not change the nature of the proceeding, and hence plaintiff appealing to county court from justice court in forcible entry and detainer was not relieved of necessity of giving appeal bond on ground that bond would not be necessary on appeal from judgment denying rent only. <u>Ragsdale v. Ward (Civ.App.) 1943) 173 S.W.2d 765.</u>

Forcible entry and detainer proceedings are governed by specific provisions of Rule 749 authorizing appeals in such proceedings from a justice to a county court by filing an appeal bond etc., and hence guardian appealing to county court from justice court judgment in forcible entry and detainer was not relieved of necessity of giving appeal bond because of <u>Vernon's Ann.Civ.St. art. 2276</u>, providing that guardians shall not be required to give appeal bonds. <u>Ragsdale v. Ward (Civ.App.) 1943) 173 S.W.2d 765.</u>

Vernon's Ann.Civ.St. art. 2276 providing that guardians shall not be required to give appeal bonds applies to appeals from trial courts to courts of civil appeals and hence guardian appealing to county court from justice court judgment in forcible entry and detainer was not thereby relieved of necessity of giving an appeal bond required by Rule 749. Ragsdale v. Ward (Civ.App. 1943) 173 S.W.2d 765.

Rule 749 authorizing "either party" to forcible entry and detainer proceedings upon giving bond to appeal from a justice to a county court, in view of quoted term, does not apply only to defendants in such cases on ground that rule prescribing form of appeal bond names defendant as obligor and plaintiff as obligee, in view that Rule 750 relating to form of bonds sets out a guide for bonds on such appeals, which may be varied to suit the situation. Ragsdale v. Ward (Civ.App. 1943) 173 S.W.2d 765.

2. Notice of appeal

Appellant's failure to give statutory notice of appeal to appellee in forcible detainer action was not jurisdictional defect, particularly as appellee had acknowledged that it had actual knowledge of appellant's appeal and did not show that it had been damaged or prejudiced by appellant's failure to give notice. Mitchell v. Armstrong Capital Corp. (App. 1 Dist. 1994) 877 S.W.2d 480.

Under this rule, notice of appeal is necessary to perfect an appeal from justice of peace to county court in a forcible detainer suit. Simmons v. Brannum (Civ.App. 1944) 182 S.W.2d 1020.

Forcible detainer is a special proceeding and as such is governed by the special statutes and rules of practice and procedure applicable thereto. Simmons v. Brannum (Civ.App. 1944) 182 S.W.2d 1020.

In forcible detainer suit in justice court, where defendant did not give notice of appeal in open court, but filed an appeal bond, defendant did not perfect an appeal and county court did not have jurisdiction to determine plaintiffs' claim for damages for withholding of possession of premises during pendency of appeal. Simmons v. Brannum (Civ.App. 1944) 182 S.W.2d

1020.

## 3. Jurisdiction

Default judgment of writ of possession against evicted tenants was final and unappealable; evicted tenant did not learn of judgment until after five-day time limit for filing appeal had already expired, and county court did not have jurisdiction over appeal for which timely appeal from judgment of justice court was not perfected. Winrock Houston Associates Ltd. Partnership v. Bergstrom (App. 14 Dist. 1994) 879 S.W.2d 144.

County court did not have jurisdiction over evicted tenant's appeal by writ of error from justice court's entry of default judgment of writ of possession. Winrock Houston Associates Ltd. Partnership v. Bergstrom (App. 14 Dist. 1994) 879 S.W.2d 144.

After county court at law concluded that it did not have jurisdiction over appeal from final judgment in forcible entry and detainer case, it could only dismiss the appeal and assess costs, and order requiring justice court to proceed with execution of its final judgment was unauthorized. Cavazos v. Hancock (App. 7 Dist. 1985) 686 S.W.2d 284.

Judgment of the justice court awarding attorney fees to landlord in forcible detainer action was a damage judgment for more than $100 and, hence, was reviewable under exception in former Vernon's Ann.Civ.St. art. 3992 (now V.T.C.A. Property Code, § 24.007), but since an appeal bond was not filed by the tenant for its assignee within five days from the date the judgment was signed as required by this rule, the county court at law was without jurisdiction to review. RCJ Liquidating Co. v. Village, Ltd. (Sup. 1984) 670 S.W.2d 643.

Question of possession was within jurisdiction of county court and, hence, judgment awarding possession in forcible detainer suit was not void. Vickrey v. Symes (Civ.App. 1975) 527 S.W.2d 836.

Justice Courts have no jurisdiction of suits for title to land, and hence have no jurisdiction to try a case in forcible detainer, which necessarily involves trial of title to land, or to render judgment therein; accordingly, Justice Court

Case 1:03-cv-00083    Document 1    Filed in TXSD on 05/02/2003    Page 124 of 242

judgment in prior forcible entry and detainer case was void, and the district court thus erred in not enjoining execution of the writ of possession issued by justice of the peace. Rodriguez v. Sullivan (Civ.App. 1972) 484 S.W.2d 592.

Jurisdiction of county court in forcible entry and detainer suit is appellate as opposed to original based on any amount in controversy. Haginas v. Malbis Memorial Foundation (Sup. 1962) 354 S.W.2d 368, 163 Tex. 274.

On appeal from Justice Court judgment in forcible detainer suit awarding possession to landlord, County Court at Law had jurisdiction, under Rule 752, to award landlord damages for wrongful withholding of possession during appeal and for expense of prosecuting appeal, in amount in excess of $1,000 fixed by Const. art. 5, § 16, as maximum jurisdiction of County Court at Law. Haginas v. Malbis Memorial Foundation, 1961, 349 S.W.2d 957, writ granted, affirmed 354 S.W.2d 368, 163 Tex. 274.

END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works

*Stegall v. Cameron*

In forcible detainer suit, tenant attempted to appeal from judgment of justice of the peace in favor of landlord for rent and for possession of property. The County Court, Rockwall County, Derwood Wimpee, J., dismissed appeal because tenant did not file her appeal bond within five days as prescribed by rule for appeals in forcible detainer cases, and tenant appealed. The Court of Civil Appeals, Guittard, C. J., held that: (1) in forcible detainer suit, even one concerning claim for rent as well as possession, special rule proscribing filing of appeal bond within five days and other special rules governing forcible detainer cases apply, and (2) County Court properly dismissed appeal for lack of jurisdiction.

Affirmed.

## West Headnotes

[1] KeyCite Notes

&larr; **233** Landlord and Tenant
  &larr; **233IX** Re-Entry and Recovery of Possession by Landlord
   &larr; **233k287** Actions for Unlawful Detainer
    &larr; **233k291** Jurisdiction and Proceedings
     &larr; **233k291(18)** k. Review. Most Cited Cases

In forcible detainer suits, even one concerning claim for rent as well as possession, special rules governing forcible detainer actions apply, including special rule proscribing filing of appeal bond within five days. Rules of Civil Procedure, Rule 749.

[2] KeyCite Notes

&larr; **233** Landlord and Tenant
  &larr; **233IX** Re-Entry and Recovery of Possession by Landlord
   &larr; **233k287** Actions for Unlawful Detainer
    &larr; **233k291** Jurisdiction and Proceedings
     &larr; **233k291(18)** k. Review. Most Cited Cases

Case 1:03-cv-00083    Document 1    Filed in TXSD on 05/02/2003    Page 126 of 242    Page 2 of 6

Appeal from judgment of justice of the peace in forcible detainer suit in favor of landlord for rent and for possession of property was subject to dismissal for failure of tenant to file appeal bond within five days prescribed by special rules governing forcible detainer actions. Rules of Civil Procedure, Rule 749.

[3] KeyCite Notes [KC]

↞30 Appeal and Error
  ↞30X Record
    ↞30X(A) Matters to Be Shown
      ↞30k503 k. Jurisdiction of Appellate Court. Most Cited Cases

↞231 Justices of the Peace
  ↞231V Review of Proceedings
    ↞231V(A) Appeal and Error
      ↞231k164 Return, Statement, Record, or Transcript
        ↞231k164(1) k. Matters to Be Shown by Record or Transcript. Most Cited Cases

Jurisdiction of the appellate court is never presumed; consequently, if record fails to show jurisdiction affirmatively, appellate court must dismiss; this rule applies to appeals from justice court to county court.

[4] KeyCite Notes [KC]

↞30 Appeal and Error
  ↞30XVI Review
    ↞30XVI(G) Presumptions
      ↞30k937 Taking and Perfecting Appeal or Other Proceeding for Review
        ↞30k937(4) k. Bonds or Other Securities. Most Cited Cases

County court properly dismissed appeal from judgment of justice of the peace for lack of jurisdiction, where, even accepting recited date of entry as date from which time began to run, record failed to show that appeal bond

was filed within five days as required in forcible detainer suit. Rules of Civil Procedure, Rule 749.

[5] KeyCite Notes

⌐30 Appeal and Error
  ⌐30II Nature and Grounds of Appellate Jurisdiction
    ⌐30k23 k. Determination of Questions of Jurisdiction in General. Most Cited Cases

Ex parte statement by judge is not competent as proof of fact necessary to appellate jurisdiction.
*772 James F. Bowen, Bowen & Burns, Garland, for appellant.
Paul W. Brown, Branch & Brown, Dallas, for appellees.


GUITTARD, Chief Justice.
In this forcible detainer suit, the tenant attempted to appeal from a judgment of the justice of the peace in favor of the landlord for rent and for possession of the property, but the county court dismissed the appeal because the tenant did not file her appeal bond within the five days prescribed by Rule 749, Texas Rules of Civil Procedure, for appeals in forcible detainer cases. The tenant appeals to this court, contending that her appeal to the county court was timely because the bond was filed within the ten days prescribed by Rule 571, Texas Rules of Civil Procedure, for appeals from the justice court in other cases. We hold that the five-day requirement of Rule 749 governs. Consequently, we affirm the dismissal.
The tenant argues that whenever the judgment of the justice court concerns a claim for rent as well as possession, the general rules governing appeals apply rather than the special rules governing forcible detainer cases. In support of this argument, she cites Speed v. Sawyer, 88 S.W.2d 556 (Tex.Civ.App. Amarillo 1935, no writ). The landlord insists that the special rules governing forcible detainer cases apply because the claim for rent is incidental to the forcible detainer claim, citing Ragsdale v. Ward, 173 S.W.2d 765 (Tex.Civ.App. El Paso 1943, no writ).
Although the facts in Ragsdale differed from those in Speed, and both differed from the present case, both Ragsdale and Speed dealt with the

question of applicability of the general rules governing appeals from the justice courts to appeals from judgments allowing recovery of rents in forcible detainer cases, and in our view, the two opinions cannot be reconciled. In Ragsdale, the landlord attempted to appeal without a bond from a judgment denying him possession and allowing recovery of only $30 as rent. Under Rule 571 as it then stood, an unsuccessful plaintiff in an ordinary appeal from the justice court could appeal without a bond, but Rule 749 provided then, as now, that an appeal in a forcible detainer case required a bond to be filed within five days *773 after the judgment to secure damages and costs. The county court dismissed the appeal, and the landlord sought a writ of mandamus, which was denied on the ground that the county court correctly applied the bond requirement of Rule 749 rather than the general provisions of Rule 571. The court said that a suit for rent is optional with the landlord, but, when joined with a claim for possession, becomes a part of and is incidental to the main suit without affecting the nature of the forcible detainer proceeding, which is a special proceeding governed by the specific provision of Rule 749.

In Speed, the tenant appealed from a judgment against him for rent but denying the landlord's claim for possession. The tenant filed his bond within ten days, but not within the five days required by the forcible detainer statute then in force, the predecessor of Rule 749. The county court dismissed the appeal, but the court of civil appeals reversed, holding without discussion that the ten-day requirement provided by the statute governing appeals from justice courts generally applied. The court seemed concerned primarily with whether the tenant's appeal also transferred to the county court the judgment denying possession, which the landlord had not appealed. The court held that since the appeal had the effect of nullifying the judgment in its entirety, the whole controversy as to all issues and parties was transferred to the county court for trial de novo.

(1) 🔲 (2) 🔲 We find no basis in the rules for the holding in Speed that the general provision for appeals apply to a forcible detainer case when a judgment for rent is involved. We conclude that the better reasoning supports the Ragsdale holding that a forcible detainer suit is a special proceeding, to which the claim for rent is incidental, and to which Rule 749 and the other special rules governing forcible detainer cases apply. Consequently, we hold that the county court properly dismissed the appeal for lack of jurisdiction.

Alternatively, the tenant contends that the record fails to show that she failed to file her bond within the five days required by Rule 749. She points out that Rule 557 requires the justice to announce his decision in open court and note it in his docket, and asserts that the present record fails to show that these requirements were met. The tenant argues, consequently, that the record fails to show when the judgment became final, and, therefore, the county court could not properly dismiss the appeal for late filing of the bond.

(3) This argument is untenable for several reasons. If the record fails to show that the judgment ever became final, the county court never acquired jurisdiction and properly dismissed the appeal. Jurisdiction of the appellate court is never presumed. Consequently, if the record fails to show jurisdiction affirmatively, the appellate court must dismiss. Harmon v. Miller, 530 S.W.2d 173 (Tex.Civ.App. Tyler 1975, no writ). This rule applies to appeals from the justice court to the county court. Cotten v. Bier, 169 S.W.2d 502, 503 (Tex.Civ.App. Amarillo 1943, no writ).

(4) The record in this case does not affirmatively show the county court's jurisdiction. The record does not show the date the judgment was signed. If we accept November 22, the recited date of entry, as the date from which the time began to run, the record fails to show that the bond was filed within five days. The bond does not show what date it was filed. Above the signatures appears the recital, "Witness our hands this 30th day of November, 1978." Unless this date is erroneous, we can hardly assume that the bond was filed and approved by the justice within five days from November 22.

(5) The tenant relies on a "nunc pro tunc order," which appears to have been signed by the justice on July 27, 1979. The meaning of this document is not clear. It does not undertake to correct or make any change in the judgment. It merely recites, "Be it remembered that I have accepted for filing the above numbered and captioned cause Defendant's . . . Appeal Bond signed by the principal and surety on November 30, 1978 nunc pro tunc prior to November 27, 1978." The tenant suggests *774 that this language means that the bond was filed with the justice within five days from November 22, although it was not signed until November 30. Even if we should accept the interpretation that the justice accepted the bond before it was signed, the document is nothing more than an ex parte statement by

the judge, which is not competent as proof of a fact necessary to appellate jurisdiction. See Burrell v. Cornelius, 570 S.W.2d 382 (Tex.1978) (date of signing of judgment could not be shown by certificate of trial judge). Consequently, we hold that the county court properly dismissed the appeal for lack of jurisdiction.

The tenant argues that November 22, 1978, was the Wednesday before Thanksgiving, and that the rules should not be construed to require filing of the bond by the following Monday, particularly in the absence of any showing that the judgment was announced in open court, as required by Rule 557. We cannot disregard the clear requirements of the rules. We recognize that difficulties may arise if the judge does not specify the date of signing or if the losing party is not notified promptly. Any provision defining the time for appeal will cause difficulty and perhaps injustice if the rules are not followed. Consequently, any departure from the rules as written would only lead to further uncertainty.

Affirmed.

Tex.Civ.App., 1980.

Stegall v. Cameron

601 S.W.2d 771

END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works

CAUSE NO. 2003-CC1-23-B

| | | |
|---|---|---|
| PORT ISABEL - SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | AT LAW NO. __2__ OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On the _____ day of January, 2003, PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, a political subdivision of the State Of Texas and a "Self-Liquidating" Navigation District, the Plaintiff in this cause, filed a verified petition for a temporary injunction, and in connection therewith, presented a request for a Temporary Restraining Order, as set forth in its Original Petition.

It clearly appears from the facts set forth in its verified petition that unless the said Defendant is immediately restrained from directly or indirectly encroaching on, attempting to repossess the said Plaintiff's property or otherwise interfering with the use, occupancy or leasing of such property by any party under the auspices of Plaintiff, by enforcing a judgment or otherwise, pending a hearing on same, in derogation of Plaintiff's personal and property rights, Defendant may and probably will commit the foregoing acts before notice can be given and a hearing is conducted on Plaintiff's motion for a temporary injunction.

If the commission of these acts are not restrained immediately, Plaintiff will suffer irreparable injury because the Plaintiff's land's value and usefulness (as to use and occupancy, as well as the ability to re-lease same) will be diminished and Plaintiff will be deprived of the use of that land, which will result in the violation of Plaintiff's personal and property rights without cause by Defendant, without other recourse or an adequate remedy at law.

IT IS, THEREFORE, ORDERED that the Defendant in this cause, and its various agents, servants, employees or counsel, be, and hereby are commanded forthwith to halt, desist and discontinue, directly or indirectly, encroaching on, attempting to repossess the said Plaintiff's property or otherwise interfering with the use, occupancy or leasing of such property by any party under the auspices of Plaintiff, by enforcing a judgment or otherwise, from the date of entry of this Order and until and to the 14th day after entry of same or until further order of this Court.

IT IS, FURTHER, ORDERED that the Petition of PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, the Plaintiff, for a temporary injunction be heard before the Cameron County Court At Law No. _____ on _____ _____, 2003, at _____ ___.M., at the Cameron County Courthouse in Brownsville, Texas.

The Clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the bond hereinafter required, for which a

TEMPORARY RESTRAINING ORDER - PAGE 2

<u>check</u> of Plaintiff will constitute a sufficient cash deposit (i.e., without sureties) therefor, and on approval of same according to law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

     This Temporary Restraining Order shall not be effective unless and until Plaintiff executes and files with the Clerk a bond, in conformity with the law, in the amount of _____ AND NO/100THS ($_____) DOLLARS, which may be provided by the said cash deposit (i.e., check) payable to the Cameron County Clerk for deposit into the Court's Registry.

