United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | BKCY CASE NO. 03-10400-B-13 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT CORP. | § | |
| Plaintiff | § | |
| VS. | § | ADVERSARY NO. B-03-083 |
| | § | |
| PORT ISABEL - SAN BENITO | § | |
| NAVIGATION DISTRICT | § | JURY TRIAL DEMANDED |
| Defendant | § | |

DEFENDANT NAVIGATION DISTRICT'S
MOTION TO STRIKE REMOVAL FOR VIOLATION OF AUTOMATIC STAY

May it Please the Court:

COMES NOW the PORT ISABEL-SAN BENITO NAVIGATION DISTRICT (hereafter simply "DEFENDANT" or "NAVIGATION DISTRICT") and, subject to dispositive motions, files this Motion to Strike Plaintiff Offshore Corporation's removal of this case as being in violation of the automatic stay provisions, as well as Fed. R. Bkcy Pro. 9027(2).

### Procedural History

1.   Plaintiff Offshore commenced its proceeding in under Chapter 11 of the Bankrupcy Code on March 21, 2003.  *See Notice of Commencement, attached as Exhibit A.*

2.   At the time that Plaintiff commenced the bankruptcy proceedings, there were pending in the state district courts three separate judicial proceedings, including the one at issue here, styled and numbered *Port Isabel-San Benito Navigation*

*District vs. Offshore Entertainment Corp.*, Cause No. 2003-CCL-23-B (County Court At Law #2, Cameron County, Texas).

3.    Plaintiff removed this action on May 2, 2003.

4.    At the time of removal, there was still in place an automatic stay under Title 11 U.S.C. §362.

## Argument & Authorities

5.    Federal Bankruptcy Rule 9027, pursuant to which this removal was allegedly effectuated, a removal of a pending state court action may only be initiated within 30 days *after* any applicable automatic stay is lifted.  See Fed. R. Bkcy Pro. 9027(2).

6.    Here, DEFENDANT NAVIGATION DISTRICT filed a Motion to Lift the Automatic Stay in the Bankruptcy Proceeding identified above.  *See Navigation District's Motion to Lift Stay, attached as Exhibit B (w/o exhibits due to volume).*

7.    At the time that Plaintiff initiated this removed Adversary Proceeding, there has been no ruling from the Bankruptcy Court lifting the automatic stay.  A hearing is set on the matter for May 21, 2003.  *See Bkcy Court Order Setting Hearing for 5/21/2003, attached as Exhibit C.*

8.    Because the removal was effectuated while an automatic stay was in place, and because the removal was taken prematurely in violation of Fed. R. Bkcy Pro. 9027(2), the removal is defective and premature.

9.    The removal is also defective because Plaintiff has failed to serve defense counsel with a copy of all state court papers on file related to this removal.  See Local Bkcy Rule 9027. Although the removal petition purports to have provided the Court with a complete set, DEFENDANT received absolutely no copies of these papers.  Consequently, DEFENDANT is unable to ascertain whether Plaintiff has filed only selected papers with

the Court or has otherwise properly represented the status of the proceedings in the state court below.

10. Further, DEFENDANT specifically denies that this proceeding qualifies as a core proceeding under the Bankruptcy Code and any applicable law and rules. At the appropriate juncture, DEFENDANT will further supplement this dispositive motion on this point.

**CONCLUSION & PRAYER**

Therefore, because this removed Adversary Proceeding is in violation of the automatic stay provisions in place at the time of removal, because it is prematurely filed, and because it is an otherwise procedurally defective removal, DEFENDANT NAVIGATION DISTRICT requests that the Adversary Proceeding be stricken from the Court's docket and otherwise rendered null and void. The matter should be restored or, if proper, remanded to the state court proceedings from which it originated so as to restore the status quo at the time of removal.

DEFENDANT further requests and prays for such other and further relief to which it is entitled, at law or in equity.

SIGNED this 9th day of May, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
State Bar No. 14829100
Federal I.D. No. 5953
RENE B. GONZALEZ
State Bar. No. 08131380
Federal I.D. No. 8649

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been sent to the persons indicated below by U.S. Mail, postage prepaid, or as otherwise indicated, and in accordance with the Federal Rules of Civil Procedure, on this the 9th day of May, 2003.

Mr. Baldemar Cano, Jr.
Attorney at Law
217 South Cage
Pharr, Texas 78577
BKCY COUNSEL FOR OFFSHORE ENTERTAINMENT CORP.