     SIGNED this _____ day of January, 2003 at _____ ___.M. at Brownsville, Texas.


_____

JUDGE PRESIDING

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@rampage-rgv.com

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

February 4, 2003

RECEIVED
JOE G. RIVERA
FEB 05 2003
CAMERON COUNTY
By _____ Deputy
Time _____ Date _____

By Fax: (956) 544-0894

Ms. Michelle Cervantes, Clerk
Office of Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

> Re: *Port Isabel-San Benito Navigation District vs.*
> *Offshore Entertainment Corp.*
> No. 2003-CCL-23-B
> (County Court At Law #2, Cameron County, Texas)

Dear Ms. Cervantes:

I am writing to request a complete copy of the file regarding the above referenced lawsuit. Our firm will pay your customary charges for these copies.

Thank you in advance for your kind attention and assistance to this request.

Very truly yours,

Robert L. Drinkard

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation
## ATTORNEYS AND COUNSELORS

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS  78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@rampage-rgv.com

LAREDO OFFICE
1... Scott, Suite
Laredo, Texas 78040
(956) 726-6018
Fax (956) 783-1307

RECEIVED

FEB 0 6 2003

CAMERON COUNTY
By _____ Deputy
Time 2:00 pm Date ____

February 6, 2003

By Hand-Delivery

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re:  *Port Isabel-San Benito Navigation District vs. Offshore Entertainment Corp.*
No. 2003-CCL-23-B
(County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

Enclosed for filing in the referenced matter, please find the following:

1. Motion to Substitute Counsel on Behalf of Plaintiff Navigation District;
2. **Fiat;**
3. Order on Plaintiff's Motion to Substitute Counsel of Record;

4. Plaintiff Port Isabel-San Benito Navigation District's Motion for New Trial;
5. **Fiat;**
6. Order on Plaintiff's Motion for New Trial.

7. Firm's Check for the amount of $80.00 reflecting the filing fees.

Mr. Joe G. Rivera
Cameron County Clerk
February 6, 2003
Page -2-
_____

     I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

                      Very truly yours,

                      Norma G. Delgado
                      Legal Assistant

Encls.

Cy:  Mr. Albert Villegas
     Mr. Brian Janis

CAUSE NO. 2003-CCL-23-B



| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | |
| NAVIGATION DISTRICT | § | IN THE COUNTY COURT |
|     Plaintiff | § | |
| | § | |
| VS | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | |
|     Defendant | § | CAMERON COUNTY, TEXAS |

**FILED FOR RECORD**
AT ___ O'CLOCK ___ M
FEB 06 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

## MOTION TO SUBSTITUTE COUNSEL ON
## BEHALF OF PLAINTIFF NAVIGATION DISTRICT

---

May it Please the Court:

COMES NOW UNDERSIGNED COUNSEL, RICARDO J. NAVARRO, of the law firm of DENTON, NAVARRO, ROCHA & BERNAL P.C., and files this Motion to Substitute Counsel of Record for PLAINTIFF, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT (hereafter simply "PLAINTIFF" or "NAVIGATION DISTRICT").

**Current Status of Representation**

The County Clerk's and the Court's record currently reflects that the PLAINTIFF is represented by ATTORNEY BRIAN G. JANIS with the law firm of SANCHEZ, WHITTINGTON, JANIS AND ZABARTE, L.L.P. PLAINTIFF NAVIGATION DISTRICT has authorized and requested a substitution of counsel in these proceedings.

**Appearance & Substitution of Attorney in Charge**

Counsel RICARDO J. NAVARRO, a partner in the firm of DENTON, NAVARRO, ROCHA & BERNAL, P.C. hereby appears on behalf of the PLAINTIFF and advises and requests that he be substituted as attorney in charge on behalf of the PLAINTIFF NAVIGATION DISTRICT in these proceedings.

Also appearing on behalf of the PLAINTIFF NAVIGATION DISTRICT is undersigned Counsel RENE B. GONZALEZ, whose capacity is also as an associated attorney of record on behalf of the PLAINTIFF.

All future and further pleadings, notices, orders, and other papers related to this litigation directed to defense counsel should be sent to the following address:

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
firm@rampage.com

### Certificate of Conference

Undersigned Counsel for the NAVIGATION DISTRICT hereby advises the Court that he attempted to telephonically confer with opposing counsel regarding opposition to this motion but was not able to confer prior to the filing of this motion.

### CONCLUSION

Therefore, based on the foregoing request, undersigned Counsel requests that the Court enter an Order accomplishing the following changes in representation for the PLAINTIFF NAVIGATION DISTRICT as follows:

1. Designating COUNSEL RICARDO J. NAVARRO as attorney in charge on this file;

2. Designating RENE B. GONZALEZ to appear as associated counsel on behalf of the PLAINTIFF;

3. Allowing COUNSEL BRIAN G. JANIS to withdraw as Counsel for Plaintiff in this matter;

PLAINTIFFS also request such other and further relief to which they may be entitled and which the Court deems to be appropriate.

SIGNED on the 6th day of February, 2003.

Respectfully Submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100

By: _____
RENE B. GONZALEZ
Associate Counsel
State Bar No. 08131380

**REVIEWED & APPROVED AS TO SUBSTANCE:**

SANCHEZ, WHITTINGTON, JANIS & ZABARTE
100 N. Expressway 83
Brownsville, Texas 78520
956/546-3731
956/546-3766 (fax)

By: _____
Brian G. Janis
State Bar No. 10570300
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the ___6th___ day of February, 2003.

Mr. Albert Villegas
VILLEGAS LAW FIRM
1324 E. 7th Street
Brownsville, Texas 78520

Mr. Brian G. Janis
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P
100 N. Expressway 83
Brownsville, Texas 78521-2284

RICARDO J. NAVARRO
RENE B. GONZALEZ

Motion for and Notice of Substitution
of Counsel for Plaintiff Navigation District                    Page 4

CAUSE NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | § | |
|     Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 SITTING IN |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | |
|     Defendant | § | CAMERON COUNTY, TEXAS |

FIAT

---

The Plaintiff's Motion for Substitution of Counsel is hereby set for hearing and will be heard on the ___10___ day of __Feb.__ , 2003, at __9:00__ A.M. before the COUNTY COURT AT LAW NO. 2, in the Cameron County Courthouse in Brownsville, Cameron County, Texas.

SIGNED on the ___10___ day of __Feb.__, 2003.

_Elia Lopez_
HON. ELIA CORNEJO LOPEZ
PRESIDING JUDGE

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
    Fax: 956/421-3621
    Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
    Fax: 956/544-7828

_hearing not needed._

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | |
| NAVIGATION DISTRICT | § | |
| Plaintiff | § | |
| | § | |
| VS | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

**FILED FOR RECORD**

IN ~~AT THE~~ O'CLOCK ~~COUNTY COURT~~ M

FEB 06 2003

AT JOE ~~O'CLOCK~~ RIVERA OF
CAMERON COUNTY CLERK
By _____ Deputy

**PLAINTIFF PORT ISABEL-SAN BENITO NAVIGATION DISTRICT
NAVIGATION DISTRICT'S MOTION FOR NEW TRIAL**

_____

May It Please The Court:

NOW COMES PLAINTIFF, PORT ISABEL - SAN BENITO NAVIGATION DISTRICT, (hereinafter "PLAINTIFF" or "NAVIGATION DISTRICT") and files this Motion for New Trial pursuant to TRCP 329b, and asks the Court to grant a new trial in the interest of justice and fairness, as more specifically set forth below.

## I.  PROCEDURAL STATUS

On January 15, 2003, the NAVIGATION DISTRICT filed this proceeding and sued the Defendant, Offshore Entertainment Corporation injunctive relief in the form of a Temporary Restraining Order ("TRO"), as well as Temporary and Permanent Injunctive Relief. PLAINTIFF sought to collaterally attack and enjoin a Writ of Re-Entry issued by a Justice of the Peace Court ("JP Court").

The Court set a hearing on the request for a Temporary Restraining Order ("TRO"), initially for January 21, 2003, later modified to January 23, 2003.

On January 22, 2003, Defendant Offshore filed a Motion to Dismiss, arguing that this Court did not have jurisdiction over this matter, and alleging that NAVIGATION DISTRICT is forum shopping.

On January 23, 2003, this Court held a hearing on PLAINTIFF's request for a Temporary Restraining Order. The Court called the case, and heard argument of respective counsel, and considered the evidence on file, but did not take any testimony or other exhibits into the record. The Court did not make any rulings from the bench on January 23, 2003, but rather took the matter under advisement.

Subsequently, on January 28, 2003, the Court entered a written order simply granting the defense Motion to Dismiss, but making no explicit ruling on the request for TRO. The Court did make a docket entry denying the TRO.

This Motion for New Trial is timely filed under the Texas Rules of Civil Procedure.

## II. No Notice of Hearing On Dispositive Motion

This Court should grant a new trial because it erred in dismissing the case outright. PLAINTIFF received no notice that the Court was intending to consider the Motion to Dismiss and accordingly did not have the opportunity to respond to said Motion.

The Court's order setting hearing reflects that the NAVIGATION DISTRICT's request for a TRO was the only matter set for hearing on January 23, 2002. A failure of the record to show that a party received notice the trial court would take up a motion to dismiss is a denial of due process. *Cf. Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86-87 (1988); *Dickerson v. Sonat Exploration Co.*, 975 S.W.2d 339, 341 (Tex. App.-Tyler 1998, pet. denied).

## III. Not Allowed to Present Evidence

The Court further erred in dismissing the entire claim for injunctive relief in that it did not allow NAVIGATION DISTRICT an opportunity to put on evidence in support of either a

temporary injunction or a permanent injunction, failing completely to give NAVIGATION DISTRICT a trial.

Defendant put on no evidence to show a denial of injunctive relief and in fact, the only hearing set, and held, in this case was a temporary restraining order request. NAVIGATION DISTRICT was never given a hearing or trial on its temporary or permanent injunctions.

Under the Texas Constitution, individuals are entitled to due course of law. TEX. CONST. Art. I §§ 13, 19. Among the rights which are included under the guarantee of due course of law is the right to access to the courts. *Baluch v. Miller*, 774 S.W.2d 299, 303 (Tex. App.-Dallas 1989, orig. proceeding). Access to the courts necessarily includes the right to have a trial court hear one's cause. *Id*; *see also Von Kolb v. Koehler*, 609 S.W.2d 654, 655 (Tex. Civ. App.-El Paso 1980, orig. proceeding) (refusal of trial court to set case for trial is subject to mandamus).

Further, the Court erred in dismissing the proceedings in that NAVIGATION DISTRICT was not given an opportunity to properly plead a different method of obtaining relief from the Justice Court Judgment.

## IV. Writ of Ceriorari

There are two methods of obtaining judicial review of a judgment of a Justice Court: by appeal and by Writ of Certiorari. *See* TEX. PROP. CODE § 93.003; TEX. CIV. PRAC. & REM. CODE § 51.002. Given the procedural background of this case, a Writ of Certiorari, pursuant to Texas Civil Practice and Remedies Code section 51.002, would be an appropriate method of reviewing the Justice Court's judgment. Section 51.002 allows a party to remove a case from Justice Court to county court after a final judgment in the Justice Court. NAVIGATION DISTRICT did not, and

has not brought an appeal of the Justice Court Judgment, for reasons which will be procedurally established in the Writ of Certiorari, namely that Plaintiff did not receive timely notice of the Judgment in order to appeal.

However, NAVIGATION DISTRICT is entitled to remove the cause to this Court by Writ of Certiorari, which is what NAVIGATION DISTRICT intends to seek. Under the Rules, the NAVIGATION DISTRICT has ninety (90) days within which to seek a Writ of Ceriorari to this Court. Consequently, a Writ of Certiorari in this Court would be timely, and it would be the appropriate way in which to bring forward for further judicial review, the actions taken by the Justice Court, the details of which would be set forth in an application for Writ under Part V, Section 7 of the Texas Rules of Civil Procedure.

### CONCLUSION & PRAYER

This Court's dismissal of this cause was in error, in that NAVIGATION DISTRICT was not given notice of this Court's intent to consider the Motion to Dismiss, and further was denied an opportunity to present evidence in support of its request for a temporary injunction and a permanent injunction, even if the Court intended to deny the TRO.

Further, a Writ of Certiorari is a proper method of obtaining relief from a Justice Court Judgment, which is what NAVIGATION DISTRICT intends to seek in this proceeding, if the Order of Dismissal is set aside. This Court's dismissal of the Plaintiff's petition denied the NAVIGATION DISTRICT the opportunity to amend its petition to seek a Writ of Certiorari, under the Rules. Plaintiff now desires to bring a Writ of Certiorari from the Justice Court Judgment, and thus seeks a new trial in which to do so.

For these reasons, and in the interest of justice and fairness, NAVIGATION DISTRICT asks the Court to grant a new trial.

SIGNED this 6th day of February 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100

By: _____
RENE B. GONZALEZ
Associate Counsel
State Bar No. 08131380

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 6th day of February, 2003.

Mr. Albert Villegas
1324 East Seventh Street
Brownsville, Texas 78520
COUNSEL FOR DEFENDANT

Mr. Brian G. Janis
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P
100 N. Expressway 83
Brownsville, Texas 78521-2284
COUNSEL FOR PLAINTIFF

RICARDO J. NAVARRO
RENE B. GONZALEZ

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

### FIAT

The Plaintiff's Motion for New Trial will be heard on the _18th_ day of _February_, 2003, at _9:00_ A.M., before the County Court at Law No. 2, Brownsville, Cameron County, Texas.

Signed this _10th_ day of _February_, 2003.

_Els E. ?_

HON. ELIA CORNEJO LOPEZ
PRESIDING JUDGE

*Not needed* (EAB)

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

# DENTON, NAVARRO, ROCHA & BERNAL
A Professional Corporation
## ATTORNEYS AND COUNSELORS

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@rampage-rgv.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

February 10, 2003

**To:**    County Court At Law #2

**Fax No.:**  (956) 504-3678

**From:**   Veronica Duron for Norma G. Delgado

**Re:**    Port Director of Port Isabel-San Benito Navigation District vs Offshore Entertainment Corp.
Cause No. 2003-CCL-23-B
County Court At Law #2, , Cameron County, Texas

**Pages:**   __2_____ (including cover page)

**Message:** Please Fiat Setting Status Hearing. Thank you for your attention to this matter.

### CONFIDENTIALITY NOTICE
If you do not receive legible copies of all pages, please call 956/421-4904 as soon as possible and ask for the person who transmitted the communication. This facsimile transmission is a privileged and confidential communication intended for the exclusive use of the addressee. It should not be copied or disseminated other than at the addressee's direction. If you should receive this transmission in error, please notify the sender immediately by telephone and mail the transmission to the letterhead address.

NO. 2003-CCL-23-B

| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## FIAT

A status hearing, in the above numbered and styled cause, will be heard on the _18th_ day of _February_, 2003, at _9:00_ _A_.M., before the County Court at Law No. 2, Brownsville, Cameron County, Texas.

Signed this _10th_ day of _February_ 2003.

HON. ELIA CORNEJO LOPEZ
PRESIDING JUDGE

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
Fax: 956/421-3621
Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
Fax: 956/544-7828

2/11/03  PLAINTIFF TO NOTIFY PARTIES AS PER COURT
JGR/MC

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL

On this day there came before the Court the Plaintiff's Motion for New Trial. After consideration of said Motion, as well as any and all responses thereto, and the arguments of counsel, the Court finds that the Motion has merit and should be GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that a new trial is granted in the interests of justice and fairness.

SIGNED this 10 day of _____ 2003.

HON. ELIA CORNEJO LOPEZ
PRESIDING JUDGE

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

2/11/03  PLAINTIFF TO NOTIFY PARTIES AS PER COURT
JGR/MC

CAUSE NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | § | |
|     Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 SITTING IN |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | |
|     Defendant | § | CAMERON COUNTY, TEXAS |

### ORDER ON PLAINTIFF'S
### MOTION TO SUBSTITUTE COUNSEL OF RECORD

_____

On this day the Court considered the Motion to Substitute Counsel for Plaintiff, the Port Isabel - San Benito Navigation District ("Navigation District"). After consideration of the Motion, including any responses thereto, the Court finds that it has merit and should be GRANTED.

It is, therefore, ORDERED that the following changes in representation for the PLAINTIFF NAVIGATION DISTRICT go into effect:

1. Designating COUNSEL RICARDO J. NAVARRO as attorney in charge on this file for PLAINTIFF;

2. Designating RENE B. GONZALEZ to appear as associated counsel on behalf of the PLAINTIFF;

3. Allowing COUNSEL BRIAN G. JANIS to withdraw as Counsel for PLAINTIFF NAVIGATION DISTRICT in this matter.

SIGNED on the _____10_____ day of Feb, 2003.

HON. ELIA CORNEJO LOPEZ
PRESIDING JUDGE

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

2/11/03  PLAINTIFF TO NOTIFY PARTIES AS PER COURTS
JGR/MC

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@rampage-rgv.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

February 12, 2003

**RECEIVED**
JOE G. RIVERA
By Hand-Delivery
FEB 12 2003
CAMERON COUNTY
Time
By _____ Deputy

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re:   *Port Isabel-San Benito Navigation District vs. Offshore Entertainment Corp.*
      No. 2003-CCL-23-B
      (County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

Enclosed for filing in the referenced matter, please find the following:

1.   Applicant Port Isabel-San Benito Navigation District's First Amended Petition In the Nature Of An Application For Writ of Certiorari;

2.   **Fiat;**

3.   Order Granting Applicant's Application For Writ of Certiorari;

4.   Writ of Certiorari.

Mr. Joe G. Rivera
Cameron County Clerk
February 12, 2003
Page -2-
_____

    I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

                Very truly yours,

                *Norma Delgado*

                Norma G. Delgado
                Legal Assistant

Encls.