Mr. Albert Villegas
Attorney At Law
1324 East 7th Street
Brownsville, Texas 78520
COUNSEL FOR OFFSHORE ENTERTAINMENT CORP.

_Ricardo J. Navarro_
RICARDO J. NAVARRO
RENE B. GONZALEZ

UNITED STATES BANKRUPTCY COURT

## Southern District of Texas

### NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11
### OF THE BANKRUPTCY CODE,
### MEETING OF CREDITORS, AND FIXING OF DATES
### (Corporation/Partnership Case)

**Case Number: 03-10400 - rss**
**Date Filed (or Converted): 03/21/03**

| | |
|---|---|
| IN RE:<br>Offshore Entertainment Inc, 74-2926030 | ADDRESS OF DEBTOR<br>1250 Port Road<br>Port Isabel, TX 78578 |
| NAME/ADDRESS OF ATTORNEY FOR DEBTOR<br>Baldemar Cano, Jr<br>217 S Cage<br>San Juan, TX 78577 | NAME/ADDRESS OF TRUSTEE |
| Telephone Number: 956-787-8523<br>DATE/TIME/LOCATION OF MEETING OF CREDITORS<br>05/20/2003 at 10:30 AM<br>222 East Van Buren<br>Room 301<br>Harlingen, TX 78550 | Telephone Number: |

[ X ] Corporation    [ ] Partnership

Filing Claims: Deadline to File a Proof of claim is 06/20/03

COMMENCEMENT OF CASE. A petition for reorganization under chapter 11 of the Bankruptcy Code has been filed in this court by or against the debtor named above, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice. If the debtor is a partnership, remedies otherwise available against general partners are not necessarily affected by the commencement of this partnership case. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS. The debtor's representative, as specified in Bankruptcy Rule 9001(5), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM. Schedules of creditors have been or will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedules of creditors has the responsibility for determining that the claim is listed accurately. The place to file a proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court. Proof of claim forms are available in the clerk's office of any bankruptcy court.

PURPOSE OF CHAPTER 11 FILING. Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan. A plan is not effective unless approved by the court at a confirmation hearing. Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

| For the Court: | Michael N. Milby<br>Clerk of the Bankruptcy Court | Date: 04/23/03 | FORM B9F 001 |
|---|---|---|---|

RECEIVED

MAY 0 1 2003

EXHIBIT " A "

RAMPAGE - RGV

028803

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

APR 1 8 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Debtor | § | |
| ———————————————— | § | |
| | § | CASE NO. 03-10400-B-11 |
| PORT ISABEL - SAN BENITO | § | |
| NAVIGATION DISTRICT and, | § | CHAPTER 11 |
| BOB CORNELISON, | § | |
| Movants | § | |
| | § | |
| VS. | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP., | § | |
| Respondent | § | |

PORT ISABEL-SAN BENITO NAVIGATION DISTRICT
AND BOB CORNELSION'S
MOTION FOR RELIEF FROM STAY
———————————————————————————————

TO THE HON. RICHARD S. SCHMIDT, U.S. BANKRUPTCY JUDGE:

COME NOW, the PORT ISABEL - SAN BENITO NAVIGATION DISTRICT (hereafter "NAVIGATION DISTRICT") and BOB CORNELISON (hereinafter "CORNELISON"), and file this Motion for Relief from Stay for the reasons and on the grounds more fully set forth below.

### SCOPE & NATURE OF APPEARANCE

The NAVIGATION DISTRICT, is the owner and landlord of a certain commercial dock which was previously leased to Offshore Entertainment Corp., the Debtor herein (hereinafter "Offshore" and/or "Debtor"). CORNELSION is the Port Director for the NAVIGATION DISTRICT. Although the NAVIGATION DISTRICT and CORNELISON (hereinafter collectively referred to as "Movants")


EXHIBIT " B "

assert that the debtor no longer has any interest in the leased premises, the Movants are currently involved in two state court lawsuits, initiated by the debtor, which involve the issue of right to possession of the leased premises, as well as the validity of the termination of the lease.  Movants file this motion seeking an order from this Court terminating the stay as to the premises in question, because the lease was terminated prior to the filing of the bankruptcy petition herein. Additionally, Movants seek an order allowing the continuation the state court litigation.