Cy:  Mr. Albert Villegas

NO. 2003-CCL-23-B



PORT ISABEL-SAN BENITO        §
NAVIGATION DISTRICT,          §       IN THE COUNTY COURT
        Applicant            §
                             §
                             §
VS                           §
                             §
                             §
OFFSHORE ENTERTAINMENT CORP., §
        Respondent           §       OF CAMERON COUNTY, TEXAS

### APPLICANT PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S FIRST AMENDED PETITION IN THE NATURE OF AN APPLICATION FOR WRIT OF CERTIORARI

---

May it Please the Court:

NOW COMES APPLICANT, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT (hereinafter "APPLICANT" or "NAVIGATION DISTRICT"), and, pursuant to Rules 575-591 of the Texas Rules of Civil Procedure, files this First Amended Petition in the nature of an Application for Writ of Certiorari on the grounds, and for the sufficient cause stated below.

### I. Applicant

APPLICANT is a political subdivision of the State of Texas, in the nature of a "Self-Liquidating Navigation District" created under and existing pursuant to the Texas Constitution and Chapter 63 of the Texas Water Code. APPLICANT's principal office and place of business is located at 250 Industrial Drive, Port Isabel, Cameron County, Texas 78578.

### II. Respondent

Offshore Entertainment Corp. (hereafter "Respondent"), is a Texas Corporation, whose principal representatives have been Dorothy and Tony Scaglione. Respondent has previously appeared

in this proceeding through counsel of record, Mr. Albert Villegas.[1]

Service of process, if such be necessary under TRCP 584, may be accomplished by serving Defendant's Registered Agent, Judith Claire Emmart, at 5316 Gulf Boulevard, Unit #2, South Padre Island Texas, or at Post Office Box 211, Port Isabel, Cameron County, Texas 78578.

### III. Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this proceeding for Writ of Certiorari, pursuant to Section 51.002 of the Texas Civil Practice and Remedies Code, inasmuch as the amount in controversy herein exceeds $20.

Venue is appropriate in Cameron County, Texas, because this is the county in which all or a substantial portion of the events or omissions giving rise to the claim occurred; additionally, the judgment which is the subject of this proceeding was issued by a Justice Court from this County.

### IV. Relevant Procedural History

On December 10, 2002, Offshore Entertainment Corp., hereinafter, Respondent, initiated cause number 02-1768-Re-entry, in Justice Court, Precinct One, of Cameron County, Texas, by filing a Sworn Complaint for Re-Entry. On said date, the Honorable Benny Ochoa, III, held an ex-parte hearing, and granted Defendant a Writ of Re-entry to a premises located on Port Road in Port Isabel, Cameron County, Texas. On that same

---

[1] Based upon information and belief, Offshore Entertainment Corp is not in good standing for failure to satisfy all state tax requirements. *See Certificate from Texas Comptroller dated October 16, 2002, attached as Exhibit A.* APPLICANT requests that the Court take judicial notice of the Comptroller's Certificate pursuant to Rule 201 & 902, Texas Rules of Evidence.

date, a copy of the Writ of Re-entry and Sworn Complaint for Re-entry was served upon the NAVIGATION DISTRICT, by serving Robert C. Cornelison, Port Director for the Port Isabel-San Benito Navigation District.

On December 11, 2002, Mr. Brian G. Janis, General Counsel for the NAVIGATION DISTRICT, filed a verified response to the Sworn Complaint for Re-entry, wherein he asserted an objection to the Justice Court's jurisdiction, and requested that the cause be dismissed or abated. On December 16, 2002, Mr. Janis was notified by the Court Clerk of the Justice Court, that the Justice of the Peace had ruled that the case should be dismissed, and requested that Mr. Janis prepare a proposed Order of Dismissal. Such proposed Order was forwarded to the Justice Court on December 17, 2002.

On December 20, 2002, without providing the NAVIGATION DISTRICT a hearing on its objection to jurisdiction and request for dismissal or abatement, the Justice Court entered a Judgment finding that the allegations in the Sworn Complaint for Re-entry were true and adjudging costs of court against the NAVIGATION DISTRICT. Notice of the Judgment was not received by the NAVIGATION DISTRICT, until after the expiration of the appellate deadline. As a result, the NAVIGATION DISTRICT was not allowed the opportunity to file a timely appeal and no appeal was, in fact, taken from the Justice Court's Judgment of December 20, 2002.[2]

---

[2]    The previously filed original petition for a temporary restraining order and temporary and permanent injunctive relief was properly denied and is of no procedural or substantive consequence in this current proceeding.

Plaintiff's First Amended Petition
in the Nature of an Application for Writ of Certiorari                    Page 3

## V. Applicable Law

If an ordinary appeal is not timely perfected from the Judgment of a Justice Court, the dissatisfied party may request that a county court or district court review said judgment by Writ of Certiorari. *Centro Jurici de Instituto Tecnologico v. Intertravel, Inc.*, 2 S.W.3d 446, 449 (Tex. App.–San Antonio 1999, no pet.). Writs of Certiorari are governed by Rules 575-91 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 575-91; *Centro Jurici*, 2 S.W.3d at 449.

Under these rules, a Writ may granted within ninety (90) days from the date the final judgment is signed. TEX. R. CIV. P. 579. The Writ is to be granted if "the applicant or some person for him having knowledge of the facts" makes an "affidavit setting forth sufficient cause" to justify issuance of the writ. TEX. R. CIV. P. 577. "Sufficient cause" includes a showing that the Justice Court was without jurisdiction, or a showing that injustice has been done to the applicant by the Justice Court's final determination of the proceeding. TEX. R. CIV. P. 578.

As a condition of the Writ, the Court must set a bond, in such sum as the Court sees fit, conditioned that the applicant will perform the judgment of the county or district court, if same shall be against him. TEX. R. CIV. P. 580.

Upon filing of a good and sufficient bond, the Clerk of this Court shall (1) issue instanter the Writ of Certiorari and cause it to be served on the justice of the peace to whom it is directed, TEX. R. CIV. P. 580, 582-83, and (2) "forthwith issue a citation for the party adversely interested." TEX. R. CIV. P. 584. Upon service of the Writ, the Justice of the Peace shall stay all further proceedings on the on the judgment and forthwith comply with said Writ. TEX. R. CIV. P. 583.

Thereafter, the cause shall be tried de novo in the county court, and judgment shall be rendered as in other cases appealed from the justice court. Tex. R. Civ. P. 591.

While the Texas Civil Practice and Remedies Code specifically provides that Writs of Certiorari may not be utilized to review forcible entry and detainer cases, it has been established that a party in a suit for re-entry may avail themself of this remedy. *See* Tex. Civ. Prac. & Rem. Code § 51.002; *Big State Pawn and Garden Center v. Garton*, 833 S.W.2d 669, 671 (Tex. App.–Eastland 1992, writ denied).

### VI. Request for Writ of Certiorari

In this instance, there is sufficient cause for the issuance of the writ, and the NAVIGATION DISTRICT has timely complied with all prerequisites for its issuance.

In accordance with Rules 577-78, the affidavit of sufficient cause, made by Brian G. Janis, general counsel for the NAVIGATION DISTRICT, is attached hereto and incorporated by reference the same as if fully copied and set forth at length. *See Janis Affidavit, attached as Exhibit B.*

As detailed in the affidavit of sufficient cause, the Justice Court did not have jurisdiction over this cause. Moreover, the facts stated in the attached affidavit show that an injustice was done to the NAVIGATION DISTRICT by the final determination of the suit and by the fact that the NAVIGATION DISTRICT did not receive timely notice of the Judgment from the Justice Court, and further, that such injustice was not caused by the NAVIGATION DISTRICT's own excusable neglect.

As additional sufficient cause, the NAVIGATION DISTRICT further alerts the Court to the fact that Respondent, a Texas Corporation, is not in good standing with the state tax

requirements, and may not have standing to bring any type of action in Texas Courts. *See Certificate of Texas Comptroller attached as Exhibit A.*

### VII. Bond Requirement

Additionally, the NAVIGATION DISTRICT is ready, willing, and able to post a cash or surety bond, in such amount as the Court may direct, in order to meet the requirements of Rule 580 of the Texas Rules of Civil Procedure. Accordingly, the NAVIGATION DISTRICT asserts that issuance of a Writ of Certiorari is appropriate in the present case.

### CONCLUSION & PRAYER

WHEREFORE, the NAVIGATION DISTRICT requests that this Court grant the following relief:

(1) grant this application for writ of certiorari;

(2) set a bond amount, in such sum as this Court deems appropriate, as required by Rule 580 of the Texas Rules of Civil Procedure;

(3) enter an order that the Clerk of this Court, upon filing of the required bond, issue a Writ of Certiorari, commanding that the Honorable Benny Ochoa, III, Justice of the Peace, Precinct One of Cameron County, Texas, immediately make and certify a copy of the entries on his docket in cause number 02-1768-Re-entry, and immediately transmit the same, with the papers in his possession and a certified copy of the bill of costs to this Court;

(4) if necessary, instruct the Clerk of this Court to forthwith issue citation for the Defendant, Offshore Entertainment Corp., upon issuance of the Writ of Certiorari;

(5) order that the Justice of the Peace, upon service of the Writ of Certiorari upon him, stay further proceedings upon the judgment in cause number 02-1768-Re-entry;

Plaintiff's First Amended Petition
in the Nature of an Application for Writ of Certiorari                    Page 6

(6)    upon    final    hearing    on    the    merits,    deny    Offshore
Entertainment Corp.'s request for a writ of re-entry; and,

(7) grant such other and further relief to which the NAVIGATION
DISTRICT may show itself justly entitled, either at law or in
equity.

   APPLICANT also requests and prays for such other and further

relief to which it may be entitled, at law or in equity.

   SIGNED this 12th day of February 2003.

                              Respectfully submitted,

                              **DENTON, NAVARRO, ROCHA & BERNAL**
                              A Professional Corporation
                              Bank of America Building
                              222 East Van Buren, Suite 405
                              Harlingen, Texas 78550
                              956/421-4904
                              956/421-3621 (Fax)

                    By: _____
                              RICARDO J. NAVARRO
                              Attorney in Charge
                              State Bar No. 14829100

                    By: _____
                              RENE B. GONZALEZ
                              Associate Attorney
                              State Bar No. 08131380

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the ___12th___ day of February, 2003.

Mr. Albert Villegas                **By CMRRR: 7002 1000 0004 8591 1147**
1324 East Seventh Street
Brownsville, Texas 78520
**COUNSEL FOR RESPONDENT**

RICARDO J. NAVARRO
RENE B. GONZALEZ

Plaintiff's First Amended Petition
in the Nature of an Application for Writ of Certiorari                Page 8

NO. 2003-CCL-23-B

| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

## FIAT

The Applicant's Application for Writ of Certiorari will be heard on the 18ᵗʰ day of February, 2003, at 9:00 A.M., before the County Court at Law No. 2, Brownsville, Cameron County, Texas.

Signed this 12ᵗʰ day of February, 2003.

_____
HON. ELIA CORNEJO LOPEZ
JUDGE PRESIDING

02/13/03 COPIES SENT TO:
Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

   BRIAN JANIS
 JGR/MM

# PRESS SOUTH PADRE

**50 cents**

## ...mes new tenant, delays action on lawsuit

An agenda item worded "Confirmation of the termination of the Lease Agreement between the District and Offshore Entertainment, and authorization to proceed with any legal action to clarify the matter of possession of the premises" was tabled right after the board came out of executive session. Offshore Entertainment Inc. officer Anthony Scaglione was in attendance at the meeting.

Oden Contracting Inc. has leased an acre of district property at the end of Industrial Drive. Oden will operate a marine construction division at the site. Port Director Bob Cornelison said the lease to Oden is for 10 years and the company will pay $350 per month.

That payment, however, will not be due for seven months, since the company has made some property improvements and is in the process of completing others. Oden took the site as is, the port director added.

"They have done work and will be extending the water lines; the only expense for the port was getting a permit from the U.S. Corps of Engineers. It cost us about $700," Cornelison said.

Other improvements include a road, bulkhead, fencing and lighting. Oden will base a tugboat and a work barge at the site. "It's going to be the headquarters for his construction company that deals with marine equipment. They do offshore and shoreside

See "Port" Page 3

## Rowell interim SPI CM



**PRESS Staff Report**

Clifford Rowell, Town of South Padre Island Fire Department chief and emergency management coordinator, has been selected to serve as interim city manager by isle aldermen. Aldermen reached a ...

...ght to a Benito ...meeting. ...by two ...s spent ...cussing ...ght by

# Port:

Continued from Page 1

work," Cornelison said.

Leases with Mar-Rub, owned by Ruben Barrera, and Jesus G. Inc., owned by Andres Garza, were renewed. Both companies have docked shrimp boats at the navigation district for years. Mar-Rub leases 200 linear feet of dock space and pays $854 per month rent. Jesus G. Inc occupies 100 feet and pays $427 per month. Neither company saw an increase in lease payments.

Navigation district officials suffered a setback in their legal engagements with Offshore on Tuesday, Jan. 28. The district had sought suspension of a writ of re-entry issued by Port Isabel Justice of the Peace Bennie Ochoa III, in Cameron County Court at Law Court Number Two. Presiding Judge Elia Cornejo-Lopez denied the district's request.

Navigation district legal counsel Brian Janis said after the meeting, "Basically she denied all injunctive relief and dismissed the case." Janis said he asked the judge to clarify her ruling. The judge basically said she had no jurisdiction over the ruling of the justice of the peace.

Asked if the district would appeal the ruling, Janis said not right away. "There are different things being considered as the appropriate response to that," the attorney said. Janis said a decision has not been made concerning an appeal.

A hearing is scheduled Thursday, Feb. 6, in the 404th State District Court, involving Offshore's suit against PI/SBND. Offshore filed suit five months after the company's lease was terminated for non-payment of rent Jan. 31, 2002.

# Ghosts:

Continued from Page 1

the building in 1986. They range from a door opening and closing without help in one of the classrooms, to very creditable accounts of a presence on the second floor. The learning center's first director reportedly changed plans due to a presence on the second floor. He chose a room there as his office, but moved after a short period of time.

Another story relates how a law enforcement instructor who lived in Weslaco received permission to spend the night in the building rather than make the drive home. The overnight stays, however, were short-lived.

Also, the building custodian has been working there for 15 years. She and her daughters have had numerous experiences, including taps on the shoulder and doors closing on their own. The lady refuses to clean the area of the attic landing.

One of the stories related was witnessed by many people. The Newman Club, a Catholic student group from the school's Brownsville campus, asked to have a weekend retreat in the building. A priest who accompanied the group was asked to bless the building, "to pacify the ghost," Holliday said. The priest agreed and went out on the second floor landing alone. He returned ashen and said he had experienced a strong negative presence. The blessing was never done, and the group left immediately for home.

Not all Island ghost stories center around the old Coast Guard Station, Holliday said. She cited stories by local treasure hunter and historian Rod Bates about bandits luring ships to the Island at night. Donkeys would walk in circles

would cheat the boys and not pay them. Complaints were taken to the local priest who told the boys that Sanchez would get what was coming to him.

One day Sanchez gave a boy who had collected beans for him a ride. He could not understand why the burro was moving so slowly, and wondered what the boy weighed. He turned to see a hairy creature that legend claims to be the devil. Sanchez runs to the church, but is killed just before he gets there.

If you are looking for paranormal experiences several buildings in Port Isabel would be a good place to start, Holliday says.

A treasure trove of activity reportedly takes place at the Champion Building on Railroad Avenue, now one of Port Isabel's museums. The experiences have supposedly been going on for years. There are many reports of a lady walking on the second floor balcony at night. The woman is dark haired and wearing pearls. People have stopped and turned their cars around to get a better look only to have the lady disappear.

The building [was] purchased by the City [of Port] Isabel and during rem[odeling] in 1996 several st[range] happenings occurred [to the] artists who painted th[e] murals on the exterior [of the] building heard a piano p[laying] inside the building whi[ch] were the only ones [present.]

Maxine Meyers, a lo[ng-time] supporter of the mu[seum] found a string of pearls [at the] piano during the remo[deling.] Something told her not [to keep] them. They did not bel[ieve] any of the workers a[nd the] next day they were [gone.]

Staff and city official[s] had numerous exper[iences] since the opening o[f the] museum. One day [the] Manager Robert Garci[a] pushed forward by a d[oor on] the second floor. The do[or was] never used and opened [on its] own. The incident [was] witnessed by Museum D[irector] Ed Meza and a contr[actor.]

Meza and staff [also] witnessed many st[range] happenings; most cen[tered] around "hot spots" o[n the] second floor, which we[re the] living quarters when a [building] was operated o[n the] groundfloor starting in [...]

# County scheduled to act on SPI wetlands/birding cent[er]

Cameron County commissioners are scheduled to meet in regular session at 9 a.m. Tuesday, Feb. 4, in the fourth floor meeting room, Cameron County Courthouse, 964 East Harrison St., Brownsville.

Commissioners may take action regarding a proposed wetland/birding/nature center on South Padre Island. The project is among those endorsed

by the South Padre [Island] Economic Develo[pment] Corporation. This matter [is] scheduled to be discus[sed in] executive session.

A presentation is sched[uled by] Rolando Rios regardi[ng] Census 2000 legal challe[nges.]

Action may be [taken] regarding policies [and] procedures for mobile ve[ndors]

**446** Tex.       **2 SOUTH WESTERN REPORTER, 3d SERIES**

is intrinsically part of the trial court's decision to adjudicate guilt and is therefore not appealable. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Given *Connolly,* we decline to follow *Gilbert.* Accordingly, we dismiss Arista's first three complaints for lack of jurisdiction.