### NATURE OF THE CASE & SUMMARY OF THE ARGUMENT

Movants' involvement in this bankruptcy proceeding arises from the pre-petition termination of a lease agreement between the NAVIGATION DISTRICT and the Debtor. (See Exhibit 1).  In January 2002, the NAVIGATION DISTRICT sent Debtor notice that Debtor was in default of the lease agreement.  Debtor was also advised that if said default was not cured within fifteen days, said lease would be terminated.  (See Exhibits 2 and 3).  On January 31, 2002, the Port Isabel - San Benito Navigation District Commissioners voted to terminate the lease at a duly posted meeting.  (See Exhibit 4).  Representatives of the debtor were present at the meeting, and received actual notice of the termination.

In June 2002, Debtor commenced a lawsuit in State District Court, seeking, inter alia, a declaratory judgment that the termination of the lease was void, and that the lease remains in effect.  (See Exhibit 5).  In December 2002, Debtor filed a complaint for re-entry with a Justice of the Peace Court in Cameron County, seeking a writ of re-entry to the premises in

question. (See Exhibit 8). While both actions were still being litigated, the debtor filed for bankruptcy herein.

The Movants argue that the automatic stay should be terminated, as against the leased premises, because the lease was terminated prior to the filing of the bankruptcy petition herein. Movants further argues that the state court proceedings, initiated by the debtor, are not subject to the automatic stay, as they are not proceedings *against* the debtor. Finally, Movants argue that it can otherwise demonstrate good cause for the lifting of the stay.

## INDEX OF EXHIBITS IN SUPPORT OF THIS MOTION

1. 1998 Lease Agreement, and Assignment of Lease;

2. Letter from Brian Janis to Dorothy Scaglione, dated January 15, 2002;

3. Letter from Brian Janis to Dorothy Scaglione, dated January 21, 2002;

4. Minutes of the January 31, 2002, meeting of the Port Isabel - San Benito Navigation District Canal Commissioners;

5. Plaintiff's Eighth Amended Petition (live pleading) filed in Cause Number 2002-06-2362-G, in the 404th District Court of Cameron County, Texas;

6. Order Granting NAVIGATION DISTRICT's Motion to Compel Arbitration, dated March 10, 2003;

7. Order Granting Severance of Individual Defendant Bob Cornelison from claims against NAVIGATION DISTRICT, dated March 24, 2003;

8. Offshore's Sworn for Complaint for Re-Entry in Cause Number 02-1768 Re-Entry, filed in the Justice Court, Precinct One, Cameron County, Texas;

9. Writ of Re-Entry with Officer's Return in Cause Number 02-1768 Re-Entry;

10.  Judgment of the Justice Court in Cause 02-1768 Re-Entry;

11.  Application for Writ of Certiorari in the County Court at Law Number Two of Cameron County, Texas, Cause Number 2003-CCL-23-B;

12.  Order Granting Writ of Certiorari, in Cause Number 2003-CCL-23-B;

13.  Writ of Certiorari in Cause Number 2003-CCL-23-B;

## PROCEDURAL HISTORY

### A.  *State District Court Matter Cause No. 2002-06-2362-G*

On June 13, 2002, OFFSHORE filed suit in the 404th Judicial District Court of Cameron County, Texas, which was docketed as Cause Number 2002-06-2362-G, and styled "Offshore Entertainment Corporation v. Bob Cornelison, et al."  (See Exhibit 5). OFFSHORE's suit seeks injunctive relief against the NAVIGATION DISTRICT, to prevent the DISTRICT from leasing the dock in question to third parties, and a declaratory judgment concerning the rights of the parties to the lease, including the right to possession of the leased premises.  OFFSHORE's suit also seeks damages from CORNELISON, alleging that CORNELISON tortiously interfered with OFFSHORE's contractual relations.

The District Court granted OFFSHORE's request for a temporary injunction on August 5, 2002; however, the NAVIGATION DISTRICT appealed the temporary injunction to the 13th Court of Appeals.  In December 2002, the Court of Appeals declared that the temporary injunction was void, and dissolved same. Thereafter, the proceedings in the District Court continued, and the NAVIGATION DISTRICT urged a motion to compel to arbitration, arguing that the lease agreement entered into between the NAVIGATION DISTRICT and OFFSHORE contained an arbitration clause which requires that the issues in the suit be arbitrated.  On

March 10, 2003, the District Court signed an order sending all of OFFSHORE's claims and causes of action against the NAVIGATION DISTRICT to arbitration. (See Exhibit 6). Additionally, the District Court severed the Debtor's claims against the NAVIGATION DISTRICT into a separate proceeding, thus allowing the claims against the CORNELSION and a co-defendant to proceed to trial, while the claims against the NAVIGATION DISTRICT proceeded to arbitration. (See Exhibit 7). The NAVIGATION DISTRICT was preparing to request a list of arbitrators from the American Arbitration Association, when it received notice that OFFSHORE had filed its petition for bankruptcy.