### Voluntary Plea

[2]   In his fourth case, Arista complains his guilty plea was involuntary because he was mentally incompetent at the time of the plea. We disagree.

[3]   Arista bears the burden of showing that his plea was involuntary. *See Crawford v. State,* 890 S.W.2d 941, 944 (Tex. App.—San Antonio 1994, no pet.). Because competence to enter a plea is presumed, Arista must show he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational and factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02, § 1 (Vernon 1989).

In July 1997, in conjunction with the other cases, Dr. Raymond Potter found that Arista was competent to stand trial. He said Arista was able to communicate with his lawyer and assist his defense, although Arista suffered from substance abuse, attention deficit disorder, anxiety, and depression. A year later, in July 1998, Arista entered into the plea bargain in this case and signed written admonishments indicating that he was competent. The following month, at the sentencing hearing, Arista gave the trial court a pro se letter asking for a psychiatric examination. The court denied the request, based on the lucidity of the letter and the prior mental examination. Arista then said he had "never open[ed] to the psychiatrists that [had] seen me." Arista's attorney denied knowing whether Arista still had psychiatric problems and noted the presentence investigation report "didn't show that much about it."

Although Arista apparently suffered from a mental disease or defect, there is no indication that it affected his ability to communicate with counsel or understand the proceedings against him. In short, the evidence does not overcome the presumption that Arista was competent or his plea voluntary.

### Conclusion

We dismiss the appeals in appellate cause numbers 04-98-00807-CR, 04-98-00777-CR, and 04-98-00778-CR for lack of jurisdiction. We affirm the trial court's judgment in appellate cause number 04-98-00779-CR.



---

CENTRO JURICI DE INSTITUTO TECNOLOGICO Y ESTUDIOS SUPERIORES DE MONTERREY, Appellant,

v.

INTERTRAVEL, INC., Appellee.

No. 04-98-00397-CV.

Court of Appeals of Texas,
San Antonio.

July 14, 1999.

Foreign educational institution petitioned for writ of certiorari, claiming lack of jurisdiction, after default judgment was entered against it by justice court in suit by travel company. The County Court at Law No. 2, Paul Canales, J., issued writ. Travel company filed motion to dismiss. The County Court at Law No. 8, Bexar County, Karen Crouch, J., dismissed the certiorari proceeding. Institution appealed. The Court of Appeals, Duncan, J., held that: (1) institution's declaration was sufficient to invoke County Court's jurisdiction,

CENTRO JURICI DE INSTITUTO v. INTERTRAVEL    Tex. **447**
Cite as 2 S.W.3d 446 (Tex.App.—San Antonio 1999)

and (2) petition alleged sufficient cause to issue writ of certiorari.

Reversed and remanded.

**1. Certiorari ⊙5(1)**

If an ordinary appeal is not timely perfected, the dissatisfied party may proceed by writ of certiorari. Vernon's Ann.Texas Rules Civ.Proc., Rules 571, 573.

**2. Certiorari ⊙42(6)**

Foreign educational institution's written declaration providing that the recited facts were true and correct, under penalty of perjury, was "affirmation" that was functional equivalent of affidavit required to invoke county court's jurisdiction on petition for writ of certiorari, challenging default judgment entered by justice court on basis of lack of jurisdiction. V.T.C.A., Government Code §§ 312.011(1, 8, 16); Vernon's Ann.Texas Rules Civ.Proc., Rule 577.

See publication Words and Phrases for other judicial constructions and definitions.

**3. Affidavits ⊙9**

It is the substance and not the form of an affidavit that is important. V.T.C.A., Government Code § 312.011.

**4. Certiorari ⊙17**

Foreign educational institution's petition for writ of certiorari, alleging that attempted service on it was deficient because department served was not legal entity and person served was not authorized to receive service, set forth "sufficient cause" for issuance of writ, on challenge to default judgment entered by justice court on basis of lack of jurisdiction. Vernon's Ann.Texas Rules Civ.Proc., Rules 577, 578.

**5. Certiorari ⊙70(5)**

When reviewing the dismissal of an application for a writ of certiorari, appellate court takes the facts alleged in the application as true and, on this basis, makes a de novo determination of the adequacy of the stated grounds. Vernon's Ann.Texas Rules Civ.Proc., Rules 575–591.

**6. Certiorari ⊙15**

Because no court has jurisdiction to enter judgment against a party not before it, sufficient cause for the issuance of a writ of certiorari includes justice court's lack of in personam jurisdiction over defendant. Vernon's Ann.Texas Rules Civ. Proc., Rule 578.

**7. Appearance ⊙9(2)**

Party must file a special appearance to challenge an assertion of jurisdiction to which it is not amenable.

**8. Appearance ⊙9(3)**

Special appearance is not authorized or required to challenge service of process.

**9. Certiorari ⊙60**

Delay in service of citation on adverse party did not justify dismissal of certiorari proceeding, challenging default judgment entered by justice court on basis of lack of jurisdiction, where issuance and service of citation was requested in petition for writ, citation was issued and served before dismissal order was signed, and no prejudice was shown. Vernon's Ann.Texas Rules Civ. Proc., Rule 584.

———————

Daniel W. Lanfear, The Kleberg Law Firm, P.C., San Antonio, for appellant.

Glenn J. Deadman, Glenn J. Deadman, P.C., S. Mark Murray, Murray & Curl, Inc., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

Centro Jurici de Instituto Tecnologico y Estudios Superiores de Monterrey ("the Institute") appeals the trial court's judgment dismissing its petition for a writ of

certiorari from a judgment against it in Intertravel Inc.'s suit in justice court. We hold the Institute's petition, although arguably defective, constituted a bona fide attempt to invoke the county court at law's appellate jurisdiction and alleged "sufficient cause" to issue a writ of certiorari. We therefore reverse the judgment and remand the cause to the county court at law for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Intertravel filed a petition in the Justice Court, Precinct 3, of Bexar County against "Centro Jurici," alleging it was "a Mexican corporation located at E. Garza, Sada 2501 Sur–Monterrey, Nueva Leon, 64849, Mexico" and "represented by Mr. Craig R. Giesze, Esq." Intertravel's petition further alleged "Centro Jurici" could "be served by serving its officer or director" at the stated address," but it did not state Giesze was an officer or director of "Centro Jurici." Nonetheless, at Intertravel's attorney's request, the justice court named Giesze as the person to be served in a citation directed to "Centro Jurici."

Approximately one week after the citation issued, a return was filed. This return states a copy of the citation was delivered to "Centro Jurici Craig R. Giesze, Esq. E. Garza Sada 2501, Mex. ~~in person~~." Two months later, Intertravel obtained a default judgment that stated "citation was served according to the law and returned to the court," and "Centro Jurici of Instituto Technologico Y De Estudios Superiores De Monterrey also known as ITESM was duly served and is the Defendant herein."

On the ninetieth day after the default judgment was rendered, the Institute filed a petition for a writ of certiorari alleging "the Justice Court, sitting as a court of small claims, had *no jurisdiction over the person* of defendant sufficient to warrant the entry of the … default judgment due to insufficiencies in the service of process directed at a foreign 'corporation.' " Spe-

cifically, the Institute alleged "Centro Jurici" is not a legal entity but is the Department of Judicial Studies at the Instituto Tecnologico y de Estudios Superiores de Monterrey, and Giesze or Griesze was not authorized to receive service on behalf of the Institute or Centro Jurici. The Institute's petition was supported by the Declaration of Michael W. Bitter, an instructor of law at the Centro Jurici. According to this declaration, Giesze had been employed by Centro Jurici as an instructor of law but was not so employed at the time of the alleged service; indeed, at that time, Giesze had been living in Chile for over a year. Bitter's declaration was made "under penalty of perjury pursuant to 28 U.S.C. § 1746."

On the same day the petition was filed, the Honorable Paul Canales, Judge Presiding in the County Court at Law No. 2, signed on order "find[ing] and conclud[ing] … that personal jurisdiction did not obtain in the court below due to the absence of valid service of process." The next day, the clerk approved the Institute's bond and issued a writ of certiorari directed to the judge of the Precinct 3 Justice Court.

Intertravel filed a motion to dismiss, contending the Institute was required, and had failed, to contest jurisdiction in a special appearance; the Institute's petition was fatally defective because Bitter's Declaration was not an affidavit; and the Institute failed to serve Intertravel. Shortly thereafter, the Institute filed the Affidavit of Michael Bitter "to substitute for the 'Declaration of Michael Bitter,'" noting the affidavit was "in all material respects identical to the referenced declaration," and obtained service on Intertravel's president and registered agent. However, the county court at law dismissed the certiorari proceeding, expressly concluding: (1) the Institute's petition failed to show sufficient cause; (2) the Institute's petition was fatally defective because it was not accompanied by an affidavit; (3) the Institute failed to serve Intertravel as required by Rule 584; and (4) the Institute waived its

## CENTRO JURICI DE INSTITUTO v. INTERTRAVEL    Tex. **449**
Cite as 2 S.W.3d 446 (Tex.App.—San Antonio 1999)

right to contest jurisdiction by failing to file a special appearance.

### GENERAL REQUIREMENTS FOR A WRIT OF CERTIORARI

[1] To perfect an appeal from a judgment rendered by a justice court, the appealing party must file an appeal bond within ten days after the date the judgment or an order denying a motion for a new trial is signed. TEX.R. CIV. P. 571, 573. If an ordinary appeal is not timely perfected, the dissatisfied party may proceed by writ of certiorari. *See Galil Moving & Storage, Inc. v. McGregor*, 928 S.W.2d 172 (Tex.App.—San Antonio 1996, no writ).

Writs of certiorari are governed by Rules 575–91 of the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 575–91. Under these rules, the writ is to be granted if "the applicant or some person for him having knowledge of the facts" makes an "affidavit setting forth sufficient cause" to justify issuance of the writ. TEX.R. CIV. P. 577. "Sufficient cause" includes a lack of jurisdiction. TEX.R. CIV. P. 578. After a writ is granted, the clerk must (1) issue the writ and cause it to be served on the justice of the peace to whom it is directed, TEX.R. CIV. P. 582–583, and (2) "forthwith issue a citation for the party adversely interested." TEX.R. CIV. P. 584. Within thirty days after service of citation, "the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond." TEX.R. CIV. P. 586. However, "[t]he affidavit or bond may be amended in the discretion of the court in which it is filed." TEX.R. CIV. P. 587.

### THE REQUIREMENT OF AN AFFIDAVIT

[2] The Institute argues the trial court erred in dismissing the certiorari proceeding because it failed to file an "affidavit." We agree.

[3] Rule 577 requires a party seeking a writ of certiorari to file an "affidavit" stat-

ing "sufficient cause" for issuance of the writ. TEX.R. CIV. P. 577. An affidavit is "a statement in writing of a fact or facts signed by the party making it, sworn before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). However, an "oath" includes an "affirmation," *id.* § 312.011(8), and "sworn" includes "affirmed." *Id.* § 312.011(16). An "affirmation" is "a solemn declaration made under the penalties of perjury by a person who conscientiously declines taking an oath." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 61 (1988). Thus, "[i]t is the substance and not the form of an affidavit that is important." *Norcross v. Conoco, Inc.,* 720 S.W.2d 627, 630 (Tex.App.—San Antonio 1986, no writ); *see also Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995) (holding that a statement containing an acknowledgment, rather than a jurat, was sufficient to constitute an affidavit because the maker swore to facts within his personal knowledge before an authorized officer); *Taylor v. Fred Clark Felt Co.,* 567 S.W.2d 863, 867 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (same). Federal law also does not require an oath; rather, it permits a person to meet the requirement of an affidavit with an unsworn statement made "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746 (1994); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 132.001–.002 (Vernon 1997) (inmate may substitute written statement made under penalties of perjury for affidavit).

In support of its petition for a writ of certiorari, the Institute filed a written declaration by Michael Bitter. This declaration stated under penalty of perjury that the recited facts were true and correct. The declaration thus constitutes an affirmation and, we believe, the functional equivalent of an affidavit under Texas law. *See* TEX. GOV'T CODE ANN. §§ 312.011(1), 312.011(8), 312.011(16); *cf. e.g., Gallagher v. Fire Ins. Exch.,* 950 S.W.2d 370, 371

**450** Tex.           **2 SOUTH WESTERN REPORTER, 3d SERIES**

(Tex.1997) (court of appeals' decisions should "'turn on substance rather than procedural technicality'" (quoting *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex.1991) (per curiam))). We therefore hold the Institute's petition, accompanied by Bitter's declaration, was sufficient to constitute a "'bona fide attempt to invoke [the county court's] appellate court jurisdiction.'" *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989) (quoting *United Ass'n of Journeymen & Apprentices v. Borden*, 160 Tex. 203, 328 S.W.2d 739, 741 (1959)). The county court at law therefore was not authorized to dismiss the Institute's appeal because it failed to file an "affidavit."

### THE REQUIREMENT OF SUFFICIENT CAUSE

[4]   The Institute next contends the trial court erred in dismissing its appeal by writ of certiorari because it did not allege "sufficient cause." We agree.

#### Standard of Review

[5]   When reviewing the dismissal of an application for a writ of certiorari, we take the facts alleged in the application as true and, on this basis, make a de novo determination of the adequacy of the stated grounds. *See American Bankers' Ins. Co. v. Flowers*, 64 S.W.2d 806, 807 (Tex.Civ. App.—Beaumont 1933, no writ).

#### Discussion

[6]   Because "no court has jurisdiction to enter judgment against a party not before it," "sufficient cause" for the issuance of a writ of certiorari includes the justice court's lack of in personam jurisdiction over the defendant. *Id.; see* TEX.R. CIV. P. 578. Accordingly, in light of the standard of review, an application alleging improper service states sufficient cause for issuance of the writ. *Flowers*, 64 S.W.2d at 807; *see also Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam) ("For well over a century, [the supreme] court has required that strict compliance with the rules for service of

citation affirmatively appear on the record in order for a default judgment to withstand direct attack."); *id.* ("There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment.").

The Institute's petition for a writ of certiorari alleges the attempted service on it was deficient in several respects and thus sets forth "sufficient cause." *Flowers*, 64 S.W.2d at 807. The county court at law was therefore not authorized to dismiss the proceeding on this ground.

### REQUIREMENT OF A SPECIAL APPEARANCE

[7, 8]   The Institute next contends the court erred in dismissing this proceeding because it failed to file a special appearance. We agree. A party must file a special appearance to challenge an assertion of jurisdiction to which it is not amenable. *E.g., Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex.1985). A special appearance is not authorized or required to challenge service of process. *Id.* at 203. Accordingly, the court erred in dismissing the Institute's certiorari appeal because it failed to file a special appearance.

### THE REQUIREMENT OF SERVICE OF CITATION

[9]   Finally, the Institute contends the county court at law erred in dismissing its appeal because it failed to serve Intertravel as required by Rule 584. We agree. The record establishes the Institute requested the issuance and service of a citation in its petition and, before the dismissal order was signed, the citation was issued and served on Intertravel's president and registered agent. No prejudice is shown. The delay in obtaining service thus does not justify the dismissal of the proceeding.

### CONCLUSION

None of the stated grounds support the county court at law's dismissal of the Insti-

ALANIZ v. STATE    Tex. **451**
Cite as 2 S.W.3d 451 (Tex.App.—San Antonio 1999)

tute's certiorari appeal. We therefore reverse its judgment and remand the cause to that court for further proceedings consistent with this opinion.



Luis ALANIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00827–CR.

Court of Appeals of Texas,
San Antonio.

July 21, 1999.

Juvenile, who was certified as adult for prosecution, was convicted in the 229th Judicial District Court, Starr County, Ricardo H. Garcia, J., of murder. He appealed. The Court of Appeals, López, J., held that juvenile court lacked jurisdiction to consider transfer of juvenile to district court, where juvenile was not personally served with summons to transfer hearing.

Reversed and remanded.

1. Infants ⟷68.7(3)
   Notice required before juvenile court may transfer proceeding to district court for adult prosecution is mandatory, and failure to comply with the notice provisions outlined under the Texas Family Code deprives the juvenile court of jurisdiction. V.T.C.A., Family Code §§ 53.06(a, e), 54.02(a).

2. Infants ⟷68.7(3)
   Absent an affirmative showing in the record that juvenile was served with citation prior to hearing on waiver of juvenile jurisdiction, the juvenile court is without jurisdiction to transfer the case to district court for adult prosecution. V.T.C.A., Family Code §§ 53.06(a, e), 54.02(a).

3. Infants ⟷68.7(3)
   Juvenile court lacked jurisdiction to consider transfer of juvenile to district court for trial as adult on murder charge, where juvenile was not personally served with summons to transfer hearing. V.T.C.A., Family Code §§ 53.06(a, e), 54.02(a).

4. Infants ⟷68.8
   Juvenile's failure to object to lack of personal service of summons noticing hearing on waiver of juvenile jurisdiction, and certification for prosecution as adult, did not constitute waiver of service of process. V.T.C.A., Family Code §§ 53.06(a, e), 54.02(a).

5. Infants ⟷68.7(3)
   Service on secretary of juvenile's attorney of summons and petition for juvenile to appear at hearing on waiver of juvenile jurisdiction, and certification for prosecution as adult, did not comply with requirement to personally serve juvenile. V.T.C.A., Family Code §§ 53.06(a, e), 54.02(a).

———

Jose Luis Ramos, Jose Luis Ramos Law Office, Rio Grande City, for appellant.