    B.   *J.P./County Court Matter*

On December 10, 2002, the Debtor initiated cause number 02-1768-Re-entry, in Justice Court, Precinct One, of Cameron County, Texas, by filing a Sworn Complaint for Re-Entry. (See Exhibit 8). On said date, the Honorable Benny Ochoa, III, held an ex-parte hearing, and granted Offshore a Writ of Re-entry to a premises located on Port Road in Port Isabel, Cameron County, Texas. (See Exhibit 9). The NAVIGATION DISTRICT was served with the writ of re-entry, and filed an objection to the Justice Court's jurisdiction, requesting that the cause be dismissed or abated. On December 20, 2002, without providing the NAVIGATION DISTRICT a hearing on its objection to jurisdiction and request for dismissal or abatement, the Justice Court entered a Judgment finding that the allegations in the Sworn Complaint for Re-entry were true and adjudging costs of court against the NAVIGATION DISTRICT. (See Exhibit 10). Notice of the Judgment was not received by the NAVIGATION DISTRICT, until after the expiration of the appellate deadline. As a result, the NAVIGATION DISTRICT was not allowed the opportunity to file a timely direct appeal.

On February 12, 2003, the NAVIGATION DISTRICT filed a petition in the nature of an application for a writ of certiorari with the County Court at Law Number Two of Cameron County, Texas. (See Exhibit 11). Pursuant to Rules 577-579 of the Texas Rules of Civil Procedure, the County Court at Law granted the Writ of Certiorari, and invoked its appellate jurisdiction to review the actions of the Justice Court. (See Exhibit 12). On March 19, 2003, the County Court at Law heard arguments on the NAVIGATION DISTRICT's Motion to Clarify the Stay of Proceedings, which asked the Court to interpret the effect of the Court's granting of the Writ of Certiorari on the Justice Court's Writ of Re-entry; in other words, to determine who is entitled to immediate possession of this premises. Through this motion, the NAVIGATION DISTRICT's argued that it was entitled to possession of the premises at issue, because the filing of the appeal had the effect of vacating the Justice Court's writ of re-entry and judgment.[1]  The Court took this matter under advisement and had not yet issued a ruling when OFFSHORE filed it bankruptcy petition.

## SUMMARY OF LEGAL ARGUMENTS

I.  **The proceedings in both District Court and Justice Court are not subject to the § 362 stay provisions, as they were both initiated by the Debtor.**

II. **The Navigation District is entitled to have the automatic stay terminated because the lease was terminated before debtor filed bankruptcy.**

---

[1] *See In re Garza*, 990 S.W.2d 372, 374 (Tex. App.–Corpus Christi 1999, orig. proceeding) ("When an appeal from a justice court judgment is perfected in a county court, the judgment of the justice court is annulled. Once this occurs, the burden is on the appellee to obtain a new judgment.")

III.    Alternatively, the Navigation District asks that the automatic stay be modified to allow the State Court proceedings to continue.

## LEGAL ARGUMENT & ANALYSIS

I.  **The proceedings in both District Court and Justice Court are not subject to the § 362 stay provisions, as they were both initiated by the Debtor.**

The automatic stay provision of the Bankruptcy Code provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. §§ 362(a) (emphasis added).

As the plain language of the statute suggests, and as no less than seven circuits have concluded, the Code's automatic stay does not apply to judicial proceedings, such as the aforementioned state district court and county court at law proceedings, that were initiated by the debtor. *Brown v. Armstrong*, 949 F.2d 1007, 1009-10 (8th Cir. 1991); *Carley Capital Group v. Fireman's Fund Insurance Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989); *Martin- Trigona v. Champion Federal Savings and Loan Ass'n,* 892 F.2d 575 (7th Cir. 1989); *In re Berry Estates*, 812 F.2d 67, 71 (2d Cir. 1987); *Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091, 1092-93 (5th

Cir. 1986); *Cathey v. Johns-Manville Sales Corporation*, 711 F.2d 60, 61 (6th Cir. 1983); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

As the Seventh Circuit Court of Appeals explained in *Martin-Trigona*, 892 F.2d at 577:

> The fundamental purpose of bankruptcy ... is to prevent creditors from stealing a march on each other ... and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.