Heriberto Silva, Dist. Atty., Jon W. West, Asst. Dist. Atty., Rio Grande City, for appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This case was transferred by the juvenile court to the district court for prosecution. This is an appeal from a jury trial finding appellant, Luis Alaniz, guilty of the offense of murder. Alaniz was sentenced to thirty-eight years in the Texas Depart-

# VILLEGAS LAW FIRM

ATTORNEYS AT LAW

1324 EAST SEVENTH STREET ● BROWNSVILLE, TEXAS 78520 ● TELEPHONE 956/544-3352 ● FAX 956/544-7828

February 21, 2003

**RECEIVED**
JOE G. RIVERA
FEB 2 1 2003
CAMERON COUNTY
Time
By _____ Deputy

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
Brownsville, Texas 78520

Re: Cause no. 03 CCL 23 B
Port Isabel San Benito Navigation District v. Offshore Entertainment Corp.

Dear Sir:

      Enclosed please find Offshore'S Motion To Show Authority to Act which we respectfully ask the Court to set for hearing. By copy of this letter, I am advising the opposing counsel of such.

      Thank you for your attention to this matter.

Very truly yours,

Albert Villegas

Enc.


CC:
R Gonzales

CAUSE NO 2003 CCL 23 B

PORT   ISABEL- SAN BENITO          §          IN THE COUNTY COURT
NAVIGATION DISTRICT                §
                                   §          AT LAW NO 2
VS.                                §
OFFSHORE ENTERTAINMENT CORP.       §

**FILED FOR RECORD**
AT ___ O'CLOCK ___ M
FEB 2 1 2003
JOE G. RIVERA
CAMERON COUNTY TEXAS CLERK
BY _____ Deputy

## MOTION TO SHOW AUTHORITY TO ACT

Comes Now, Offshore Entertainment, subject to its Motions to Dismiss and Deny Application and to the Jurisdiction of this Court , who files this Motion requesting Counsel for District to show his authority to defend this cause of action as required by Texas Rules of Civil Procedure 12.

I.

Plaintiff believes the opposing attorney in this cause of action on behalf of Port Isabel San Benito Navigation District is acting without authority.  The authority to act on behalf of a government entity would have to derive from some board act , which has been authorized at a regularly scheduled board meeting or an emergency meeting properly posted.

II

Offshore would attach as exhibit A, the posted agenda for the only relevant meeting. At this meeting the item authorizing Counsel to act was tabled and no action was taken in open meeting. Although these minutes are subject to production under an ongoing obligation to timely supplement responses in the pending litigation in the 404th District Court, District has not provided such. Therefore the opposing attorney should show sufficient authority to represent the District as required by Texas Rules of Civil Procedure 12.

Wherefore Offshore asks the Court to set the motion for hearing and if Counsel for the District cannot show the Court that the District acted contrary to tabling their authorization, grant Offshore's Motion and  refuse to allow District Counsel him to appear in this proceeding.

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

## ORDER GRANTING APPLICANT'S
## APPLICATION FOR WRIT OF CERTIORARI

BE IT REMEMBERED that on this 21 day of Feb.,
2003, came on for consideration Applicant's Application for Writ
of Certiorari. Upon consideration of said Application, and
after finding sufficient cause under the Rules, IT IS ORDERED,
ADJUDGED and DECREED, that said Application for Writ of
Certiorari has merit and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this
Court issue a Writ of Certiorari commanding the Honorable Benny
Ochoa, III, Justice of the Peace, Precinct One of Cameron
County, Texas, to immediately make and certify a copy of the
entries on his docket in cause number 02-1768-Re-entry, and
immediately transmit the same, with the papers in his possession
and a certified copy of the bill of costs, to this Court.

IT IS FURTHER ORDERED that said Writ of Certiorari shall not
be issued until the NAVIGATION DISTRICT first causes to be filed
a either a cash bond, or a surety bond with two or more good and
sufficient sureties, to be approved by the Clerk of this Court,
in the sum of $ 2,500⁰⁰. Said bond shall be payable to
Respondent Offshore Entertainment Corp., upon the condition that
the NAVIGATION DISTRICT will perform the final judgment of this
Court, if same shall be against the NAVIGATION DISTRICT.

# VILLEGAS LAW FIRM

**ATTORNEYS AT LAW**

1324 EAST SEVENTH STREET • BROWNSVILLE, TEXAS 78520 • TELEPHONE 956/544-3352 • FAX 956/544-7828

February 14, 2003



Court Coordinator
County Court at Law NO. 2
Cameron County Clerk
Cameron County Courthouse
Brownsville, Texas 78540

RE: Cause NO 2003 CCL 23 B
    Port Isabel San Benito Navigation District v. Offshore Entertainment Inc

Dear Clerk:

    I enclose the Defendants OBJECTION TO HEARING ON ANY MATTERS. Said hearing which is the subject of the objection is set for the 18th of February, 2003. I received notice with less than two business days notice. By copy of same, opposing counsel is advised of this filing.

Very truly yours,

Albert Villegas

R Navarro

**CAUSE NO 2003 CCL 23 B**

| | | |
|---|---|---|
| PORT DIRECTOR OF PORT | § | IN THE COUNTY COURT |
| ISABEL- SAN BENITO NAVIGATION | § | |
| DISTRICT | § | AT LAW NO 2 |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

## ORDER

Came on to be heard Defendant's Objection to Hearings  and finding that the Objection is well founded   the Court is of the opinion said motion should be sustained.

IT IS ORDERED that the Defendant's Objection to said hearing is sustained and any hearings on the merits of any matter including but not limited to the Writ of Certiorari be reset and that proper notice be provided to all parties.

Signed this ___18___ day of February, 2003.

_____
JUDGE PRESIDING

2/25/03
COPY TO
ALBERT VILLEGAS
RICARDO NAVARRO
JGR/MM

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

## ORDER GRANTING APPLICANT'S
## APPLICATION FOR WRIT OF CERTIORARI

BE IT REMEMBERED that on this 21 day of Feb.,
2003, came on for consideration Applicant's Application for Writ
of Certiorari. Upon consideration of said Application, and
after finding sufficient cause under the Rules, IT IS ORDERED,
ADJUDGED and DECREED, that said Application for Writ of
Certiorari has merit and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this
Court issue a Writ of Certiorari commanding the Honorable Benny
Ochoa, III, Justice of the Peace, Precinct One of Cameron
County, Texas, to immediately make and certify a copy of the
entries on his docket in cause number 02-1768-Re-entry, and
immediately transmit the same, with the papers in his possession
and a certified copy of the bill of costs, to this Court.

IT IS FURTHER ORDERED that said Writ of Certiorari shall not
be issued until the NAVIGATION DISTRICT first causes to be filed
a either a cash bond, or a surety bond with two or more good and
sufficient sureties, to be approved by the Clerk of this Court,
in the sum of $ 2,500⁰⁰___. Said bond shall be payable to
Respondent Offshore Entertainment Corp., upon the condition that
the NAVIGATION DISTRICT will perform the final judgment of this
Court, if same shall be against the NAVIGATION DISTRICT.

IT IS FURTHER ORDERED that upon service of the Writ of Certiorari upon the Justice of the Peace, he shall stay forthwith stay any further proceedings on the Judgment in Cause Number 02-1768-Re-entry and shall forthwith comply with said Writ, all in accordance with Rule 583 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED that upon issuance of said Writ of Certiorari, the Clerk of this Court shall issue a citation for service upon Offshore Entertainment, Corp.

SIGNED this _____ day of _____, 2003.

HON. ELIA CORNEJO LOPEZ
JUDGE PRESIDING

02/25/03 COPIES SENT TO;
       HAND DELIVERED
Cy:   Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
      Fax: 956/421-3621
C/S/TO  Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
      Fax: 956/544-7828


     JGR/MM



PORT ISABEL
SAN BENITO
NAVIGATION
DISTRICT

AGENDA

A regular meeting of the Port Isabel-San Benito Navigation District Canal Commissioners will be held Thursday, January 30, 2003, at 7:00 A.M. The meeting will take place at the Port Isabel-San Benito Navigation District office, located at 250 Industrial Drive, Port Isabel, Texas. The Navigation District will consider or take action on the following.

1. Call to order.

2. Minutes (Regular & Certified) of meeting of January 09, 2003.

3. Execute Oden Contracting, Inc lease.

4. Discussion and action on renewal of the following leases for a term of one year.
   (a) Mar-Rub, Inc., (b) Jesus G. Inc.

5. "Executive Session" to discuss, the case styled "Offshore Entertainment Corp. vs. Bob Cornelison.  Etc. et al.," docketed as Cause No. 2002-06-G in the 404th Judicial District Court of Cameron County, Texas, pursuant to Section 551 071 of the Texas Government Code.

6. "Confirmation of the termination of the Lease Agreement between the District and Offshore Entertainment., and authorization to proceed with any legal action to Clarify the matter of possession of the premises".

7. Director's Report.

8. Pay the bills.

9. Adjourn.

Robert C. Cornelison
Port Director

250 Industrial Drive ● Turning Basin on Port Road ● Port Isabel, TX. 78578 ● (956) 943-7826 ● (956) 943 8922

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

February 26, 2003

RECEIVED
BY Hand Delivery
JOE G. RIVERA
FEB 26 2003
CAMERON COUNTY
Time_____
By_____ Deputy

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re: *Port Isabel-San Benito Navigation District vs.*
*Offshore Entertainment Corp.*
No. 2003-CCL-23-B
(County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

Enclosed for filing in the referenced matter, please find the following:

1.  **Applicant Port Isabel-San Benito Navigation District's Cash Bond;**

2.  **Writ of Certiorari;**

3.  **Cashier's Check #25607 in the amount of $2,500.00.**

4.  **Firm's Check in the amount of $5.00 reflecting the filing fees.**

Please approve the Bond and issue the Writ of Certiorari. Our office will handle the service process to Judge Ochoa.

Mr. Joe G. Rivera
Cameron County Clerk
February 25, 2003
Page -2-

---

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

Very truly yours,

Norma G. Delgado
Legal Assistant

Encls.

Cy:  Mr. Albert Villegas



NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

**APPLICANT PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S
CASH BOND**

May it Please the Court:

NOW COMES APPLICANT, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT (hereinafter "APPLICANT" or "NAVIGATION DISTRICT"), and, pursuant to Rules 580-81 of the Texas Rules of Civil Procedure, files this Cash Bond for the issuance of a Writ of Certiorari.

I.

On February 24, 2003, this Honorable Court signed an order granting Applicant's Application for Writ of Certiorari.  Said order provides that the Writ of Certiorari shall not issue until Applicant first files a cash or surety bond in the sum of $2,500.

II.

Attached hereto is Applicant's Cashier's Check in the sum of $2,500, which is being tendered to the Clerk of this Court, for deposit into the registry of the Court.  Applicant acknowledges itself bound to pay OFFSHORE ENTERTAINMENT CORP. the cash deposit tendered herewith, but only if Applicant does not perform the judgment of this Court, in the above-numbered and styled cause, should said judgment be against the Applicant.

SIGNED this 26th day of February 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
RENE B. GONZALEZ
State Bar No. 08131380

## CLERK'S APPROVAL

The foregoing Cash Bond and attached Cashier's Check are hereby approved on the 26th day of February, 2003.

HON. JOE G. RIVERA
CAMERON COUNTY CLERK

By: _____
Deputy Clerk

Applicant Navigation District's Cash Bond                    Page 2

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent to the persons listed below on the 26th day of February, 2003.

Mr. Albert Villegas          **By CMRRR No. 7002 0860 0004 8101 7093**
1324 East Seventh Street                        **& Fax: (956) 544-7828**
Brownsville, Texas 78520
**COUNSEL FOR RESPONDENT**

_____
RICARDO J. NAVARRO
RENE B. GONZALEZ

Applicant Navigation District's Cash Bond                    Page 3

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
|    Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
|    Respondent | § | OF CAMERON COUNTY, TEXAS |

WRIT OF CERTIORARI

TO: The Honorable Benny Ochoa, III
   Justice of the Peace, Precinct One
   Cameron County, Texas

   BE IT REMEMBERED that on the _____ day of _____, 2003, the Presiding Judge of the County Court at Law Number Two of Cameron County, Texas, signed an Order granting Applicant's Application for Writ of Certiorari in the above numbered and styled cause, and Ordered that a Writ of Certiorari issue herein;

   NOW, THEREFORE, YOU ARE FORTHWITH COMMANDED to immediately make and certify a copy of the entries on your docket in cause number 02-1768-Re-entry, and immediately transmit the same, with the papers in your possession and a certified copy of the bill of costs, to this Court, instanter.

   ISSUED this _____ day of _____, 2003.

        HON. JOE G. RIVERA
        CLERK OF THE COUNTY COURT AT LAW
        CAMERON COUNTY, TEXAS

    By: _____
       Deputy Clerk

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

## WRIT OF CERTIORARI

TO:  The Honorable Benny Ochoa, III
     Justice of the Peace, Precinct One
     Cameron County, Texas

BE IT REMEMBERED that on the 24th day of February, 2003, the Presiding Judge of the County Court at Law Number Two of Cameron County, Texas, signed an Order granting Applicant's Application for Writ of Certiorari in the above numbered and styled cause, and Ordered that a Writ of Certiorari issue herein;

NOW, THEREFORE, YOU ARE FORTHWITH COMMANDED to immediately make and certify a copy of the entries on your docket in cause number 02-1768-Re-entry, and immediately transmit the same, with the papers in your possession and a certified copy of the bill of costs, to this Court, instanter.

ISSUED this 26ᵗʰ day of February, 2003.

HON. JOE G. RIVERA
CLERK OF THE COUNTY COURT AT LAW
CAMERON COUNTY, TEXAS

By: _____
     Deputy Clerk



**OFFICER'S RETURN**

CAME TO HAND on the _____ day of _____, 2003, at
_____ O'clock ____.M., and EXECUTED on the _____ day of
_____, 2003, at _____ O'clock _____ .M., by serving
_____

                          _____
                          Constable, Cameron County, Texas


By:   _____
       Deputy Constable

RECEIVED
JOE G. RIVERA
MAR 0 3 2003
CAMERON COUNTY
Time 12:02 pm
By_____ Deputy

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation
**ATTORNEYS AND COUNSELORS**

| | | |
|---|---|---|
| **SAN ANTONIO OFFICE** | Bank of America Building | 1102 Scott, Suite 4-B |
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | Laredo, Texas 78040 |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | (956) 726-6018 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | Fax (956) 723-1327 |
| (210) 227-3243 | Fax (956) 421-3621 | |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

March 3, 2003

Mr. Joe G. Rivera                                    **By Hand-Delivery**
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

     Re:  *Port   Isabel-San   Benito   Navigation   District   vs.*
        *Offshore Entertainment Corp.*
        No. 2003-CCL-23-B
        (County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

    I would appreciate your assistance in issuing a citation for
the following:

    (1)  Offshore Entertainment, Inc.
        c/o Albert Villegas
        1324 East 7th Street
        Brownsville, Texas 78520

    I am enclosing our firm's check for the amount of $4.00
reflecting the fees for preparation of (1) citation.

    Please contact our office upon completion of citation so
that arrangements can be made for pick-up.

    Thank you for your attention to this request.

              Very truly yours,

              Veronica Duron
              Legal Assistant

Encls.

3/03/03
Done mind del. to C.P.

RECEIPT OF THE COUNTY CLERK
CAMERON COUNTY

Receipt Number  3001011
Credited to         DENTON, NAVARRO, ROCHA & BERNAL, P.C.                    02/26/03
Received of  PORT ISABEL/SAN BENITO NAVIGATION DISTRICT (DENTON    Firm Id 005517

Cause#  2003-CCL-00023-B

S T Y L E :      PORT ISABEL- SAN BENITO NAVIGATION DISTRICT
        VS        OFFSHORE ENTERTAINMENT CORP.,

Amount Paid    $  2,500.00    For CB CASH IN BOND

_ Cash
_ M. O.
X Check #25607

                              JOE G. RIVERA         County Clerk

                        By _____, Deputy
                              GABRIELA GARZA

---

FIRST NATIONAL BANK
709 Padre Blvd. · South Padre Island, Texas 78597
956/761-7959

03-CCL-23-B
5517
1011

25607
88-1247/1140

REMITTER  Port Isabel/San Benito Navigation District      February 25, 2003

PAY TO THE
ORDER OF     ***Cameron County Clerks Office****              $ 2,500.00**

FIRST NATL BANK SPI   PAY EXACTLY  2,500.00**                          DOLLARS

CASHIER'S CHECK
NOTICE TO CUSTOMERS:
The purchase of an indemnity Bond will be required before any official check of
this bank will be replaced or refunded in the event it is lost, misplaced, or stolen.

⑆25607⑈  ⑆114912479⑈  ⑆002050⑈

NO. 2003-CCL-23-B

PORT ISABEL-SAN BENITO §
NAVIGATION DISTRICT, §
     Applicant §
 §
VS §
 §
OFFSHORE ENTERTAINMENT CORP., §
     Respondent §

FILED FOR RECORD
AT 3:03 O'CLOCK P M
IN THE COUNTY COURT
MAR 0 4 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
AT LAW NO. 2 OF
By _____ Deputy

OF CAMERON COUNTY, TEXAS

**WRIT OF CERTIORARI**

TO:  The Honorable Benny Ochoa, III
     Justice of the Peace, Precinct One
     Cameron County, Texas

     BE IT REMEMBERED that on the 24th day of February, 2003, the Presiding Judge of the County Court at Law Number Two of Cameron County, Texas, signed an Order granting Applicant's Application for Writ of Certiorari in the above numbered and styled cause, and Ordered that a Writ of Certiorari issue herein;

     NOW, THEREFORE, YOU ARE FORTHWITH COMMANDED to immediately make and certify a copy of the entries on your docket in cause number 02-1768-Re-entry, and immediately transmit the same, with the papers in your possession and a certified copy of the bill of costs, to this Court, instanter.

     ISSUED this 26th day of February, 2003.