As noted above, the Debtor, OFFSHORE, initiated both the State District Court action and the Justice Court action. (See Exhibits 5 and 8). Since the County Court at Law proceeding is in the nature of an appeal from the decision of the Justice Court, it is obviously the continuation of a judicial proceeding within the meaning of the above section.[2] Therefore, the only

---

[2] Debtor has argued, in the state court litigation, that a certiorari proceeding is not an appeal; however, the case law holds otherwise. In *Dunaway v. Easter*, the court addressed the issue of whether a proceeding by writ of certiorari is an appeal. The court held:

> The writ [of certiorari], when properly applied for and granted, *is one form of appeal*. It differs from the regular appeal only in the fact that appeal proper is a matter of right, and the privilege of one to exercise it may not be denied by a court, while the writ will only issue and previous proceedings be reviewed when allegations show they were erroneous. The subject is discussed and the rule announced in 9 Tex. Jur. p.21, sect.2, in this language: 'A proceeding by certiorari to review a case upon the merits is appellate in nature, and is frequently alluded to as another method of appeal.'

question is whether the County Court at Law proceeding is "against the debtor." Several courts of appeals that have considered this issue have held that whether a proceeding is against the debtor within the meaning of Section 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding. *See Freeman v. Comm'r of Internal Revenue*, 799 F.2d 1091, 1092-93 (5th Cir. 1986); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 61-62 (6th Cir. 1983); *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448-49 (3rd Cir. 1982). Since the debtor initiated proceedings before the Justice Court by filing its complaint for re-entry, the initial proceeding was initiated by the debtor, not against the debtor. If the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code. *Freeman*, 799 F.2d at 1093. Accordingly, under this rule, the appellate proceeding in the County Court at Law is not against the debtor, and therefore is not stayed pursuant to the automatic stay provisions of section 362 of the Bankruptcy Code.[3]

---

*Dunaway v. Easter*, 119 S.W.2d 421, 423 (Tex. Civ. App. – Ft. Worth, 1938) *rev'd on other grounds*, 129 S.W.2d 286 (Tex. Comm. App. 1939) (Emphasis added).

[3] We note that there is disagreement among the circuits regarding whether a court should look to the initial posture of a proceeding or to its posture on appeal in order to determine whether the appeal is a proceeding "against the debtor" that is stayed by section 362(a)(1). *Compare Parker v. Bain,* 68 F.3d 1131, 1135-36 (9th Cir. 1995) (citing cases that look to initial posture), *with Chaussee v. Lyngholm (In re Lyngholm)*, 24 F.3d 89, 91-92 (10th Cir. 1994) (looking to posture on appeal); *cf. Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311 (11th

Port Isabel - San Benito Navigation District's
Motion for Relief from Automatic Stay Provisions                    Page 9

Therefore, based on the above, the proceedings in state district court and county court at law, which were initiated by the Debtor, are not subject to the section 362 stay, as they are not actions against the debtor.

**II. The Navigation District is entitled to relief from the automatic stay because the lease was terminated before debtor filed bankruptcy.**

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §362(d)(1).

In the present case, the NAVIGATION DISTRICT the lease was terminated by NAVIGATION DISTRICT long before the debtor filed bankruptcy. (See Exhibits 2, 3, & 4). Because the lease was terminated before the bankruptcy case was filed, good cause exists to grant relief from the automatic stay because the debtor lacks an interest in the property. 11 U.S.C. §362(d)(1); *In re Knight Jewelry*, 168 B.R. 199, 201 (Bankr. W.D. Mo. 1994).

---

Cir. 1983) (finding that appeal automatically was stayed under section 362(a)(1) where defendant-appellee filed bankruptcy petition after oral argument, but not indicating whether courts should look to initial posture or to posture on appeal).

The Fifth Circuit has stated that a court should look to the initial posture of a proceeding in order to determine whether the appeal is a proceeding "against the debtor." *Freeman v. Comm'r of Internal Revenue*, 799 F.2d 1091, 1092-93 (5th Cir. 1986).