HON. JOE G. RIVERA
CLERK OF THE COUNTY COURT AT LAW
CAMERON COUNTY, TEXAS

By: _____
     Deputy Clerk

OFFICER'S RETURN

CAME TO HAND on the _3_ day of _March_____, 2003, at
_2.00_ O'clock _P_.M., and EXECUTED on the _3_ day of
_March_____, 2003, at _2.30_ O'clock _P_.M., by serving
_Judy Benny Ochoa, III_

_Served at corner of_
_Highway 100 & Highway 1847_
_Los Fresnos, Tx 78566_

Constable, Cameron County, Texas

Professional Civil Proces.
700 Paredes Ave., #208
Brownsville, Texas 78520
By: _____
Deputy Tel: (956) 546-1313

SUBSCRIBED AND SWORN TO BEFORE ME
ON _3/3/03_, _____, TO
CERTIFY WHICH WITNESS MY HAND AND
OFFICIAL SEAL.
_____
NOTARY PUBLIC  STATE OF TEXAS

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
|       Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
|       Respondent | § | OF CAMERON COUNTY, TEXAS |

### ORDER GRANTING APPLICANT'S
### APPLICATION FOR WRIT OF CERTIORARI

BE IT REMEMBERED that on this 21 day of _Feb._, 2003, came on for consideration Applicant's Application for Writ of Certiorari. Upon consideration of said Application, and after finding sufficient cause under the Rules, IT IS ORDERED, ADJUDGED and DECREED, that said Application for Writ of Certiorari has merit and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this Court issue a Writ of Certiorari commanding the Honorable Benny Ochoa, III, Justice of the Peace, Precinct One of Cameron County, Texas, to immediately make and certify a copy of the entries on his docket in cause number 02-1768-Re-entry, and immediately transmit the same, with the papers in his possession and a certified copy of the bill of costs, to this Court.

IT IS FURTHER ORDERED that said Writ of Certiorari shall not be issued until the NAVIGATION DISTRICT first causes to be filed a either a cash bond, or a surety bond with two or more good and sufficient sureties, to be approved by the Clerk of this Court, in the sum of $ 2,500⁰⁰ ___. Said bond shall be payable to Respondent Offshore Entertainment Corp., upon the condition that the NAVIGATION DISTRICT will perform the final judgment of this Court if same shall be against the NAVIGATION DISTRICT.

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas

IT IS FURTHER ORDERED that upon service of the Writ of Certiorari upon the Justice of the Peace, he shall stay forthwith stay any further proceedings on the Judgment in Cause Number 02-1768-Re-entry and shall forthwith comply with said Writ, all in accordance with Rule 583 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED that upon issuance of said Writ of Certiorari, the Clerk of this Court shall issue a citation for service upon Offshore Entertainment, Corp.

SIGNED this 20 day of ___Feb.___, 2003.

HON. ELIA CORNEJO LOPEZ
JUDGE PRESIDING

02/25/03 COPIES SENT TO;
HAND DELIVERED
Cy: Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
   Fax: 956/421-3621
C/S/TO Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
   Fax: 956/544-7828

JGR/MM

State of Texas
County of Cameron
   I, Joe G. Rivera, County Clerk of Cameron County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record now on file and/or recorded by me in the ___CIVIL___
   ___2003-CCL-23-B___ Records

_____ Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas
By _____ Deputy



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _2_ of _2_

Citation for Personal Service  - GENERAL _____       Lit. Seq. # 5.002.01

No. 2003-CCL-00023-B

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: OFFSHORE ENTERTAINMENT CORP.,
    C/O ALBERT VILLEGAS
    1324 EAST 7TH STREET
    BROWNSVILLE, TEXAS 78520

the ____·___ DEFENDANT _____, GREETING:

*FILED FOR RECORD*
*4:11*
*MAR 04 2003*
*JOE G. RIVERA*
*CAMERON COUNTY CLERK*
*By* _____ *Deputy*

You are commanded to appear by filing a written answer to the Plaintiff's FIRST AMENDED PETITION IN THE NATURE OF AN APPLICATION FOR WRIT OF CERTIORARI W/ORDER GRANTING APPLICATION FOR WRIT OF CERTIORAR at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by _____ RICARDO J. NAVARRO _____ (Attorney for Plaintiff or Plaintiff), whose address is 222 E. VAN BUREN, STE 405 HARLINGEN, TX  78550 on the 15th day of  JANUARY , A.D. 2003, in this case numbered 2003-CCL-00023-B on the docket of said court, and styled,

PORT ISABEL- SAN BENITO NAVIGATION DISTRICT
vs.
OFFSHORE ENTERTAINMENT CORP.,

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's FIRST AMENDED PETITION IN THE NATURE OF AN APPLICATION FOR WRIT OF CERTIORARI W/ORDER GRANTING APPLICATION FOR WRIT OF CERTIORAR accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  3rd day of  MARCH , A.D. 2003.

JOE G. RIVERA _____, County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _Lucila Cardenas_ , Deputy
        LUCILA CARDENAS

R E T U R N   O F   O F F I C E R

Came to hand the 4th day of March , 2003, at 3:12 o'clock P.M., and (executed) (not executed) on the 4th day of March, 2003, by delivering to Offshore Entertainment Corp. # @ 3:41 PM in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the see affidavit _____

Cause of failure to execute this citation is: _____·____.

FEES serving 1 copy _____ Sam Wallace _____

Total....... $_____      ~~Sheriff/Constable~~ Cameron County, Texas

Fees paid by:_____      By _____, ~~Deputy~~

**AFFIDAVIT OF SERVICE**

```
FILED FOR RECORD
AT ___ O'CLOCK ___ M

MAR 0 4 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy
```

Came to hand on the 4th day of March 2003, at 3:12 PM. Cause No. 2002-CCL-00023-C

X_  First Amended Petition in the nature of an application for writ of certiorari with order
granting application fro writ of certiorar

Executed at: 1324 E. 7th Street, Brownsville, Texas within the County of **Cameron** at 3:41 PM
on the 4th day of March 2003, by delivering to the within name: Offshore Entertainment Corp. by
delivering to Attorney Albert Villegas, each in person a true copy of the above civil process
having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

Port Isabel – San Benito Navigation District
v.
Offshore Entertainment Corp.

By _____
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

VERIFICATION

STATE OF TEXAS          )(
COUNTY OF CAMERON    )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known
to me to be the person whose name is subscribed to the foregoing document and, being by me
first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this 4th day of March 2003.

_____
NOTARY PUBLIC

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation
**ATTORNEYS AND COUNSELORS**

| | | |
|---|---|---|
| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

February 20, 2003

**RECEIVED**
JOE G. RIVERA
By Hand-Delivery
FEB 20 2003
CAMERON COUNTY
By _____ Deputy
Time _____ Date

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re: *Port Isabel-San Benito Navigation District vs. Offshore Entertainment Corp.*
No. 2003-CCL-23-B
(County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

Enclosed for filing in the referenced matter, please find the following:

1.  **APPLICANT PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S BRIEF REGARDING EXEMPTION FROM BOND REQUIREMENT.**

2.  **ORDER GRANTING APPLICANT'S APPLICATION FOR WRIT OF CERTIORARI.**

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

Very truly yours,

*Norma Delgado*

Norma G. Delgado
Legal Assistant

Encls.
Cy: Mr. Albert Villegas

By Fax (956)544-7828 &
CMRRR No. 7002 0860 0004 8101 7948



NO. 2003-CCL-23-B

PORT ISABEL-SAN BENITO          §
NAVIGATION DISTRICT,            §        IN THE COUNTY COURT
          Applicant            §
                               §
                               §
VS                             §
                               §
                               §
OFFSHORE ENTERTAINMENT CORP.,  §
          Respondent           §        OF CAMERON COUNTY, TEXAS

**APPLICANT PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S
BRIEF REGARDING EXEMPTION FROM BOND REQUIREMENT**

---

MAY IT PLEASE THE COURT:

NOW COMES APPLICANT, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT (hereinafter "APPLICANT" or "NAVIGATION DISTRICT"), and files this Brief regarding its exemption from the requirement of posting a bond in connection with the issuance of a Writ of Certiorari, and in support thereof would show this Honorable Court as follows:

I.

In most circumstances, when a Writ of Certiorari is granted, a Court must set a bond in such sum as the Court sees fit, conditioned that the applicant will perform the judgment of the county or district court, if same shall be against him. TEX. R. CIV. P. 580. Upon the filing of a good and sufficient bond, the Clerk of the Court shall the Writ of Certiorari and cause it to be served on the justice of the peace to whom it is directed. TEX. R. CIV. P. 580, 582-83.

Applicant's Brief Regarding Exemption from Bond Requirement          Page 1

## II.

Chapter 6 of the Texas Civil Practice and Remedies Code exempts certain governmental officers and entities from the necessity of filing a bond, and giving security for costs, in judicial proceedings.  Specifically, section 6.003 provides:

> (a) A governmental entity listed in Subsection (b) may not be required to give bond on an appeal or writ of error taken in a civil case that the entity is prosecuting or defending in its official capacity.
> (b) The following are exempt from the appeal bond requirements:
>
> . . .
>
> (4) an entity created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution.

Tex. Civ. Prac. & Rem. Code Ann. §6.003 (Vernon 2002).  A copy of the section 6.003 of the Civil Practice and Remedies Code is attached hereto as Exhibit "A".

## II.

As alleged in its Original Petition and First Amended Petition, the NAVIGATION DISTRICT is a "self-liquidating" district created under Chapter 63 of the Texas Water Code and the Texas Constitution.  Section 63.021 of the Water Code provides that the authority for the creation of a "self-liquidating" navigation district is derived from Article XVI, section 59 of the Texas Constitution.  Accordingly, the NAVIGATION DISTRICT was created, and does exist, pursuant to the authority granted by Section 63.021 of the Texas Water Code and Article XVI, Section 59 of the Texas

Constitution.    A copy of section 63.021 of the Water Code is attached hereto as Exhibit "B".

III.

Accordingly, the provisions of section 6.003 of the Civil Practice and Remedies Code are applicable to the NAVIGATION DISTRICT.  As such, the NAVIGATION DISTRICT asserts that this Court may not require the posting of a bond in connection with the issuance of a Writ of Certiorari.

**CONCLUSION & PRAYER**

WHEREFORE, the NAVIGATION DISTRICT requests that this Court take notice of the provisions of Chapter 6 of the Texas Civil Practice and Remedies Code, and exempt the NAVIGATION DISTRICT from the requirement of filing a bond prior to the issuance of a Writ of Certiorari.

APPLICANT also requests and prays for such other and further relief to which it may be entitled, at law or in equity.

SIGNED this _20th_ day of February 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
RENE B. GONZALEZ
State Bar No. 08131380

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _20th_ day of February, 2003.

Mr. Albert Villegas                   **By Fax (956) 544-7828 &**
1324 East Seventh Street       **CMRRR No. 7002 0860 0004 8101 7048**
Brownsville, Texas 78520
**COUNSEL FOR RESPONDENT**

_____
RICARDO J. NAVARRO
RENE B. GONZALEZ

Applicant's Brief Regarding Exemption from Bond Requirement          Page 4

### VERNON'S TEXAS STATUTES AND CODES ANNOTATED
### CIVIL PRACTICE AND REMEDIES CODE
### TITLE 2. TRIAL, JUDGMENT, AND APPEAL
### SUBTITLE A. GENERAL PROVISIONS
### CHAPTER 6. GOVERNMENTAL EXEMPTION FROM BOND AND SECURITY REQUIREMENTS

Copr. © West Group 2003. All rights reserved.

Current through End of 2001 Regular Session.

§ 6.003. Water Districts Exempt From Appeal Bond

(a) A governmental entity listed in Subsection (b) may not be required to give bond on an appeal or writ of error taken in a civil case that the entity is prosecuting or defending in its official capacity.

(b) The following are exempt from the appeal bond requirements:

(1) a water improvement district, a water control and improvement district, an irrigation district, a conservation and reclamation district, or a water control and preservation district organized under state law;

(2) a levee improvement district organized under state law;

(3) a drainage district organized under state law; and

(4) an entity created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution.

CREDIT(S)

2002 Main Volume

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1997, 75th Leg., ch. 1070, § 46, eff. Sept. 1, 1997.

<General Materials (GM) - References, Annotations, or Tables>

REVISOR'S NOTE

2002 Main Volume

(End of Chapter)

The revised law omits a part of V.A.C.S. Article 2276 relating to appeal bond exemptions for executors, administrators, and guardians because a similar provision exists in Section 29, Texas Probate Code. The omitted

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

**EXHIBIT" __A__ "**

TX CIV PRAC & REM § 6.003                                                                                Page 2
V.T.C.A., Civil Practice & Remedies Code § 6.003

provision reads as follows:

Executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity.

## HISTORICAL AND STATUTORY NOTES

### 2002 Main Volume

Acts 1997, 75th Leg., ch. 1070, in subd. (b)(1), inserted "an irrigation district, a conservation and reclamation district"; and added subd. (b)(4).

**Prior Laws:**
Acts 1933, 43rd Leg., p. 131, ch. 62, § 1.
Vernon's Ann.Civ.St. art. 2276a.

## LIBRARY REFERENCES

### 2002 Main Volume

Appeal and Error ☞374(4).
Westlaw Topic No. 30.
C.J.S. Appeal and Error § 336.
2 Texas Pl & Pr Forms, Appeal and Error--Civil Cases §§27:51, 27:101; 2 Texas Pl & Pr Forms, Attachment § 36:5.

**Texts and Treatises**
4 Texas Jur 3d, App Rev § 244.

V. T. C. A., Civil Practice & Remedies Code § 6.003

TX CIV PRAC & REM § 6.003

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

### VERNON'S TEXAS STATUTES AND CODES ANNOTATED
### WATER CODE
### TITLE 4. GENERAL LAW DISTRICTS
### CHAPTER 63. SELF-LIQUIDATING NAVIGATION DISTRICTS
### SUBCHAPTER B. CREATION OF DISTRICT; CONVERSION OF DISTRICT

Copr. © West Group 2001. All rights reserved.

Current through End of 2001 Regular Session.

§ 63.021. Self-Liquidating Districts

(a) All navigation districts organized under the provisions of Article XVI, Section 59, of the Texas Constitution, and the provisions of Chapter 62 of this code, or organized under any local and special law enacted under the provisions of Article XVI, Section 59, of the Texas Constitution, which have voted bonds but have not issued or disposed of the bonds, and all districts organized under the provisions of this chapter are self-liquidating in character and may be made self-supporting and return the construction cost of the district within a reasonable period by tolls, rents, fees, assessments, or other charges other than taxation.

(b) The district shall be considered as coming originally within the scope of this chapter, and the proceedings in Sections 63.039-63.044 of this code are not required as a prerequisite to the exercise of the rights, powers, privileges, and benefits of this chapter.

CREDIT(S)

1988 Main Volume

Acts 1971, 62nd Leg., p. 110, ch. 58, § 1, eff. Aug. 30, 1971.

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

1988 Main Volume

**Prior Laws:**
Acts 1932, 42nd Leg., 3rd C.S., p. 63, ch. 27, § 1.
Acts 1934, 43rd Leg., 2nd C.S., p. 19, ch. 8, § 1.
Vernon's Ann.Civ.St. art. 8263e, § 1.

LIBRARY REFERENCES

1988 Main Volume

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

EXHIBIT " B "

TX WATER § 63.021
V.T.C.A., Water Code § 63.021

Page 2

Navigable Waters ⊙⇒8 1/2.
C.J.S. Navigable Waters § 13.


V. T. C. A., Water Code § 63.021

TX WATER § 63.021

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

NO. 2003-CCL-23-B

| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Applicant | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | OF CAMERON COUNTY, TEXAS |

## ORDER GRANTING APPLICANT'S
## APPLICATION FOR WRIT OF CERTIORARI

BE IT REMEMBERED that on this _____ day of _____,

2003, came on for consideration Applicant's Application for Writ of

Certiorari. Upon consideration of said Application, and after

finding sufficient cause under the Rules, IT IS ORDERED, ADJUDGED

and DECREED, that said Application for Writ of Certiorari has merit

and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this

Court issue a Writ of Certiorari commanding the Honorable Benny

Ochoa, III, Justice of the Peace, Precinct One of Cameron County,

Texas, to immediately make and certify a copy of the entries on his

docket in cause number 02-1768-Re-entry, and immediately transmit

the same, with the papers in his possession and a certified copy of

the bill of costs, to this Court.

IT IS FURTHER ORDERED that, because the NAVIGATION DISTRICT is

exempt from the requirement of posting a bond for the issuance of

a Writ of Certiorari, the bond requirement is hereby waived, and

said Writ of Certiorari shall issue without the necessity of filing a bond.

IT IS FURTHER ORDERED that upon service of the Writ of Certiorari upon the Justice of the Peace, he shall stay forthwith stay any further proceedings on the Judgment in Cause Number 02-1768-Re-entry and shall forthwith comply with said Writ, all in accordance with Rule 583 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED that upon issuance of said Writ of Certiorari, the Clerk of this Court shall issue a citation for service upon Offshore Entertainment, Corp.

SIGNED this _____ day of _____, 2003.


_____
HON. ELIA CORNEJO LOPEZ
JUDGE PRESIDING


Cy:   Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
      Fax: 956/421-3621
      Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
      Fax: 956/544-7828

# VILLEGAS LAW FIRM

### ATTORNEYS AT LAW

1324 EAST SEVENTH STREET • BROWNSVILLE, TEXAS 78520 • TELEPHONE 956/544-3352 • FAX 956/544-7828



February 20, 2003

Court Coordinator
County Court at Law NO. 2
Cameron County Clerk
Cameron County Courthouse
Brownsville, Texas 78540

RE: Cause NO 2003 CCL 23 B
    Port Isabel San Benito Navigation District v. Offshore Entertainment Inc

Dear Clerk:

    I enclose Offshore Entertainment Inc.'s Motion to Deny the Application for Writ of Certioari. By copy of same, opposing counsel is advised of this filing.