Put another way, the Bankruptcy Code permits a trustee, with court approval, to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §§ 365(a). However, "[t]he trustee may not assume or assign any executory contract or unexpired lease of the debtor ... if ... such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. §§ 365(c)(3). The phrase "applicable nonbankruptcy law" means applicable state law. *See City of Valdez v. Waterkist Corp. (In re Waterkist Corp.)*, 775 F.2d 1089, 1091 (9th Cir. 1985). Simply put, if a lease of nonresidential real property has been terminated under state law before the filing of a bankruptcy petition, there is nothing left for the trustee to assume. *See In re Windmill Farms, Inc.*, 841 F.2d 1467 (9th Cir. 1988); *Kearny Mesa Crossroads v. Acorn Investments (In re Acorn Investments)*, 8 B.R. 506, 510 (Bankr. S.D. Cal. 1981).

## Texas Law concerning termination of lease

Traditionally, Texas courts have regarded the landlord as having four causes of action against a tenant for breach of the lease and abandonment. *See Austin Hill Country Realty, Inc. V. Palisades Plaza, Inc.*, 948 S.W.2d 293, 300 (Tex. 1997) (citing *Speedee Mart v. Stovall*, 664 S.W.2d 174, 177 (Tex. App.-Amarillo 1983, no writ). First, the landlord can maintain the lease, suing for rent as it becomes due. Second, the landlord can treat the breach as an anticipatory repudiation, repossess, and sue for the present value of future rentals reduced by the reasonable cash market value of the property for the remainder of the lease term. Third, the landlord can treat the breach as anticipatory, repossess, release the property, and sue the tenant for the difference between the contractual rent and the

amount received from the new tenant. Fourth, the landlord can declare the lease forfeited (if the lease so provides) and relieve the tenant of liability for future rent. *Austin Hill Country Realty*, 948 S.W.2d at 300; *In re Mr. Gatti's Inc.*, 162 B.R. 1004, 1013 (Bankr. W.D. Tex. 1994).

In the present case, the lease agreement provides that the NAVIGATION DISTRICT may terminate the lease, should OFFSHORE default in any obligation under the contract. (Exhibit 1, ¶ IX). The NAVIGATION DISTRICT sent notice of default and proposed termination to the debtor, in accordance with the terms of the lease agreement, and then the District took action to terminate the lease agreement. (See Exhibits 2, 3, and 4). Therefore, the lease agreement was terminated prior to the filing of this bankruptcy case, and the debtor has no interest in the lease agreement.

Accordingly, the NAVIGATION DISTRICT asserts that this Court should terminate the automatic stay, as it applies to the leased premises, because the lease agreement between the NAVIGATION DISTRICT and the Debtor was terminated prior to the filing of this bankruptcy case.

**III.    Alternatively, the Navigation District asks that the automatic stay be modified to allow the State Court proceedings to continue.**

Alternatively, should this Court find that the lease agreement has not yet been terminated and the proceedings in State District Court and the County Court at Law are subject to the automatic stay provisions of section 362, then the Movants request that this Court modify the stay so that the proceedings in State District Court and County Court at Law may continue to final disposition. *See In re Knight Jewelry*, 168 B.R. 199 (Bankr. W.D. Mo. 1994) (holding that state court lease

litigation between landlord and Chapter 11 debtor lessee that was well under way prepetition would warrant modification of automatic stay to permit litigation to continue).

Prior to the debtor making its election to assume or reject lease, if a creditor/lessor believes itself to be suffering some loss by virtue of not having its property back, it can petition the bankruptcy court for relief, either by moving to compel an earlier election to assume or reject the lease or by seeking relief from automatic stay; this is a mechanism which the Bankruptcy Code contemplates as a remedy, rather than according some sort of priority to compensate the creditor. 11 U.S.C. §§ 365(d)(1), (g)(1), 503(b)(1). *In re Templeton*, 154 B.R. 930 (Bankr. W.D. Tex. 1993). The NAVIGATION DISTRICT asserts that it has a prospective tenant that is ready, willing and able to lease the premises in question; however, the NAVIGATION DISTRICT runs the risk of losing said prospective tenant, if the issue of the availability of the premises is not resolved quickly. Accordingly, the NAVIGATION DISTRICT believes itself to be suffering some loss by not having its property back.

Finally, the Movants assert that "cause" exists for lifting the stay, as outlined by the appropriate case law. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2nd Cir. 1990). A court's determination of whether a movant has met its burden of proof on the issue of "cause" must include an analysis of the *Curtis* factors. *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). The *Sonnax* Court quoted, with approval, *In re Curtis,* and listed twelve factors a court should weigh in deciding whether to lift the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and balance of harms.