Very truly yours

Albert Villegas

Rene Gonzales



CAUSE NO 2003 CCL 23 B

| | |
|---|---|
| PORT DIRECTOR OF PORT | § |
| ISABEL- SAN BENITO NAVIGATION | § |
| DISTRICT | § |
| VS. | § |
| OFFSHORE ENTERTAINMENT CORP. | § |

IN THE COUNTY COURT

AT LAW NO. 1

CAMERON COUNTY TEXAS

## MOTION TO DENY APPLICATION FOR WRIT
## OF CERTIORARI

Comes Now, Offshore Entertainment Corp. who files this their Motion to Deny Application for Writ of Certiorari and would respectfully show the Court as follows:

I

Offshore would show the Court that this Application should be denied for procedural errors and as a matter of law. Rules 575 through 591 of the Texas Rules of Civil Procedure govern the Application and this Court. Offshore still argues that this Court has jurisdiction. A writ of Certiorari is a common law writ. It is used only to perfect record on an appeal. It is to be used to "re examine" the action of a lower court or to get further information on a pending cause. Zamora v. Garza ,117 SW 2d 165, Southwestern Telegraph v. Robinson, 48 F 771.

II

## DISMISSAL FOR LACK OF JURISDICTION

The District admitted by its waiving and withdrawing of the Application for Temporary Restraining Order, that it was incorrect in that procedure to circumvent the Rules of Civil Procedure. In its stead it filed an Amended Application for Writ of Certiorari. The manner in which this Application for Writ of Certiorari was filed and sought is defective and does not follow Rule 584 and 585.

III

Offshore incorporates the Motion to Dismiss previously filed herein as a continuing basis for denial of this Application. Rule 577 and 578 requires the affidavit show sufficient cause to entitle him thereto. The affiant, Brian Janis, by his own admission indicates that he received

notice of the Judgment on the 31st of December, 2002, did nothing until January 6th, 2003 and

thereafter made no attempts to perfect his appeal. Thereafter he files an Original Petition seeking Temporary Orders in this Court. This Court saw the veiled attempt to circumvent the Rules of Civil Procedure and required a hearing on said Temporary Orders. The applicant asked the Court to address its due process argument when the Court dismissed the Petition for Want of Jurisdiction. In its stead, Applicant filed a Motion for New Trial and then filed an Application for Writ of Certiorari. The affidavit in support shows it **was** the inexcusable neglect of the Applicant's legal counsel in failing to request a hearing on the Writ of Re Entry that caused the judgment to be entered in the Court below. At the time the Writ was pending, the Applicant District had at least three attorneys from two separate law firms, who had made appearances before it in matters pertaining to the issues before the court. Richard Navarro, Robert Drinkard and Brian Janis were all licensed attorneys representing the District during December of 2002. All these attorneys knew of the Writ of Re Entry and the Rules of Procedure for the  Justice Court and statutes governing the case before the judgment was entered.  Counsel knew that a hearing was required to give it the opportunity to contest the Writ. The language in the Writ specifically boldly and succinctly stated as follows [ATTACHED AS Exhibit F to Plaintiff's Original Petition]:

### "NOTICE TO THE DEFENDANT AND ALL AGENTS"

*"You have been sued. You may employ an attorney. If you or your attorney do not appear or filed answer with the Justice of the Peace before the eighth (8) day after receiving this Writ, a Judgment for Court costs may be entered against you. You have a right to a hearing within seven (7) days from the time that you answer this suit and request a hearing. ... "*

The Defendant would show the Court that their rights are governed by Texas Property Code Section 93.003 entitled *Commercial Tenant's Right of Reentry after Unlawful Lockout.* Sole jurisdiction is given to the Justice Court, [subsection (b)] " *where the tenant must file with the Justice Court in the precinct in which the rental premises are located......*"

The procedural history will show Hon. Judge Ochoa granted the right of reentry and entered judgment after the District {Applicant herein}  failed to ask for a hearing as required under Texas Property Code Section 93.003(f) which states:

" *If the landlord fails to request a hearing on the Tenant's sworn complaint for reentry before the eighth day after the date of service of the writ of reentry on the landlord under Subsection (d), a judgment for court costs may be rendered against the landlord.* "

The notice gives a reasonable person, much less an attorney, notice of the actions he should take to protect his interests. Counsel for Applicant, neither of the three, did not request a hearing and thus waived any arguments or complaints of lack of due process.

## IV

The Court could consider some leeway if lay persons were involved. But this Applicant had three attorneys, one specifically who filed documents with the Hon. Judge Ochoa. Such attorney states under oath he had ex parte communications with the court, discussing the merits of the case with no hesitation. Counsel for Applicant should not be rewarded for such blatant violations of the Rules governing the conduct of the attorneys.

## V

It is unconscionable for the Applicant to ask the Court to consider Ex Parte communications that it's counsel, Mr. Janis, had with the Court, in support of its application , while Counsel knew that he had the legal obligation to have all parties at the same time communicating with the Court. Applicant knowingly waived its right to a hearing while represented by legal counsel. Applicant then engages in inexcusable conduct in failing to file an appeal when they did get notice of the Judgment. An immediate appeal sent by certified mail on the 31st day of December, 2002 would reflect some support for its claims. But instead, Applicant and its three attorneys wait two more weeks and file a suit seeking Temporary Orders, attempting more Ex Parte communications with a sitting Judge on or about the 15th of January, 2003. Plaintiff makes numerous misrepresentations of the facts, Orders of the Court and the Order of the Appeals Court as set out below in its filings which also reflect the inexcusable conduct.

## VI

Offshore would show the court that it will be unduly prejudiced and irreparably harmed if the Court allows the Applicant to circumvent the Rules of Civil Procedure and allow this "disguised" appeal. Offshore has relied on the Rules governing lawsuits and the judgment of the

Court below and entered into multi million dollar negotiations and relationships. Plaintiff has paid tens of thousands of dollars for rentals, preparations, legal fees, administrative fees and expenses since the Judgment was final and no appeal taken. Such detrimental reliance by Offshore, of the conduct of the applicant and the Rules of Civil Procedure are the cornerstones of the basis for finality of judgment and timely appeals.

VII

Offshore moves this Court to Dismiss this lawsuit for lack of jurisdiction and or to deny the Application for Writ of Certiorari . The only relief sought by the Plaintiff is for possession of the leased premises and thus is actually an appeal from the Judgment rendered in Cause NO. 02 1768, by the Honorable Justice of the Peace Bennie Ochoa III. Offshore also seeks costs and attorneys fees for the frivolous filing of this Temporary Orders and Application for Writ of Certiorari as no reasonable reading of the rules and governing case law would reflect any support for its position.

VIII

DISMISSAL FOR FORUM SHOPPING

As stated before and reargued herein, Offshore would show the Court that claims are pending in the 404th District Court where Offshore Entertainment Corp. [Plaintiff in the 404th District Court] sued the District, its director and elected officers for fraud, breach of contract, tortuous interference, negligence and sought and obtained a Temporary Restraining Order enjoining the Defendant District from the following relevant provisions:

1. Destroying or deleting any records, documents, correspondence, billings, electronic mail transmissions, facsimiles, invoices or files of any kind or nature regarding the parties in this case and the leased property and any communications between the defendants and any third parties including themselves with regard to the plaintiff or the "leased premises";

2. from entering into any oral or written contracts, leases, agreements, subleases, with any third parties for the "leased premises" **without prior notice to this Court or by Court Order** ;

3. from removing or destroying any property of the Plaintiffs which remained on the "leased premises" at the time of the eviction;

4. from contacting any of the entities or persons who have paid the defendant for the "leased premises" with the intent to interfere with the Plaintiff's investigation;

5. from contacting any of the parties who became known to the defendants by way of the Plaintiff's introduction of these third parties with the intent to interfere with Plaintiff's contractual relationships;

6. from paying any third parties any sums collected by defendants from the parties who subleased the Plaintiff's "leased premises";

7. from destroying any of the improvements made by the Plaintiffs to the "leased premises";

8. from failing to account for all moneys received from any third party for the lease of the "leased premises"

     Nowhere did the Temporary Injunction prevent the District from leasing the premises, only from doing so without Court approval. Never did the District seek Court approval.

VIII

     The Applicant will not be harmed if the Court denies the application for Writ of Certiorari as the same claims and defenses would be available in the 404th District Court.

     Wherefore Defendant prays that the Court dismiss this Cause for lack of Jurisdiction and or deny the Application for Writ of Certiorari,   assess the costs of Court and attorneys fees against the Applicant and any other relief this party is entitled to.

RESPECTFULLY SUBMITTED

                _____
ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
ATTORNEY FOR OFFSHORE ENTERTAINMENT
CORPORATION

CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this 20TH day of February, 2003 by regular mail and fax.

_____
ALBERT VILLEGAS

**CAUSE NO 2003 CCL 23 B**

| | | |
|---|---|---|
| PORT DIRECTOR OF  PORT | § | IN THE COUNTY COURT |
| ISABEL- SAN BENITO NAVIGATION | § | |
| DISTRICT | · § | AT LAW NO 2 |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

<u>ORDER</u>

     Came on to be heard the Application for Writ of Certiorari and after hearing and considering the evidence of counsel, its affidavits and pleadings, finds that the claims of injustice if any was due to the inexcusable neglect of the Applicant and its counsel, and  the  Court is of the opinion said Application for Writ of Certiorari should be denied;

     IT IS ORDERED that the Application for Writ of Certiorari is denied and costs of court and attorneys fees in the amount of _____ are awarded against the Applicant to be paid to Offshore Entertainment Corporation.

     Signed this _____ day of February, 2003.


_____

JUDGE PRESIDING

# DENTON, NAVARRO, ROCHA & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

February 26, 2003

RECEIVED
JOE G. RIVERA
By Hand-Delivery
FEB 26 2003
CAMERON COUNTY
Time _____
By _____ Deputy

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re:  *Port Isabel-San Benito Navigation District vs.*
     *Offshore Entertainment Corp.*
     No. 2003-CCL-23-B
     (County Court At Law #2, Cameron County, Texas)

Dear Mr. Rivera:

Enclosed for filing in the referenced matter, please find the following:

1.  **Applicant District's Motion To Quash Deposition of Brian Janis**

2.  **Fiat.**

3.  **Order on Applicant's Motion To Quash Deposition of Brian Janis**

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided.  A copy of this document has been sent to opposing counsel.

Very truly yours,

Norma Delgado

Norma G. Delgado
Legal Assistant

Mr. Joe G. Rivera
Cameron County Clerk
February 25, 2003
Page -2-
———————————————————

Encls.

Cy:  Mr. Albert Villegas

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | |

**FILED FOR RECORD**
IN THE COUNTY COURT
AT ___ O'CLOCK ___ M

FEB 26 2003

JOE G. RIVERA OF
CAMERON COUNTY CLERK
By _____ Deputy

OF CAMERON COUNTY, TEXAS

## APPLICANT DISTRICT'S MOTION TO QUASH
## DEPOSITION OF BRIAN G. JANIS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT, as the nominal APPLICANT/PLAINTIFF in this cause (hereafter "APPLICANT" or "NAVIGATION DISTRICT") and, pursuant to Rule 199.4 of the Texas Rules of Civil Procedure, hereby files this Motion to Quash the Notice of Deposition of Brian G. Janis. Applicant asks the Court to quash the deposition notice of Brian G. Janis, and would respectfully show the following:

### I.
### INTRODUCTION

Applicant has filed an application for writ of certiorari, seeking that this Court review a judgment of a Justice of the Peace Court. Plaintiff noticed the deposition of Brian G. Janis for March 4th, at 9:30 a.m., at the office of Brian G. Janis in Brownsville, Texas. See Exhibit "A". Applicant objects to the time and place designated for this deposition and moves this Court to quash the notice of said deposition.

II.
## ARGUMENT & AUTHORITIES

On February 24, 2003, this Court signed an Order granting Applicant's Application for a Writ of Certiorari. However, prior to the granting of said Writ, a bond must be posted. Tex. R. Civ. P. 580. Additionally, after the issuance of the Writ of Certiorari by the Clerk, the Justice of the Peace must be served with the Writ. Tex. R. Civ. P. 582-83. After service of the Writ, the Justice of the Peace must comply with the Writ by transmitting all papers and docket entries to this Court. Tex. R. Civ. P. 576, 583. The aforementioned Rules have not yet been complied with, and accordingly, the Applicant asserts that any discovery, including the service of the notice of deposition of Brian G. Janis, is premature.

III.

Because the taking of any deposition at this time is premature, Applicant asks this Court to quash the scheduled notice of intent to take the deposition of Brian G. Janis, until such time as all requirements of the Texas Rules of Civil Procedure have been met, and this Court's jurisdiction over the merits of this dispute has been fully invoked. Applicant hereby additionally objects to the time and place of said deposition for Brian G. Janis.

IV.

Pursuant to Rule 199.4 of the Texas Rules of Civil Procedure, this Motion to Quash is being filed within the third business day after service of the notice of deposition, and accordingly, the deposition of Brian G. Janis is stayed until this Motion can be determined.

V.
## CONCLUSION & PRAYER

WHEREFORE, Applicant requests that this Court grant this Motion to Quash Notice of Deposition of Brian G. Janis, and grant

such other and further relief to which said Applicant may be entitled.

Signed on the 26th day of February, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
RENE B. GONZALEZ
State Bar No. 08131380

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _26oth_ day of February, 2003.

Mr. Albert Villegas                    By Fax: (956) 544-7828
ATTORNEY AT LAW                        & Regular Mail
1324 East Seventh Street
Brownsville, Texas 78520
**COUNSEL FOR PLAINTIFF**


_____
RICARDO J. NAVARRO
RENE B. GONZALEZ

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

FIAT

_____

The Applicant's Motion to Quash Notice of Deposition of Brian G. Janis will be heard on the _____ day of _____, 2003, at ___:_____ ___.M., before the County Court at Law Number Two Courtroom, Brownsville, Cameron County, Texas.

Signed this _____ day of _____, 2003.


_____
HON. ELIA CORNEJO LOPEZ


Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## ORDER ON APPLICANT DISTRICT'S MOTION TO QUASH
## NOTICE OF DEPOSITION OF BRIAN G. JANIS

BE IT REMEMBERED that on this _____ day of _____, 2003, came on for consideration Applicant's Motion to Quash Notice of Deposition of Brian G. Janis.  Upon consideration of said Motion, the Court is of the opinion that the Motion has merit and said Motion is hereby granted.

It is therefore ORDERED that the Notice of Deposition of Brian G. Janis, set for March 4, 2003, in Brownsville, Texas, is hereby QUASHED.

SIGNED on _____ day of _____, 2003.

_____
HON. ELIA CORNEJO LOPEZ

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
     Fax: 956/421-3621
     Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
     Fax: 956/544-7828

CAUSE NO 2003 CCL 23 B

| | | |
|---|---|---|
| PORT   ISABEL- SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | § | |
| | § | AT LAW NO 2 |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

## NOTICE OF INTENT TO TAKE VIDEOTAPED DEPOSITION

TO:   PORT ISABEL SAN BENITO NAVIGATION DISTRICT.  DEFENDANTS
      BY AND THROUGH ITS ATTORNEY OF RECORD:
      RENE GONZALES
      HARLINGEN, TEXAS

   Please take  notice that at 9:30 AM on the 4TH day of March,  2003 attorney for  the Plaintiff will take the oral video deposition of Brian Janis at the offices of the deponent, 100 W. Expressway 83, Brownsville, Texas,  before a Certified Court Reporter. The deponent is being subpoenaed to ensure his presence on said date.

   You are invited to attend and cross examine.

                              RESPECTFULLY SUBMITTED


                              ALBERT VILLEGAS
                              1324 EAST SEVENTH
                              BROWNSVILLE TEXAS 78520
                              956 544 3352
                              FAX 956 544 7828
                              STATE BAR NO 20585450
                              ATTORNEY FOR OFFSHORE

EXHIBIT " _A_ "

## CAUSE NO 2003 CCL 23 B

| | | |
|---|---|---|
| PORT ISABEL- SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | § | |
| | § | AT LAW NO 2 |
| VS. | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | CAMERON COUNTY TEXAS |

### NOTICE OF INTENT TO TAKE VIDEOTAPED DEPOSITION

TO:   PORT ISABEL SAN BENITO NAVIGATION DISTRICT. DEFENDANTS
      BY AND THROUGH ITS ATTORNEY OF RECORD:
      RENE GONZALES
      HARLINGEN, TEXAS

   Please take notice that at 9:30 AM on the 4TH day of March, 2003 attorney for the Plaintiff will take the oral video deposition of Brian Janis at the offices of the deponent, 100 W. Expressway 83, Brownsville, Texas, before a Certified Court Reporter. The deponent is being subpoenaed to ensure his presence on said date.

   You are invited to attend and cross examine.

_Calendared_
_NA_

                                    RESPECTFULLY SUBMITTED


                                    _____
                                    ALBERT VILLEGAS
                                    1324 EAST SEVENTH
                                    BROWNSVILLE TEXAS 78520
                                    956 544 3352
                                    FAX 956 544 7828
                                    STATE BAR NO 20585450
                                    ATTORNEY FOR OFFSHORE


EXHIBIT " _A_ "

**CAUSE NO 2003 CCL 23 B**

| | | |
|---|---|---|
| PORT   ISABEL- SAN BENITO | * | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | * | |
| | * | AT LAW NO 2 |
| VS. | * | |
| OFFSHORE ENTERTAINMENT CORP. | * | CAMERON COUNTY TEXAS |

<u>**ORDER SETTING HEARING**</u>

Came on to be considered the Port's Motion to Quash Deposition of Brian Janis and after considering said Motion. finds this motion should be set for hearing:

IT IS ORDERED that Port's Motion To Quash deposition of Brian Janis   is hereby set for hearing on the _5th_ day of _March_ , 2003, at _9:00_ a.m., in the Cameron Court at Law NO 2,  Cameron  County Courthouse, Brownsville,  Texas.