*In re Sonnax, supra.*, citing *In re Curtis,* 40 B.R. 795, 799- 800 (Bankr. D. Utah 1984); *see also In re Fowler*, 259 B.R. 856, 859 (Bankr. E.D. Tex. 2001).

There exists cause under the foregoing factors. Specifically, the Movants assert that the granting of relief, as requested in this motion, and modification of the stay to allow the Movants and the debtor to proceed, to final disposition,

with the state court litigation, would result in the following:
the Movants and the Debtor would be able to completely resolve
the issues between them, as the state court litigation
encompasses all contested issues concerning the lease agreement;
the state court litigation would not interfere with the
bankruptcy case, as the dispute concerning the lease agreement
has no connection to any other aspect of the bankruptcy case;
the state court litigation would not prejudice the interests of
other creditors, as no other creditor has an interest in the
property which is the subject of the lease agreement; the state
court litigation would promote the interests of judicial economy
and the expeditious and economical resolution of this dispute
between the parties, as the state court litigation is well under
way, and the parties are ready to proceed to trial; and,
finally, the speedy resolution of this dispute in the state
court litigation, would allow the NAVIGATION DISTRICT to begin
generating income from said rental property, which is currently
being tied up in this litigation.

### CONCLUSION & PRAYER

Therefore based on the above, the NAVIGATION DISTRICT and
CORNELISON request that the Bankruptcy Court enter an Order
which: terminates the stay as to the property which is the
subject of the lease agreement, and declares that the pending
litigation in state district court and county court at law is
not subject to the stay; or alternatively, modifies the stay to
allow the NAVIGATION DISTRICT, CORNELISON, and the Debtor to
proceed to final disposition in state District Court and the
County Court at Law; and, which includes the following findings:

1) The lease agreement between the NAVIGATION DISTRICT and the debtor was terminated by the NAVIGATION DISTRICT before the debtor filed this bankruptcy case, and therefore, the debtor lacks an interest in the property which the subject of the lease agreement, and further the trustee may not assume said lease agreement, as there is nothing assume; accordingly, the section 362 stay should be terminated as to the property which the subject of said lease agreement;

2) Both the state district court action styled and numbered Offshore Entertainment Corp. v. Port Isabel - San Benito Navigation District Cause No. 2002-06-2362-G, pending in the 404th Judicial District Court of Cameron County, Texas, and the county court at law action styled and numbered Port Isabel - San Benito Navigation District v. Offshore Entertainment Corp., County Court Cause No. 2003-CCL-23-B, pending in the County Court at Law Number Two of Cameron County, Texas, were initiated by the Debtor, and accordingly, the stay provisions of section 362 of the Bankruptcy Code do not apply to stay these proceedings;

3) The NAVIGATION DISTRICT and CORNELISON have otherwise shown good cause for modifying the section 362 stay, and said stay should be modified to allow the NAVIGATION DISTRICT, CORNELISON and the Debtor to proceed, to final disposition, with the litigation in the state district court action styled and numbered Offshore Entertainment Corp. v. Bob Cornelison, et al., District Cause No. 2002-06-2362-G, pending in the 404th Judicial District Court of Cameron County, Texas, and the county court at law action styled and numbered Port Isabel - San Benito Navigation District v. Offshore Entertainment Corp., County

Court Cause No. 2003-CCL-23-B, pending in the County Court at Law Number Two of Cameron County, Texas.

Finally, the NAVIGATION DISTRICT and CORNELISON also pray for any additional and further relief to which they may be entitled, at law or in equity.

SIGNED this 17th day of April, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
Federal I.D. No. 5953
RENE B. GONZALEZ
State Bar. No. 08131380
Federal I.D. No. 8649

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been sent to the persons indicated below by U.S. Mail, postage prepaid, or as otherwise indicated, and in accordance with the Federal Rules of Civil Procedure, on this the 17th day of April, 2003.

Mr. Baldemar Cano, Jr.          **BY CMRRR#: 7002 0860 0004 8101 7284**
Attorney at Law
217 South Cage
Pharr, Texas 78577
COUNSEL FOR OFFSHORE ENTERTAINMENT CORP.