Signed this _28th_ day of _Feb_ , 2003.

_____

Judge Presiding

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

**FIAT ON PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S
MOTION TO REQUIRE OFFSHORE ENTERTAINMENT CORP. TO RE-PLEAD**

---

On this day the Court considered the Port Isabel-San Benito Navigation District's Motion to Require Offshore Entertainment Corp. to Re-Plead. After consideration of the Motion, the Court finds that it should be set for hearing.

It is therefore, ORDERED, that the Motion to Require Offshore Entertainment Corp. to Re-plead is scheduled for hearing on the 2ⁿᵈ day of _April_, 2003 at 9:00 _A_.M. in the County Court At Law No. 2 Courtroom in the Cameron County Courthouse, Brownsville, Texas.

SIGNED on the 12th day of _March_ 2003.

_____
PRESIDING JUDGE

03/13/03 COPIES
    Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550⁻
        Fax: 956/421-3621—HAND DELIVERED
MAILED OUT Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
        Fax: 956/544-7828

JGR/MM

CAUSE NO: *02 -1769 Re-Entry*

PLAINTIFF'S CLAIM FORM                          IN THE JUSTICE COURT
TO FILE FOR                                     PCT. __ PLACE ___
WRIT OF REENTRY                                 CAMERON COUNTY TEXAS

STATE  OF TEXAS
COUNTY OF CAMERON

PLAINTIFF-TENANT     OFF SHORE ENTERTAINMENT CORP.
                     C/O 1324 EAST SEVENTH, BROWNSVILLE, TEXAS

BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS THAT:

DEFENDANT-LANDLORD: PORT  ISABEL SAN BENITO NAVIGATION DISTRICT
                         PORT ROAD, TEXAS

HAS ILLEGALLY LOCKED OUT THE PLAINTIFF FROM PLAINTIFF'S PREMISES
LOCATED AT 1250 PORT ROAD, PORT ISABEL, TEXAS AND REFUSES TO GIVE
PLAINTIFF A KEY TO THE PROPERTY AT ANY HOUR, WHETHER OR NOT PLAINTIFF
PAYS ANY PAST DUE RENT.

_____
PLAINTIFF-TENANT
_OFFSHORE ENTERTAINMENT_____

        SUBSCRIBED AND SWORN TO BEFORE ME THIS ___10th___ DAY OF Dec, 2002.

_____          _____
BENNIE OCHOA                              BY: CLERK OF THE COURT
JUSTICE OF THE PEACE

1

EXHIBIT " A "

## SWORN COMPLAINT FOR REENTRY

Before me, the undersigned on this day personally appeared, Anthony Scaglione, President of Offshore Entertainment Corp., who after being sworn, upon oath deposes and says that one Bob Cornelison, agent for Landlord, on or about the 30th, of January, 2002, and before the making and filing of this complaint, in Justice of the Peace, Pct. NO ___, Place ___, Cameron County, State of Texas did then and there lock out the tenants by changing the locks of the gate surrounding the leased premises and preventing the tenants from entering the premises or providing a key. Efforts were made to pay the rent but such was refused and to date no key to the premises has been provided even though the promise to pay the rent upon return of the premises was made.

ANTHONY SCAGLIONE
PRESIDENT OF OFFSHORE ENTERTAINMENT
CORP.    TENANT

SWORN to and subscribed before me, this ____ day of December, 2002.

SUBSCRIBED AND SWORN BEFORE ME, by the said _____ on this the ____ day of _____, 2002.

Justice of the Peace, Pct. ___   Place ___
Notary Public In and For
State of Texas, Cameron County, Texas

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
|       Applicant/Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
|       Respondent/Defendant | § | OF CAMERON COUNTY, TEXAS |

### PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S
### MOTION TO CLARIFY STAY OF PROCEEDINGS

MAY IT PLEASE THE COURT:

NOW COMES PLAINTIFF, the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT, as the nominal APPLICANT/PLAINTIFF in this cause (hereafter simply "NAVIGATION DISTRICT") and, pursuant to Rule 583 of the Texas Rules of Civil Procedure, files this Motion to Clarify the Stay of Proceedings herein, and in support thereof, would show the Court as follows:

I.

This lawsuit is in the nature of a writ of certiorari from the Justice of the Peace Court in which OFFSHORE ENTERTAINMENT CORP. was the plaintiff and the NAVIGATION DISTRICT was the Defendant. On February 24, 2003, this Court granted NAVIGATION DISTRICT's Application for Writ of Certiorari and ordered the issuance of said writ.

## II.

Upon service of the Writ of Certiorari on Justice of the Peace Bennie Ochoa, III, the proceedings on the judgment of the Justice Court were stayed, by operation of Rule 583 of the Texas Rules of Civil Procedure.  This matter shall now be tried *de novo* in this Court, and OFFSHORE ENTERTAINMENT CORP. shall have the burden of proof in this court.  TEX. R. CIV. P. 585, 591.

## III.

Because the proceedings on the judgment have been stayed and the trial in this Court shall be *de novo*, the parties herein have been placed back in the positions that they occupied prior to the rendition of judgment.  *See Cortez v. State Bd. of Morticians*, 306 S.W.2d 243, 244 (Tex. Civ. App.–San Antonio 1957, writ dism'd w.o.j.).  The parties must proceed as though a judgment had not been rendered.  *Id.*; *see also In re Garza*, 990 S.W.2d 372, 374 (Tex. App.–Corpus Christi 1999, orig. proceeding) ("When an appeal from a justice court judgment is perfected in a county court, the judgment of the justice court is annulled.  Once this occurs, the burden is on the appellee to obtain a new judgment.")  Any right, which OFFSHORE ENTERTAINMENT CORP. may have obtained through the Justice Court's writ of reentry, has now been annulled.  *Id*. Accordingly, OFFSHORE ENTERTAINMENT CORP. has no right to possession of the property in question, unless and until such time

as they are able to meet their burden of proof on the final trial on the merits herein.

CONCLUSION

WHEREFORE, the NAVIGATION DISTRICT requests that this Court clarify the scope of the stay of proceedings herein, and order that the Justice Court's Judgment and Writ of Reentry herein have been annulled, and further order that OFFSHORE ENTERTAINMENT CORP. has no right to possession of the leased premises, unless and until such time as OFFSHORE ENTERTAINMENT CORP. can meet its burden of proof in the final trial on the merits herein.  The NAVIGATION DISTRICT further requests any further and additional relief to which it may be entitled, whether at law or in equity.

SIGNED on the 7th day of March, 2003.

Respectfully Submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
RENE B. GONZALEZ
State Bar No. 08131380

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 7th day of March, 2003.

Mr. Albert Villegas              By Fax: (956) 544-7828
ATTORNEY AT LAW                        & Regular Mail
1324 East Seventh Street
Brownsville, Texas 78520
**COUNSEL FOR OFFSHORE ENTERTAINMENT CORP.**

RICARDO J. NAVARRO
RENE B. GONZALEZ

Port Isabel-San Benito Navigation District's
Motion to Clarify Stay of Proceedings                    Page 4

NO. 2003-CCL-23-B

| | | |
|---|---|---|
| PORT ISABEL-SAN BENITO | § | IN THE COUNTY COURT |
| NAVIGATION DISTRICT, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | AT LAW NO. 2 OF |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

### FIAT ON PORT ISABEL-SAN BENITO NAVIGATION DISTRICT'S MOTION TO CLARIFY STAY OF PROCEEDINGS

On this day the Court considered the Port Isabel-San Benito Navigation District's Motion to Clarify Stay of Proceedings. After consideration of the Motion, the Court finds that it should be set for hearing.

It is therefore, ORDERED, that the Motion to Clarify Stay of Proceedings is scheduled for hearing on the *19th* day of *March*, 2003 at *9:00* A.M. in the County Court at Law No. 2 Courtroom in the Cameron County Courthouse, Brownsville, Texas.

SIGNED on the *12th* day of *March*, 2003.

_____
PRESIDING JUDGE

13/03 HAND DELIVERED

Cy: Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
    Fax: 956/421-3621
    Mr. Albert Villegas, 1324 East Seventh Street, Brownsville, Texas 78520
    Fax: 956/544-7828

JGR/MM

# VILLEGAS LAW FIRM

ATTORNEYS AT LAW

1324 EAST SEVENTH STREET ● BROWNSVILLE, TEXAS 78520 ● TELEPHONE 956/544-3352 ● FAX 956/544/7828

March 18, 2003

RECEIVED
JOE G. RIVERA
MAR 1 8 2003
CAMERON COUNTY
By_____ Deputy
Time 11:30 a.m. Date_____

Mr. Joe G. Rivera
Cameron County Clerk
Cameron County Courthouse
Brownsville, Texas 78520

Re: Cause no. 03 CCL 23 B
Port Isabel San Benito Navigation District v. Offshore Entertainment Corp.

Dear Sir:

Enclosed please find Offshore's Response to Motion to Clarify. By copy of this letter, I am advising the opposing counsel of such.

Thank you for your attention to this matter.

Very truly yours,

Alper Villegas

Enc.

CC:
R Gonzales

back in court
For 3/19/03
Revew

## CAUSE NO 2003 CCL 23 B

| | | |
|---|---|---|
| **PORT   ISABEL- SAN BENITO** | § | **IN THE COUNTY COURT** |
| **NAVIGATION DISTRICT** | § | |
| | § | **AT LAW NO 2** |
| **VS.** | § | |
| **OFFSHORE ENTERTAINMENT CORP.** | § | **CAMERON COUNTY TEXAS** |

### OFFSHORE'S RESPONSE TO MOTION TO CLARIFY

Comes Now, Offshore Entertainment Corporation, who files this their response to District's Motion to Clarify and would respectfully show the Court as follows:

### I.

Offshore is the party who is located on the premises by virtue of a lease and the Writ of Reentry signed by Judge Ochoa. Judgment was entered by the Hon. Judge Ochoa after the District failed to request a hearing or contest the Writ as required under the Property Code.

### II

District is attempting to remove and evict Offshore from the premises by its misinterpretation of the Rules of Civil Procedure. Rule 583 states that "upon service... he [Justice of the Peace] shall stay such further proceedings....". District wants the Court to clarify this to mean something entirely different in this case. The District does not cite nor can they cite a single case that holds what it asks the Court to do. When the District failed to perfect an appeal on time and correctly, they lost a remedy. The cases cited by defendant reflect that the attempt to apply case law in a "case that was perfected by appeal" should mean the same as a case that was not perfected by appeal. The cases cited by the District do not apply when the case has not been perfected by appeal. Both those cases refer to situations that "upon the perfection of an appeal", meaning the perfected appeal of the underlying judgment  vacates that judgment. Cortez v. State Board of Morticians, 306 SW 2d 243 at 244, Ct. App. San Antonio, 1957), In Re Garza , 990 SW 2d 372 (13th Ct. App, 1999). A party cannot intentionally fail to appeal and then receive the same benefits of a case properly appealed. Any attempts to suggest these cases stand for that proposition  are incorrect.

## III

Offshore proposes that the word "stay" means means to stop or not proceed further. "The Justice Courts were not warranted in proceeding <u>further</u> in the matter until final determination of appellee's application for writ of certiorari." <u>Lake v. Hale</u> etal. 179 SW2d 349, (Ct. App. Dallas, 1944). The court in Lake stated the underlying Court could not provide any further relief after the Writ was filed.

## IV

The stay to be enforced by this Court under Rule 583, means that Offshore cannot go back to Justice of the Peace Court for a Writ of Possession or any other relief. It does not mean the Court's ruling is overturned and the case starts new.

Respectfully Submitted,

_____
VILLEGAS LAW FIRM
BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE: (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO: 20585450
ATTORNEY FOR OFFSHORE
ENTERTAINMENT CORPORATION

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to counsel of record on this the 18TH day of MARCH, 2003 via FAX AND REGULAR MAIL. .

_____
ALBERT VILLEGAS

CAUSE NUMBER: ~~2003-CCL-23-B~~ 2003-CCL-23-B

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT INC. | § | IN COUNTY COURT AT LAW |
| | § | |
| VS | § | NUMBER 2 OF |
| | § | |
| PORT ISABEL SAN BENITO NAV DIST | § | CAMERON COUNTY, TEXAS |

FILED FOR RECORD
AT ___ O'CLOCK ___ M
10:52
MAR 2 1 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

## SUGGESTION OF BANKRUPTCY

**TO THE HONORABLE JUDGE OF SAID COURT:**

       **COMES NOW, Offshoe Entertainment , Inc**, by and through **BALDEMAR CANO, JR.,** bankruptcy counsel, and files this Suggestion of Bankruptcy and in such cause would show this Honorable Court as follows:

1.

       **Offshore Entertainment, Inc.**, has filed for protection under Chapter 11, Title 11 of the United States Bankruptcy Code (the "Code") for the Southern District of Texas, McAllen Division on March 20, 2003. (See exhibit "A" - a file stamped copy of the Bankruptcy cover-sheet filing.)

2.

       Under Section 326 of the United States Bankruptcy Rules, as amended, all actions against Debtor, including the continuation of any judicial proceedings against the Debtor are automatically stayed, therefore this Judicial Proceeding against Debtor should be in all things abated.

       **WHEREFORE, PREMISES CONSIDERED, Offshore Entertainment, Inc. Movant** herein, pray that this cause of action be abated pending further Orders of the United States Bankruptcy Court or the dismissal of the Bankruptcy case.

       Dated: March 21, 2003

                        Respectfully submitted,

                        LAW OFFICE OF BALDEMAR CANO, JR.,
                        217 South Cage
                        Pharr, Texas 78577
                        Telephone No: (956) 787-8523
                        Fax No: (956) 787-2831

                        BALDEMAR CANO, JR., TBA# 03756500
                        ADMISSION NO.: 8062
                        Attorney for Debtor

FILED FOR RECORD

AT 11:16 O'CLOCK O₁ M

MAR 2 5 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

**CAUSE NO 2003 CCL 23 B**

| | | |
|---|---|---|
| PORT ISABEL- SAN BENITO | * | IN THE COUNTY COURT |
| NAVIGATION DISTRICT | * | |
| | * | AT LAW NO |
| VS. | * | |
| OFFSHORE ENTERTAINMENT CORP. | * | CAMERON COUNTY TEXAS |

## SUGGESTION OF BANKRUPTCY

Comes Now Offshore Entertainment Corp. by and through its bankruptcy counsel of record, and files this suggestion of Bankruptcy and in such cause would show the Court as follows:

### I

Offshore Entertainment Corporation has filed for bankruptcy under Chapter 11, Title 11 of the United State Bankruptcy Code for the Southern District of Texas, McAllen Division on March 20, 2003. [See exhibit A, a file stamped copy of the bankruptcy cover sheet filing]. Notice was filed on the 21st of March, 2003 under an incorrect cause number, #2 CCL 2023 B, a copy which is attached. Movant is not certain the filing was sent to the correct file.

### II

Under section 326 of the United States Bankruptcy Rules, as amended, all actions against the Debtor, including the continuation of any judicial proceedings against all the Debtor are automatically stayed, therefore this Judicial proceeding against Debtor should be in all things abated.

Wherefore Premises considered, Offshore Entertainment Corporation, Movant herein prays that this Cause of action be abated pending further Orders of the United States Bankruptcy Court or the dismissal of the Bankruptcy case.

RESPECTFULLY SUBMITTED

_____
ALBERT VILLEGAS
1324 EAST SEVENTH
BROWNSVILLE TEXAS
956 544 3352
BAR NO 20585450
ATTORNEY FOR OFFSHORE ENTERTAINMENT
CORPORATION

## CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the foregoing has been sent this ___25___ day of _March_, 2003 to the County Clerk by hand delivery and all counsel of record by regular mail.

_____

ALBERT VILLEGAS

| | |
|---|---|
| ☒ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | ... ... signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors. ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | United States District Court Southern District of Texas FILED MAR 2 1 2003 Michael N. Milby, Clerk |

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

C A B-03-83

# LIST OF COUNSEL

**Albert Villegas**
1324 E. Seventh Street
Brownsville, Texas 78520
Attorney for Offshore Entertainment Corp.

**Baldemar Cano Jr.**
215 S. Cage
Pharr, Texas 78577
Attorney for Offshore Entertainment Corp.

**Rene Gonzales**
Denton, Navarro & Bernal
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
Attorney for Port Isabel-San Benito Navigation District

C AB - 03 - 83

# Index

A. Plaintiff's Original Petition

B. Court of Appeals

C. Defendant Motion to Dismiss

D. Order

E. Temporary Restraining Order

F. Motion to Substitute on Behalf of Plaintiff Navigation District

G. Plaintiff Port Isabel-San Benito Navigation District's Motion for New Trial;

H. Fiat

I. Applicant Port Isabel- San Benito Navigation District's First Amended Petition in the Nature of an Application for Writ of Certiorari.

J. Applicant Port Isabel-San Benito Navigation District's Cash Bond:

K. Writ of Certiorari;

L. Applicant Port Isabel-San Benito Navigation District's Brief Regarding Exemption from Bond Requirements.

M. Offshore Entertainment Inc.'s Motion to Deny The Application for Writ of Certiorari.

N. Applicant District's Motion To Quash Deposition of Brain Janis.

O. Fiat on Port Isabel-San Benito Navigation District's Motion to require Offshore Entertainment Corp. To Re-Plead.

P. Port Isabel-San Benito Navigation District's Motion To clarify Stay of Proceedings.

Q. Offshore's Response to Motion to Clarify.

R. Suggestion of Bankruptcy.

S. Notice Of Removal.