_____
RICARDO J. NAVARRO
RENE GONZALEZ

**U.S. TRUSTEES:**

United States Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, TX 78476

**LANDLORD:**

Mr. Bob Cornelison
Port Isabel - San Benito
Navigation District
250 Industrial Drive
Port Isabel, Texas 78578

**SECURED CREDITORS:**
**20 LARGEST UNSECURED:**

Card Services
Houston, Texas

Dan Warner
Dallas, Texas

Port Isabel - San Benito Navigation District's
Motion for Relief from Automatic Stay Provisions          Page 18

UNITED STATES BANKRUPTCY COURT for the SOUTHERN DISTRICT OF TEXAS

OFFSHORE ENTERTAINMENT CORP. Debtor. §

PORT ISABEL – SAN BENITO §
NAVAGATION DISTRICT AND, §    Bankruptcy Case Number
BOB CORNELISON §

Movant. §    03-10400-B-11

versus §
§
OFFSHORE ENTERTAINMENT CORP. Respondent. §
§

## NOTICE OF HEARING ON RELIEF FROM STAY

On     April 18, 2003                    , a motion was filed, seeking relief from the automatic stay of 11 U.S.C. § 362. The Court has set the preliminary hearing on the motion for:

Date: —     May 21, 2003                NO DOCKET CALL WILL BE HELD PRIOR TO HEARING DATE. FAX
                                         THE CASE MANAGER @ (361) 888-3481 OR E-MAIL TO
Time: —     9:00 a.m.                    CMA417@www.TXS.USCOURTS.GOV BY 1:00 P.M. ON MAY 14, 2003.
                                         FAILURE TO MAKE TELEPHONIC ANNOUNCEMENT MAY RESULT IN
                                         THIS MATTER NOT BEING HEARD!

Location:
         U. S. Court, Bentsen Tower, 1701 W. Business Hwy. 83, McAllen, TX 78501.

         Calendared N/A

If you object to the lifting of the stay, no later than five (5) working days before the hearing you must:

1. File with the Clerk an affidavit stating that:

    a. You have conferred with the movant in a good faith effort to reach an agreement, with the dates and times of the conferences.
    b. The efforts were unsuccessful, and
    c. A hearing is required.

2. File with the Clerk your written answer opposing the motion; include:

    a. The particular grounds for the opposition under Federal Rules 8(b) and 11;
    b. The identity of your interest in the property;
    c. The provable value of the property and the equity after deduction of all encumbrances; and
    d. Attach copies of your affidavit of conferences and the motion to your answer.

3. Serve a copy of your written answer on the movant at:
         DENTON NAVARRO ROCHA & BERNAL
         BANK OF AMERICA BUILDING
         222 EAST VAN BUREN STE 405
         HARLINGEN TX 78550

Your written answer will be your request for hearing. No hearing will be held on the request of the movant or on an answer received within five days before the hearing.

**RECEIVED**

APR 21 2003

RAMPAGE - RGV

MICHAEL N. MILBY, Clerk

Date Issued:     April 18, 2003            By: _____
                                                Deputy Clerk

**EXHIBIT " C "**

To the Movant: A copy of this notice with a copy of your motion must be served within 24 hours of receipt from the Clerk. A proof of service form is attached.

LOCAL FORM NO. 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| OFFSHORE ENTERTAINMENT CORP. | § | BKCY CASE NO. 03-10400-B-13 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

---

| | | |
|---|---|---|
| OFFSHORE ENTERTAINMENT CORP. | § | |
| Plaintiff | § | |
| VS. | § | ADVERSARY NO. B-03-083 |
| | § | |
| PORT ISABEL - SAN BENITO | § | |
| NAVIGATION DISTRICT | § | JURY TRIAL DEMANDED |
| Defendant | § | |

---

ORDER ON DEFENDANT NAVIGATION DISTRICT'S
MOTION TO STRIKE REMOVAL FOR VIOLATION OF AUTOMATIC STAY

---

On this day the Court considered the Motion to Strike or otherwise render null and void, Plaintiff's removal of this Adversary Proceeding from a state district court.

After consideration of the Motion, including attachments, and any response thereto, the Court finds that the Defendant's Motion has merit and should be GRANTED.

It is therefore ORDERED that this Adversary Proceeding, being in procedural violation of the applicable Rules, should be, and hereby is, rendered null and void, and is hereby stricken from the record. The pending state court proceeding from which this removed action originated shall be restored, and any future removals, if any, shall be only in accordance with the dictates and timeliness of Fed. R. Bkcy Pro. 9027(2) and any other applicable Rules, including Local Bkcy Rule 9027. SO ORDERED.

SIGNED on the _____ day of _____, 2003.

_____
HON. ANDREW S. HANEN
U.S. DISTRICT JUDGE